**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **BARBARA J. LUEDERS,** individually and on behalf of a class of similarly situated persons,<br><br>        Plaintiff,<br><br>    v.<br><br>**3M COMPANY,** a Delaware corporation,<br><br>        Defendant. | FILED: APRIL 29, 2008<br>08CV2457          LI<br>No. JUDGE  ANDERSEN<br>MAGISTRATE JUDGE ASHMAN<br>**(Removed from the Circuit Court of Cook County, Chancery Division, Case No. 07-CH-36038)** |

## DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT

PLEASE TAKE NOTICE that Defendant 3M COMPANY ("3M" or "Defendant") hereby removes the below-referenced action, pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446, from the Circuit Court of the State of Illinois for Cook County, to the United States District Court for the Northern District of Illinois based on the following.

1.      On December 7, 2007,  Plaintiff Barbara J. Lueders ("Plaintiff") filed a Class Action Complaint, individually and on behalf of a class of similarly situated persons, against 3M in the Circuit Court of the State of Illinois for Cook County, Chancery Division, entitled *Barbara J. Lueders v. 3M Company*, Case No. 07 CH 36038 (the "Complaint").  A copy of the Summons and Complaint as served on 3M, along with CT Corporation's Service of Process Transmittal, are attached as Exhibit A.[1]

2.      On April 23, 2008, the Summons and Complaint were served on CT Corporation System, in Chicago, Illinois, 3M's agent for service of process.

---

[1] Plaintiff also filed a Motion for Class Certification on the same date.  A copy of Plaintiff's Motion for Class Certification is attached as Exhibit B.

**Timeliness of Removal**

3.    Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within thirty (30) days from the date which the Summons and Complaint were served. *See Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 356 (1999) (Service of the Complaint and Summons are the removal-triggering events); *Lott v. Pfizer, Inc.*, 492 F.3d 789, 792 (7th Cir. 2007).

**CAFA Grants Original and Removal Jurisdiction Over Plaintiff's Claims**

4.    A defendant may remove a civil action from state court if it is one over which a district court has original jurisdiction. *Lott v. Pfizer, Inc.*, 492 F.3d 789, 792 (7th Cir. 2007).

5.    The Class Action Fairness Act, 28 U.S.C. § 1332(d), ("CAFA") gives federal district courts original jurisdiction over civil class action lawsuits filed under federal or state law in which: (1) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs; and (2) any member of a class of plaintiffs is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2).

6.    As further demonstrated below, this Court has jurisdiction over this case under CAFA, and this case may be removed by 3M pursuant to the provisions of 28 U.S.C. § 1441(a), in that it is a civil action wherein: (1) the proposed class contains at least 100 members; (2) the primary defendants are not states, state officials or other governmental entities; (3) there is diversity between at least one class member and at least one defendant; and (4) the total amount in controversy exceeds $5,000,000. *See also, Lott v. Pfizer, Inc.*, 492 F.3d 789, 791 (7th Cir. 2007); *Hart v. FedEx Ground Package System, Inc.*, 457 F.3d 675, 677 (7th Cir. 2006); *Kaufman v. Am. Express Travel Related Servs. Co.*, 2008 U.S. Dist. LEXIS 18129, *6 (N.D. Ill. 2008).

7.    In the Complaint, Plaintiff alleges causes of action against 3M on behalf of herself

and a class of about 300 similarly situated persons for alleged violations under the Illinois Minimum Wage Law, 820 ILCS § 105/12(a), ("IMWL") and the Illinois Wage Payment and Collection Act, 820 ILCS § 115/14, ("IWPCA").  (Complaint ¶¶ 4, 33, 40, and 51).  As such, this action is properly considered a class action under CAFA.

8.      No exceptions to CAFA's jurisdiction are applicable.

### Over 100 Class Members

9.      Based on Plaintiff's Complaint, she seeks to represent a class of approximately 300 persons.  (Complaint ¶¶ 4, 33).  As such, the proposed class satisfies the 100 member threshold of CAFA.

### 3M Is A Non-Governmental Entity

10.     3M, the only defendant named in this suit, is a corporation organized under the laws of Delaware with its corporate headquarters in St. Paul, Minnesota.  (Complaint ¶ 4).  Thus, none of the primary defendants are states, state officials or other governmental entities and CAFA is satisfied.

### Diversity of Citizenship

11.     The parties are diverse for purposes of CAFA.

12.     Plaintiff is a citizen of the State of Illinois.  (Complaint ¶ 6).

13.     3M is organized under the laws of Delaware, and has its principal place of business in Minnesota (Complaint ¶ 4), and therefore, is a citizen of either Delaware or Minnesota.

14.     As such, Plaintiff is a citizen of a state different from 3M and diversity under CAFA is satisfied.

### Amount in Controversy

15. For purposes of determining the amount in controversy in class actions, CAFA expressly requires that "the claims of the individual members shall be aggregated." 28 U.S.C. § 1332(d)(6).

16. Plaintiff has not alleged a specific amount of damages. While 3M denies Plaintiff's claims of wrongdoing and denies her requests for relief thereon, based on the allegations in Plaintiff's Complaint, 3M in good faith estimates that the total amount of back wages, attorneys' fees, punitive damages, and injunctive relief sought exceeds the requisite $5,000,000 threshold under CAFA. (*See* Complaint ¶¶ 40, 51).

17. Where the complaint is silent as to the amount of damages and does not state that the class will seek an amount below the jurisdictional minimum, the removing party must provide a "good-faith estimate of the stakes" that is plausible and supported by a preponderance of the evidence. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006).

18. The amount in controversy is determined by evaluating the plaintiff's complaint and the record as a whole. *Schimmer v. Jaguar Cars, Inc.*, 384 F.3d 402, 404 (7th Cir. 2004) (citing *Uhl v. Thoroughbred Tech. & Telecomm'ns, Inc.*, 309 F.3d 978, 983 (7th Cir. 2002)).

19. To meet the amount-in-controversy requirement, the removing litigant must show a reasonable probability that the stakes exceed the minimum. *Home Depot, Inc. v. Rickher*, 2006 U.S. App. LEXIS 32391, *2-3 (7th Cir. May 22, 2006) (citing *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005)). The question is not what damages the plaintiff will recover, but what amount is in controversy between the parties. *Id.* at 3.

20. According to the Complaint, "Plaintiff seeks to represent a class of all former and current, non-exempt, hourly plant employees who worked at the Cordova 3M facility at any time between November of 2002 and continuing through the present, who are/were required to don

and doff uniforms and other [personal protective equipment] on 3M premises, and/or who are/were required to report to their workstations approximately 20 minutes prior to the official start of their shift, and who were not paid either their regular or overtime pay for engaging in these activities." (Complaint ¶ 29). Plaintiff also states in the Complaint that, at any given time, 3M typically employs, at its facility in Cordova, Illinois, in excess of 300 non-exempt, hourly employees. (Complaint ¶¶ 4, 33).

21.     Thus, according to her Complaint, Plaintiff seeks to represent some 300 persons over a period of more than five years, from November 2002 to present. Plaintiff alleges that at a minimum, she and putative class members were required to report to their work stations 20 minutes prior to the start of their shift. (Complaint ¶ 23). Plaintiff also alleges that she and the putative class were on the plant premises for an estimated additional 30 to 60 minutes which included time to change into uniforms and walk to work stations. (Complaint ¶¶ 43, 56). Lastly, the proposed class works anywhere from about 14 to 20 days per month. (Complaint ¶¶ 12-17). Taking Plaintiff's allegations as true, damages would be based on an average of 17 days worked per putative class member per month.

22.     Plaintiff seeks to recover at least an estimated additional 30 minutes (*see* Complaint ¶¶ 43, 56) for each of the 17 days worked on average per month – a total of 8.5 hours of alleged work per month for each class member. Based on the 300 class members alleged by Plaintiff, and using a class period of at least 64 months, from the beginning of the class period, in November 2002, to the present, Plaintiff seeks to recover wages for at least 163,200 hours.

23.     At the time of her termination, Barbara J. Lueders' hourly wage was $ 23.56. (Declaration of Todd Weber ¶ 7(a)). A copy of Todd Weber's Declaration is attached as Exhibit C. The base hourly rate of the Cordova facility employees during Plaintiff's proposed class

period is not less than $21.00. *Id.* at 7(b). Assuming the average hourly rate paid to the putative class is only $21.00/hour during the class period, at one-and-a-half times this hourly rate, Plaintiff seeks back wages of $5,140,800. *Id.* at 7(d). Thus, the amount in controversy is satisfied under CAFA solely based on the back wages sought by Plaintiff. Considering also Plaintiff's claims for attorneys' fees, punitive damages and injunctive relief, the CAFA jurisdictional amount is clearly met.

24.    Based on the foregoing, Plaintiff's claims exceed the $5 million jurisdictional limit of this Court, as required by CAFA, 28 U.S.C. § 1332(d).

25.    The preponderance of the evidence is that the amount sought by the facial allegations of Plaintiff's Complaint is greater than the jurisdictional amount of $5 million required by CAFA.

26.    As a result, although 3M denies Plaintiff's claims of wrongdoing and denies her requests for relief thereon, based upon the facial allegations in Plaintiff's Complaint and assuming, *arguendo*, Plaintiff could prove these allegations, the amount in controversy and monetary relief sought by Plaintiff and the other class members is in excess of $5 million, exclusive of interest and costs. Removal of this action under CAFA, thus, is appropriate.

**Federal Question Also Grants Original And Removal Jurisdiction Over Plaintiff's Claims**

27.    Plaintiff also asserts an individual cause of action under the Fair Labor Standards Act, 29 U.S.C. 213(a)(1), ("FLSA"). (Complaint ¶¶ 61 – 66). Thus, this Court has original jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. §§ 1331 and 1441.

28.    Removal to a district court is appropriate when a cause of action *arises under* federal law. *See* 28 U.S.C. §§ 1331, 1441(b); *see also Tifft v. Commonwealth Edison Co.*, 366 F.3d 513, 516 (7th Cir. 2004) (a court will look to the face of a properly pleaded complaint to see

if a federal question is present) (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386 (1987)).  This Court has federal question jurisdiction over Plaintiff's federal claim, and can assert jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a), because Plaintiff's Illinois claims arise out of the same "case or controversy" as her federal FLSA claim.

29.    By virtue of the provisions of 28 U.S.C. §1441(a), (b) and (c), this entire case is therefore one which may be removed to this Court.

## Notice Requirements

30.    Pursuant to 28 U.S.C. § 1446(d), true and correct copies of this Notice of Removal with all accompanying Exhibits will be promptly filed with the Clerk of the State court in which this action was originally filed, and also provided to Plaintiff's counsel of record.


Respectfully submitted,

3M COMPANY

By:    /s/  Stephanie Seay Kelly
                One of Its Attorneys


John A. Ybarra (#06196983)
Stephanie Seay Kelly (#06275880)
Veronica  Li (#6286719)
LITTLER MENDELSON
A Professional Corporation
200 N. LaSalle Street
Suite 2900
Chicago, IL  60601
312.372.5520

Dated: April 29, 2008

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that she served a copy of the foregoing *Defendant's Notice of Removal to Federal Court* to the following via facsimile, and U.S. Mail, postage prepaid, before the hour of 5:00 pm, on April 29, 2008:

### Via Facsimile (312) 861-3009

Robin B. Potter
ROBIN POTTER & ASSOCIATES, P.C.
111 East Wacker Drive
Suite 2660
Chicago, Illinois 60601

### Via Facsimile (630) 221-0706

Colleen McLaughlin
LAW OFFICES OF COLLEEN MCLAUGHLIN
1751 South Naperville Road
Suite 209
Wheaton, Illinois 60563

By:____s/Stephanie Seay Kelly_____
Stephanie Seay Kelly

Firmwide:85060030.1 026010.1001

```
08CV2457          LI
JUDGE ANDERSEN
MAGISTRATE JUDGE ASHMAN
```

# EXHIBIT A

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| SUMMONS | ALIAS - SUMMONS     CCG N001-10M-1-07-05 ( |

4/23/08
4:15pm

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, CHANCERY DIVISION

(Name all parties)

BARBARA J. LUEDERS, individually & on behalf of a class

v.

3M Company, a Delaware Corporation

No. 07 CH 36038

Serve defendant at
CT Corp., Registered Agent
208 S. LaSalle
Chicago, IL. 60604

### SUMMONS

To each Defendant:

    YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:                    Also served: Plaintiffs' Motion for Class Certificatio

☑ Richard J. Daley Center, 50 W. Washington, Room 8th Floor , Chicago, Illinois 60602

| | | |
|---|---|---|
| ☐ District 2 - Skokie<br>5600 Old Orchard Rd.<br>Skokie, IL 60077 | ☐ District 3 - Rolling Meadows<br>2121 Euclid<br>Rolling Meadows, IL 60008 | ☐ District 4 - Maywood<br>1500 Maybrook Ave.<br>Maywood, IL 60153 |
| ☐ District 5 - Bridgeview<br>10220 S. 76th Ave.<br>Bridgeview, IL 60455 | ☐ District 6 - Markham<br>16501 S. Kedzie Pkwy.<br>Markham, IL 60426 | ☐ Child Support<br>28 North Clark St., Room 200<br>Chicago, Illinois 60602 |

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

    This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 23522

Name: Robin Potter, Esq.

Atty. for: Barbara J. Lueders

Address: 111 E. Wacker Drive - Suite 2600

City/State/Zip: Chicago, IL 60601

Telephone: (312) 861-1800

Service by Facsimile Transmission will be accepted at: _____

WITNESS,

APR 2 3 2008

DOROTHY BROWN
CLERK OF CIRCUIT COURT

Date of service: _____,
(To be inserted by officer on copy left with defendant
or other person)

_____
(Area Code)  (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

RECEIVED
RECEIVED
DEC 7 2007
ROBIN POTTER &
ASSOCIATES, P.C.
ROBIN POTTER &
ASSOCIATES, P.C.

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION**

BARBARA J. LUEDERS, individually and on )
behalf of a class of similarly situated persons, )
                   )
        Plaintiff, )
                   )
     vs. )
                   )
3M COMPANY, a Delaware corporation, )
                   )
        Defendant. )

**U 7 C H 3 6 0 3 8**

Case No.

JURY DEMAND

COPY

## CLASS ACTION COMPLAINT FOR AN
## ACCOUNTING, INJUNCTIVE RELIEF AND RECOVERY OF WAGES

Plaintiff, BARBARA LUEDERS, individually and on behalf of a class of similarly

situated persons, by their attorneys, the LAW OFFICES OF COLLEEN M. MCLAUGHLIN and

ROBIN POTTER AND ASSOCIATES, P.C., and pursuant to 735 ILCS 5/2-801 *et seq.* Class

Actions; 820 ILCS 115/1 *et seq.*, the Wage Payment and Collection Act; 820 ILCS 105/1 *et seq.*,

the Illinois Minimum Wage Act; 29 U.S.C. §201 *et seq.* the Fair Labor Standards Act; and 20

U.S.C. §251 *et seq.*, the Portal to Portal Act, complains of Defendant 3M COMPANY ("3M") as

follows:

### JURISDICTION AND VENUE

1.     Defendant has violated and continues to violate the Illinois Minimum Wage Law

("IMWL"), 820 ILCS §105/1 *et seq.* and the Illinois Wage Payment and Collection Act

("IWPCA"), 820 ILCS §115/1 *et seq.* by refusing and failing to pay Plaintiff and other similarly

situated employees wages for all hours worked including overtime wages. In addition, Defendant

has violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.*, and the Portal to

Portal Act, 29 U.S.C. §251 *et seq.*, by refusing and failing to pay Plaintiff at least minimum wage

for all hours worked and overtime wages at the rate of one and one-half times her regular hourly rate for all hours worked over 40 in a week.

2.    This Court has jurisdiction over these claims under the IMWL, 820 ILCS §105/12(a), the IWPCA, 820 ILCS §115/11 and the FLSA, 29 U.S.C. §203(d).

3.    Venue is proper in this Court because 3M does business in Cook County, Illinois and its registered agent is located in Cook County, Illinois.

## PARTIES

4.    3M is a Delaware corporation, headquartered in St. Paul, Minnesota, and is involved in the research, manufacture and marketing of a great variety of products, including adhesives, magnetic tape, photographic products, medical, dental and office products. Its plant located in Cordova, Illinois produces specialty adhesives. On information and belief, Defendant 3M typically employs, at its facility in Cordova, Illinois, in excess of 300 non-exempt, hourly employees.

5.    Defendant 3M is an "employer" within the meaning of the IMWL, 820 ILCS §105/3, the IWPCA, 820 ILCS 115/2, the FLSA, 29 U.S.C. §203(d) and the Portal to Portal Act, 29 U.S.C. §262(a).

6.    Plaintiff Lueders resides in Thomson, Illinois.  Plaintiff Lueders has consented to being a party plaintiff in this action.  Plaintiff worked as a full-time, non-exempt, hourly employee at the 3M Cordova facility from January 29, 1990 to May 24, 2007. During the course of her employment, Lueders worked as a Chemical Processor in various units and buildings throughout the Cordova facility.

7.    At all relevant times, Plaintiff and the class, as defined below, have been covered "employees" within the meaning of the IMWL, 820 ILCS § 105/3(d), the IWPCA, 820 ILCS 115/2, the FLSA, 29 U.S.C. §203(e)(1) and the Portal to Portal Act, 29 U.S.C. §262(a).

8.    The acts complained of herein have occurred at all times from at least November 2002, and continuing through the present.

## FACTS COMMON TO ALL COUNTS

9.    The 3M Cordova facility occupies over 700 acres and is comprised of several factories in over a dozen buildings. Employees work around and directly with flammable liquids and chemicals. The Cordova facility operates around the clock, 7 days a week.

10.    The Cordova plant consists of two groups, Production and Plant Engineering. Production includes Chemical and Oxide Processors, Material Handlers, Finished Good Handlers, Environmental Material Handlers, and Yard Keepers. Plant Engineering includes Mechanical, Electrical, Utilities, Servicepersons, Apprentices and Helpers.

11.    Employees all carry identification badges and are required to swipe in and out at the guard gate to gain access to or leave the facility. Thus, the exact time an employee arrives at and departs the facility is recorded.

12.    3M plant employees work one of three types of schedules. First, there is the "day shift," which consists of one 8-hour shift. Shift "start" time is normally at 0700 and shift "end" time is normally at 1500.

13.    The second type of shift is referred to by 3M as "Three-Shift Operation," which consists of three 8-hour shifts. The first shift normally "starts" at 0700 or 0800.

14.    The third type of shift is referred to by 3M as the "4-Crew, 12 Hour Shift Operation," which consists of two 12-hour shifts that "begin" with the start of an employee's regularly scheduled shift.  Day shift (code 1) is from 0600-1800 and night shift (code 3) is from 1800 - 0600.

15.    3M's policy manual states that employees on a straight 8-hour work schedule will be paid "time and one-half for work in excess of 8 hours in any day for which overtime has not been paid on some other basis." Employees working an 8-hour shift are also entitled to a paid 20-minute lunch period and two paid 10-minute rest periods.

16.    3M's policy manual states that employees working a 12-hour rotation work schedule will be paid "time and one-half for work in excess of 40 hours per workweek for which overtime has not been paid on some other basis." Employees working a 12-hour shift are entitled to two 30-minute paid meal periods and up to 30 additional minutes of paid rest breaks. In addition, employees will be paid two times their regular base pay for all consecutive hours worked over 12.

17.    Employees are paid every 2 weeks. Employees assigned to the 12-Hour Shift Operation schedule will generally work 36 hours one week and 48 hours the next week.

18.    3M's policy manual also states that "paid absences such as vacations and holidays shall be considered time worked for the purpose of determining overtime payment."

19.    The vast majority of Production and Plant Engineering employees are required by 3M as well as the nature of their work to wear flame resistant uniforms and other personal protective equipment ("PPE") such as eye protection, hard hats, ear plugs and steel-toed ESD rated safety shoes. Uniforms, eye protection, hard hats, ear plugs and steel-toed, shock resistant safety shoes

are donned and doffed at 3M. At the end of shift, employees are instructed to shower before

changing into their street clothes.

20.    In addition to being required to change into and out of their uniforms and other PPE on

the premises, most production employees are also required to report to their work stations, in

work clothing attire, 20 minutes prior to the official start of their shift so that they can relieve

their counterpart on the prior shift.

21.    3M's employee manual instructs employees as follows:

> *Making Proper Shift Change*
> The work requirement is for everyone to make a proper shift change. This
> involves communication at the "work station." The responsibility is to the
> unit, the product, and to the person being relieved. Shift change at the
> workstation provides both employees an opportunity to discuss the process
> and the processes being monitored for safety and quality issues. Shift
> changes that occur out of the work area are not acceptable.

22.    The pre and post shift activities described herein are integral and indispensable activities

that are performed for the benefit of the employer. These activities are performed daily and

regularly and the time involved is not *de minimis*. The Plaintiff and the class are entitled to be

paid for all time engaged in these activities..

23.    Although it is the employer's burden to keep accurate employee time records under 29

U.S.C. §211(c); 820 ILCS §105/8, 3M requires its employees to keep their own time records for

payroll purposes. Employees are instructed to record only their total time to be paid for any given

shift, which is less than the time that they actually worked. Employees are not allowed to record

the exact times they start and end their work day or the exact times they leave their work station

or return to their work stations for meal breaks. For example, an employee would typically record

only "8 hours" or "12 hours" for any given date worked. In actuality, that employee may have

worked as much as 8 ½ to 9 hours, depending on how long it took them to change into their

uniform and walk to their work station in order to arrive and start work 20 minutes prior to the

official start of their shift and to change out of their uniforms and back into street clothes at the

end of their shift. Supervisors are responsible for checking the employee's recorded total time for

any given shift. Only the employee and his/her supervisor are authorized to record an individual

employee's time.

24.     Employees are not paid at either their regular or applicable overtime rate for the time it

takes to don their uniforms and other PPE.

25.     Employees are not paid for the time it takes to walk from the locker room to their work

stations prior to the start of their shift.

26.     Employees are not paid at either their regular or applicable overtime rate for reporting to

their work stations 20 minutes prior to the official start of their shifts.

27.     Although most of the time, employees are relieved from duty prior to the official end of

shift, employees do not always complete the tasks of walking to the locker room, showering, and

changing into street clothes prior to the official end of their shift. Thus, employees are not paid

for all the time required to perform these tasks.

28.     Defendant, 3M, was aware of its obligation to pay employees for all hours worked and to

pay overtime and intentionally chose not to pay Plaintiff and the class. Defendant acted in bad

faith in failing to compensate Plaintiff and the class for all work performed.

## CLASS ALLEGATIONS – IMWL and IWPCA

29.     Plaintiff seeks to represent a class of all former and current, non-exempt, hourly plant

employees who worked at the Cordova 3M facility at any time between November of 2002 and.

continuing through the present, who are/were required to don and doff uniforms and other PPE

on 3M premises, and/or who are/were required to report to their workstations approximately 20

minutes prior to the official start of their shift, and who were not paid either their regular or

overtime pay for engaging in these activities.

30.    The Plaintiff and the members of the class have a commonality of interest in the subject

matter (Defendant's common company wide personnel policies) and the remedy sought (payment

by Defendant of all unpaid wages at their applicable regular or overtime rate and penalties as

allowed by law).

31.    There are several predominate questions of fact common to Plaintiff and the class,

including (1) the fact that Plaintiff and the class are all non-exempt employees who worked in

similar manufacturing-related positions for 3M; (2) the fact that Plaintiff and the class were/are

all compensated on an hourly basis; (3) the fact that Plaintiff and the class were/are all subject to

the same wage and hour policies and procedures including hours paid at the employee's overtime

rate; (4) the fact that Plaintiff and the class were/are all required to record their total time on the

same computerized system; (5) the fact that Plaintiff and the class were/are subject to the same

polices and procedures concerning work related activities such as the time they were expected to

report to their work stations, and the requirement to don and doff their Personal Protection

Equipment, including uniforms, on 3M premises; and (6) the fact that Plaintiff and the class

were/are all compensated by the same payroll department, on the basis of common time records,

payroll policies, documents and computer systems.

32.    In addition, there are questions of law common to Plaintiff and the class, including but

not limited to:  (1) whether donning and doffing uniforms and walking to and from work stations

and locker rooms is compensable "work" time; (2) whether the Defendant's failure to pay

Plaintiff and the class wages at all for certain hours worked violated the IMWL and the IWPCA;

(3) whether the Defendants' failure to pay Plaintiff and the class overtime at the statutory rate of

one and one-half their regular hourly rate for all hours worked over forty in a one-week period

violated Illinois law; and (4) whether the Defendants' failure to pay Plaintiff and the class

overtime at their promised rate of pay for all hours worked over 8 or 12 hours in a day violated

Illinois law.

33.     The class is sufficiently numerous to make joinder impracticable. On information and

belief, at any given time, the Defendant employs over 300 non-exempt, hourly employees who

have engaged in the compensable pre and post shift activities described herein and have not been

paid for same. This factor alone makes joinder impracticable.

34.     Plaintiff's claims are typical of the claims of the class.  Plaintiff individually suffered and

was damaged by all violations enumerated above and complained of herein. Plaintiff's claims are

typical of those of the proposed class in all material respects.

35.     Plaintiff is able to fairly and adequately represent and protect the interests of the class as

whole. Plaintiff has willingly undertaken and is able to prosecute these claims on behalf of

herself and all similarly-situated persons.

36.     This is not a collusive or friendly action.  Plaintiff has retained counsel experienced in

wage and hour and in class action litigation.

37.     A class action is superior to other available means for the fair and efficient adjudication

of the controversy alleged in this Complaint.  Class action treatment will permit a large number

of similarly situated persons to prosecute their common claims in a single forum simultaneously,

efficiently, and without the unnecessary duplication of effort and expense that numerous individual action would engender. Furthermore, as the damages suffered by each individual member of the class may be relatively small, the expenses and burden of individual litigation would make it difficult or impossible for individual members of the class to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action. The cost to the court system of adjudication of such individualized litigation would be substantial. Individualized litigation would also present the potential for inconsistent or contradictory judgments. If individual actions were required to be brought by each of the members of the Plaintiff Class injured or affected, it would necessarily result in a multiplicity of lawsuits, creating a hardship to the individual plaintiff and to the court, as well as to the defendant. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this controversy and distribution of the common fund to which the class is entitled.

38.    Plaintiff and the class meet all the requirements for class certification.

## COUNT I
## ILLINOIS MINIMUM WAGE LAW

39.    Plaintiff realleges and restates paragraphs 1-38, as if fully set forth herein.

40.    Plaintiff seeks to recover from Defendant, for herself and the members of the class, wages for unpaid hours worked, overtime, punitive damages, attorneys' fees and costs pursuant to Section 12(a) of the IMWL, 820 ILCS §105/12(a).

41.    Defendant is required to pay its non-exempt employees overtime at a rate of not less than one and one-half times their regular hourly rate for all hours worked in excess of 40 in one week.

820 ILCS §105/4(A)(1). Defendant is required to pay its non exempt employees no less than minimum wage for all hours worked. 820 ILCS §105/4(a).

42.      At all relevant times, Plaintiff and the class of similarly situated employees were entitled to be paid overtime for hours worked in excess of forty hours per week. Plaintiff and the class were entitled to be paid at least minimum wage for all regular hours worked.

43.      At all relevant times, Defendant refused and/or failed to pay Plaintiff and other similarly situated employees for all hours worked and for overtime at time and one half, as follows:

      a)  Plaintiff and the class are required to don uniforms and other PPE prior to reporting to their work stations. Defendant does not pay its employees for the time it takes to don their uniforms and other PPE and to walk from their locker rooms to their work stations.

      b)  Plaintiff and the class are required to report to their work stations approximately 20 minutes prior to the start of their shifts. Defendant does not pay its employees for reporting to their work stations early.

      c)  Plaintiff and the class are required to doff their uniforms and don street clothes prior to leaving the facility. On information and belief, Defendant does not always pay for its employees to doff their uniforms and change into street clothes.

44.      Defendant has promised to pay its employees who are assigned to an 8-hour shift at a rate of one and a half times their regular rate of pay for all hours worked over 8 in any day.

45.      Defendant has promised to pay its employees at a rate of two times their regular rate of pay for all consecutive hours worked over 12 in any day.

46.      Defendant has failed to pay Plaintiff and the class their promised overtime wage or the

statutory overtime wage required by the IMWL for hours worked over 40 in a workweek.

47.     In addition to underpaying Plaintiff and the class as described above, Defendant has failed

to pay Plaintiff and the class at all, at either their promised wage rate or minimum wage rate, for

certain hours they worked.

48.     Plaintiff and all similarly situated employees have been damaged by Defendant's

violations of the IMWL, outlined above, in an amount not presently ascertainable.

49.     Defendant knew, or should have known, of the IMWL requirement to pay employees

minimum wage for all hours worked and overtime for all hours over 40 worked in a week and

that the activities described herein are "work" for which employees must be compensated.

Defendant's violations of the IMWL were willful.

### **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, and the class she represents, asks the court:

A.     To order Defendant to make an accounting of all the hours worked and wages

        paid to the Plaintiff and to each and every class member she represents

        commencing at least in November 2004 through and to the present;

B.     For a judgment for all back wages due, as provided by the Illinois Minimum

        Wage Law, 820 ILCS 105/1 *et seq*;

C.     For prejudgment interest on the back wages in accordance with 815 ILCS 205/2

        and punitive damages under The Illinois Minimum Wage Law, 820 ILCS

        105/12a;

D.     For reasonable attorney's fees and costs of this action as provided by the Illinois

        Minimum Wage Law, 820 ILCS 105/1 *et seq*;

E.    To enter an injunction requiring Defendant to comply with the Illinois Minimum

Wage Act in the future; and

F.    For such other and further relief as the Court may deem just and equitable.

## COUNT II
## ILLINOIS WAGE PAYMENT AND COLLECTION ACT

50.    Plaintiff realleges and restates paragraphs 1-38, as if fully set forth herein.

51.    Plaintiff seeks to recover from Defendant, for herself and the members of the class, wages

for unpaid hours worked, at the rate of pay promised by Defendant, attorneys' fees and costs

pursuant to Section 14 of the IWPCA, 820 ILCS 115/14 and the Illinois Attorneys Fees In Wage

Actions Act, 705 ILCS 225/1.

52.    Defendant is required to pay its non-exempt employees "wages" in the amount agreed to

between the parties. 820 ILCS 115/2.

53.    At hire and continuing thereafter, Defendant promised to pay its employees who are

assigned to an 8-hour shift at a rate of one and a half times their regular rate of pay for all hours

worked over 8 in any day.

54.    At hire and continuing thereafter, Defendant promised to pay its employees at a rate of

two times their regular rate of pay for all consecutive hours worked over 12 in any day.

55.    At all relevant times, Defendant agreed to pay Plaintiff and the class of similarly situated

employees for all hours worked, at their promised rates, including promised overtime rates, and

Defendant had the ability to pay said wages.

56.    At all relevant times, Defendant refused and/or failed to pay Plaintiff and other similarly

situated employees for all hours worked as follows:

a. Plaintiff and the class are required to don uniforms and other PPE prior to reporting to their work stations. Defendant does not pay its employees for the time it takes to don their uniforms and other PPE and to walk from their locker rooms to their work stations.

b. Plaintiff and the class are required to report to their work stations approximately 20 minutes prior to the start of their shifts. Defendant does not pay its employees for reporting to their work stations early.

c. Plaintiff and the class are required to doff their uniforms and don street clothes prior to leaving the facility. On information and belief, Defendant does not always pay for its employees to doff their uniforms and change into street clothes.

57.     Defendant was required to pay Plaintiff and the class members the overtime and regular wages described above, in each and every pay period. 820 ILCS 115/3.

58.     Plaintiff and all similarly situated employees have been damaged by Defendant's violation of the IWPCA, outlined above, in an amount not presently ascertainable.

59.     Defendant knew, or should have known, of the IWPCA requirement to pay employees the agreed to wage for all hours worked and that the activities described herein are "work" for which employees must be compensated. Defendant's violations of the IWPCA were willful.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and the class she represents ask the court:

A.     To order Defendant to make an accounting of all the hours worked and wages paid to the Plaintiff and to each and every class member they represent commencing at least in November 2002 through and to the present;

B.     To enter judgment in favor of the Plaintiff and the class she represents, and against the Defendant for the back wages due, plus prejudgment interest.

C.     To award reasonable attorney's fees and costs of this action as provided by the Illinois Attorneys Fees In Wage Actions Act, 705 ILCS 225/1.

D.     To enter an injunction requiring Defendant to comply with the Illinois Wage Payment and Collection Act in the future; and,

E.     For such other and further relief as may be just in law and in equity.

## COUNT III
## FAIR LABOR STANDARDS ACT

60.     Plaintiff realleges and restates paragraphs 1-28, as if fully set forth herein.

61.     Pursuant to the FLSA, 29 U.S.C. §201 *et seq.* and the Portal to Portal Act, 29 U.S.C. §251 *et. seq.*, Plaintiff, Barbara Lueders, is entitled to compensation at a rate of at least the minimum wage for all hours worked and at a rate not less than one and one-half her regular rate of pay for all hours worked in excess of forty (40) in any week during the two (2) years preceding the filing of this Complaint.

62.     At all relevant times, Defendant refused and/or failed to pay Plaintiff minimum wage for all hours worked and overtime at time and one half for certain hours worked, as follows:

a.     Plaintiff was required to don her uniform and other PPE prior to reporting to her work station. Defendant did not pay Plaintiff for the time it takes to don her uniform and other PPE and to walk from her locker room to her work station.

b.     Plaintiff was required to report to her work station approximately 20 minutes prior to the start of her shift. Defendant did not pay Plaintiff for reporting to her work station early.

c.    Plaintiff was required to doff her uniform, shower, and don street clothes prior to leaving the facility. Defendant does not always pay Plaintiff to doff her uniform and change into street clothes.

63.    The aforementioned failure to pay minimum wages and overtime by Defendant violates the minimum wage and overtime provisions of the FLSA 29 U.S.C. §213 (a)(1).

64.    Plaintiff has been damaged by Defendant's violation of the FLSA in an amount not presently ascertainable.

WHEREFORE, Plaintiff prays that this Court enter judgment as follows:

A.    For the full amount of wages due for all hours worked, including overtime compensation, and an equal amount in liquidated damages, plus pre-judgment interest for the 2 years preceding the filing of this Complaint;

B.    For reasonable attorney's fess and costs; and

C.    For such other and further relief as this Court deems necessary and just.

## COUNT IV
## WILFUL VIOLATION OF THE FLSA

65.    Plaintiff realleges and restates paragraphs 60-64, as if fully set forth herein.

66.    Defendant knew or should have known of the FLSA and Portal to Portal Act requirements to pay employees minimum wage for all hours worked and overtime for all hours over 40 worked in a week. The aforementioned failure to pay minimum wages and overtime by Defendant was willful, entitling Plaintiff to compensation at a rate of not less than one and one-half times her regular rate of pay for all hours worked in excess of 40 in any given week during the three (3) years preceding the filing of this Complaint.

WHEREFORE, Plaintiff prays that this Court enter judgment as follows:

A.      For the full amount of wages due for all hours worked, including overtime

compensation, and an equal amount in liquidated damages, plus pre-judgment

interest for the three years preceding the filing of this Complaint;

B.      For reasonable attorney's fess and costs; and

C.      For such other and further relief as this Court deems necessary just.


                                        Respectfully submitted,


                                        One of Plaintiff's Attorneys


                        A JURY OF 12 PERSONS IS DEMANDED.


Robin B. Potter, Esq. (No. 23522)              Colleen McLaughlin
ROBIN POTTER & ASSOCIATES, P.C.                LAW OFFICES OF
111 E. Wacker Dr.                              COLLEEN McLAUGHLIN
Suite 2600                                     1751 S. Naperville Rd. Ste 209
Chicago, Illinois  60601                       Wheaton, IL 60187
(312) 861-1800                                 (630) 221-0305
Cook County # 23522                            Cook County #52492

08CV2457          LI
JUDGE ANDERSEN
MAGISTRATE JUDGE ASHMAN

# EXHIBIT B

RECEIVED

DEC 7 2007

ROBIN POTTER &
ASSOCIATES, P.C.

COPY

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

BARBARA J. LUEDERS, individually            )
and on behalf of a class of similarly       )
situated persons,                           )
                                            )     Case No.
            Plaintiff,                       )
                                            )
    vs.                                      )
                                            )
3M COMPANY, a Delaware corporation,         )
                                            )
            Defendant.                       )

**07CH36038**

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

NOW COME the plaintiff, Barbara J. Lueders, and on behalf of herself and all

others similarly situated, pursuant to 735 ILCS 5/2-801, and moves the court to certify

this suit as a class action under the Illinois Minimum Wage Law, 820 ILCS § 105/1 et

seq., (IMWL) and the Illinois Wage Payment and Collection Act, 820 ILCS § 115/3

(IWPCA), to recover back wages and overtime wages. The class action procedure is

appropriate in cases brought under the IMWL and IWPCA for wages due. Wenthold v.

AT&T Technologies, Inc., 142 Ill.App.3d 612 (1st Dist. 1986).

### I.    Class Definition

Plaintiff seeks to represent a class defined as follows: all former and current, non-

exempt, hourly employees who work(ed) at the Cordova Illinois 3M plant at any time

between November 2002 and continuing through the present, who are/were required to

don and doff uniforms and other personal protective equipment on 3M premises, and/or

who are/were required to report to their workstations approximately 20 minutes prior to

the official start of their shift, and who were not paid either their regular or promised

overtime pay for engaging in these activities.

## II.    Temporality of the Class

The statute of limitations for filing a wage claim under the IMWL is three years. 820 ILCS § 105/12(a).  The statute of limitations for filing a claim under the IWPCA is five years.  820 ILCS § 115/3.  This suit is timely filed as to all members of the class.

## III.    This Lawsuit Meets the Statutory Criteria for Class Actions

This lawsuit meets each of the statutory requirements for maintenance of this lawsuit as a class action.  The Illinois Code of Civil Procedure provides in relevant part:

> An action may be maintained as a class action in any court of this State and a party may sue or be sued as a representative party of the class only if the court finds:
>
> (1)    The class is so numerous that joinder of all members is impracticable.
>
> (2)    There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members.
>
> (3)    The representative parties will fairly and adequately protect the interest of the class.
>
> (4)    The class action is an appropriate method for the fair and efficient adjudication of the controversy.

735 ILCS 5/2-801.  As detailed below, plaintiff can establish that each of these criteria i met in this lawsuit.

### A.    Numerosity

The number of similar situated persons who fit the class definition is estimated to be at least 300.  This factor alone makes joinder impracticable.

### B.    Common Questions of Fact or Law

There are questions of fact common to plaintiff and the class and these questions

predominate over any question that may exist with respect to the individual plaintiff.
Common questions of fact include, but are not limited to the following: (1) the fact that
plaintiff and the class were/are all non-exempt employees who worked in similar
manufacturing-related positions for defendant; (2) the fact that plaintiff and the class
were/are all compensated on an hourly basis; (3) the fact that plaintiff and the class, as
hourly employees, were/are all subject to the same wage and hour policies; (4) the fact
that plaintiff and the class, as hourly employees, were/are all required to record their total
time on the same computerized system; and, (5) the fact that plaintiff and the class
were/are all compensated by the same payroll department, on the basis of common time
records, payroll policies, documents and computer systems.

In addition, there are questions of law common to plaintiffs and the class,
including but not limited to the following:  (1) whether donning and doffing uniforms and
walking to and from work stations and locker rooms is compensable "work" time; (2)
whether defendant's failure to pay plaintiff and the class wages for certain hours worked
violated the IMWL and the IWPCA; (3) whether defendant's failure to pay plaintiff and
the class at the statutory rate of one and one-half their regular hourly rate for all hours
worked over forty in a one-week period violated Illinois law; and (4) whether the
defendant's failure to pay plaintiff and the class overtime at their promised rate of pay for
all hours worked over 8 or 12 in a day violated Illinois law.

C.    **Typicality**

Plaintiffs' claims are typical of the claims of the absent class members. Plaintiff
and the class she seeks to represent are non exempt "employees" within the meaning of
the IMWL, 820 ILCS §§105/3(d), 105/4(a).  Plaintiff and the class are "employees"

within the meaning of the IWPCA, 820 ILCS 115/2. Plaintiff and the class are compensated on an hourly basis.. Plaintiff individually suffered and was damaged by all violations complained of, and her claims are typical of other hourly employees in all material respects.

### D.    Adequacy of Representation

Plaintiff, by virtue of the fact that she personally was damaged by the acts complained of herein, has a vested interest in obtaining her unpaid wages and overtime. Plaintiff has knowingly and willingly undertaken and is able to prosecute these claims on behalf of herself and all similarly-situated persons. Plaintiff will fairly and adequately represent the interests of the class. Plaintiff is an adequate class representative.

In addition, Plaintiffs' attorneys, the LAW OFFICES OF COLLEEN M. MCLAUGHLIN and the ROBIN POTTER & ASSOCIATES, P. C. will also fairly and adequately protect the interests of the class. Plaintiffs' attorneys are highly experienced and recognized attorneys in employment law and have been designated as class counsel in other wage and hour class actions in the state and federal courts. See, e.g., Berry v. NW, et al., Case No. 98 CH 12167 (Cook County, Ill.) (overtime class action); Bell, et al. v. United Parcel Service, Inc., 94 CH 1658 (Cook County, Ill., Judge Hett) (overtime class action); Guillebeaux v. Riteway Construction Services, Case No. 99 C 1043 (N.D. Ill., Judge Hibbler) (overtime class action); Johnson, et al. v. Chicago Housing Authority et al., 94 C 7692 (N.D. Ill., Judge Plunkett) (overtime class action). In addition, Ms. Potter has handled individual and opt-in "overtime cases" under the Fair Labor Standards Act, 29 U.S.C. 216(b), including the above, and also the following: Stallings v. City of Chicago, Case No. 03 C 8977 (N.D. Illinois, FLSA overtime case); Muecki v. A-

Reliable, et al., Case No. 01 C 2361 (N.D. Ill.) (J. Kennelly) (Class action -FLSA

overtime case and ruling refusing to compel mandatory arbitration of FLSA claims);

Pauley v. A-Reliable, et al., Case No. 01 C 2359 (overtime and retaliatory discharge

case). Plaintiffs' attorneys have the ability and the resources to manage this lawsuit.

### IV.    Appropriateness of Class Action Method

A class action is superior to other available means for the fair and efficient

adjudication of the controversy alleged in this Complaint. Class action treatment will

permit a large number of similarly situated persons to prosecute their common claims in a

single forum simultaneously, efficiently, and without the unnecessary duplication of

effort and expense that numerous individual action would engender. Furthermore, as the

damages suffered by each individual member of the class may be relatively small, the

expenses and burden of individual litigation would make it difficult or impossible for

individual members of the class to redress the wrongs done to them, while an important

public interest will be served by addressing the matter as a class action. The cost to the

court system of adjudication of such individualized litigation would be substantial.

Individualized litigation would also present the potential for inconsistent or contradictory

judgments. If individual actions were required to be brought by each of the members of

the Plaintiff Class injured or affected, it would necessarily result in a multiplicity of

lawsuits, creating a hardship to the individual plaintiff and to the court, as well as to the

defendant. Accordingly, a class action is an appropriate method for the fair and efficient

adjudication of this controversy and distribution of the common fund to which the class is

entitled. Moreover, the Appellate Court of Illinois has recognized that wage and overtime

cases are amenable to class treatment.

## V.   Conclusion

For all of the foregoing reasons, plaintiff respectfully requests that the Court issue

an order of class certification and authorize the sending of notice to each of the class

members. Plaintiffs also request that the Court order defendant to provide plaintiffs with

the names and addresses of the class members so that notice may promptly issue.

Respectfully submitted,

One of Plaintiffs' Attorneys

Robin B. Potter, Esq.
ROBIN POTTER & ASSOCIATES, P.C.
111 E. Wacker Dr.
Suite 2600
Chicago, Illinois  60601
(312) 861-1800
Cook County # 23522

Colleen McLaughlin, Esq.
Elissa J. Hobfoll
LAW OFFICES OF COLLEEN M. MCLAUGHLIN
1751 South Naperville Road
Suite 209
Wheaton, Illinois  60563
(630) 221-0305
Cook County # 52492

08CV2457          LI
JUDGE ANDERSEN
MAGISTRATE JUDGE ASHMAN

# EXHIBIT C

## DECLARATION OF TODD WEBER

I, TODD WEBER, declare as follows:

1.      I am employed by 3M Company as a Human Resources Manager, in Cordova, Illinois.  In that capacity, I am familiar with the employment and payroll practices and policies at 3M Company's ("3M") Cordova, Illinois plant.  As a result, I am familiar with these practices and policies, including those for Ms. Barbara Lueders and all other hourly employees of 3M's Cordova plant during the time period covered by the putative class claims in Plaintiff's Complaint.  (Approximately November, 2002 to the present).

2.      I have personal knowledge of the forgoing or knowledge based upon corporate records which are within my custody and control, among others.  I am informed and believe that the corporate records are maintained and at all times relevant to this case were maintained in the regular course of business.  If called and sworn as a witness, I could and would competently testify thereto.

3.      3M's corporate and executive offices are located in St. Paul, Minnesota.  However, the primary administrative functions for 3M's Cordova plant – including Human Resources – are performed in Cordova, Illinois.

4.      I am informed and believe that, on January 29, 1990, Ms. Lueders was hired to work at the Cordova plant as a Chemical Operator.  Ms. Lueders continued to work from January 29, 1990 to May 24, 2007, when she was terminated by the Company.

5.      I am informed and believe that Ms. Lueders has filed a Complaint against 3M in which she seeks, among other things, payment for overtime and/or regular pay for time spent donning and doffing uniforms and other Personal Protective Equipment and performing shift relief.  I am informed and believe that Ms. Lueders has filed her Complaint on behalf of herself

and a class of other similarly situated former and current hourly employees of 3M's Cordova plant.

6.    I am informed and believe that 3M generally and specifically has denied all of Ms. Lueders' claims of wrongdoing. Nevertheless, for the purposes of assessing the amount of monetary relief sought by the claims as alleged in her Complaint, I have reviewed 3M's corporate records during the putative class period (November, 2002 to present) and determined that, during the purported class period, there were approximately 300 hourly employees of 3M at the Cordova plant at various and particular times during the five-year period after November, 2002.

7.    Based upon a review of 3M's records pertaining to Ms. Lueders and other hourly employees working at the Cordova plant during the five-year period covered by Ms. Lueders' Complaint, I determined the following:

   a.  At the time of her termination, Barbara Lueders' hourly wage was $ 23.56.

   b.  The average hourly rate of the Cordova facility employees during Plaintiff's proposed class period was not less than $21.00.

   c.  Using the allegations of the Complaint, based on the 300 class members alleged by Plaintiff, and using a class period of at least 64 months (from November 2002 to present), Plaintiff seeks to recover wages for at least 163,200 hours.

   d.  The amount that would have been paid to Barbara Lueders and the other employees, which she seeks by way of her lawsuit, at one-and-a-half times this hourly rate, for a possible class of 300, for at least 163,200 hours totals approximately $5,140,800.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Executed by:

Todd Weber

Date:  April 29, 2008

Firmwide:85006505.1 026010.1001