**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BARBARA J. LUEDERS, individually and on behalf of a class of similarly situated persons, | ) ) ) | |
| | ) | Case No. 08-cv-2457 |
| Plaintiff, | ) | |
| | ) | Judge Wayne R. Anderson |
| v. | ) | |
| | ) | |
| 3M COMPANY, a Delaware corporation, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S RESPONSE BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE TO THE CENTRAL DISTRICT OF ILLINOIS**

## I.      INTRODUCTION

Defendant, 3M Company ("3M") has asked this court's permission to transfer the instant matter to the Central District of Illinois.  In doing so, it has brought upon itself a duty and responsibility to substantiate a finding by this honorable court that the ***balance of relevant factors weighs heavily in favor of transfer***.  3M has not and cannot meet this burden.  As a result, the Defendant's Motion to Transfer must be denied.

## II.      STATEMENT OF FACTS

In December of 2007, Plaintiff, on behalf of a putative class of current and former 3M employees, (collectively referred to as "the class" or "plaintiffs") filed a class action lawsuit alleging 3M has violated and continues to violate the Illinois Minimum Wage Law ("IMWL"), 820 ILCS §105/1 *et seq*., the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS §115/1 *et seq.*, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.,* and the Portal to Portal Act, 29 U.S.C. §251 *et seq.* by refusing and failing to pay plaintiff and/or the putative class wages for all hours worked including overtime wages and failing to pay plaintiffs at least

minimum wage for all hours worked and overtime wages at the rate of one and one-half times her regular hourly rate for all hours worked over 40 in a week.  (Comp. at ¶2).  A complete copy of plaintiffs' Complaint is attached hereto as Exhibit A.  Plaintiff, and/or the putative class, worked as a full-time, non-exempt, hourly employee at the 3M Cordova facility.  (Comp. at ¶6). Plaintiff and the class complain of acts which occurred at all times from at least November 2002, and continuing through the present.  (Comp. at ¶ 8).

3M is a Delaware corporation, headquartered in St. Paul, Minnesota, and is involved in the research, manufacture and marketing of a great variety of products, including adhesives, magnetic tape, photographic products, medical, dental and office products. Its plant located in Cordova, Illinois produces specialty adhesives. (Comp.  ¶4 & Defendant's Motion to Transfer ("Def. Motion") at 2).  3M has manufacturing plant locations in Alabama, Arkansas, California, Illinois (the Cordova plant), Indiana, Iowa, Kentucky, Massachusetts, Michigan, Minnesota, Missouri, Nebraska, New Jersey, New York, North Carolina, Ohio, South Carolina, South Dakota, Texas and Wisconsin. http://solutions.3m.com/wps/portal/3M/en_US/our/company/information/US-locations/.

On information and belief[1], all Defendant's employment policies and practices, which have given rise to the instant litigation, derive from the 3M corporate offices in St. Paul Minnesota. The majority of these policies are delineated in 3M's Policy Manual. (Comp. at ¶¶15, 16, & 18). 3M requires plaintiffs to wear uniforms and other personal protective equipment which must be donned and doffed at the plant.  (Comp. at ¶¶19 & 20).  3M requires the class to report to their work stations, in uniform, 20 minutes prior to the official start of their shift so that they can relieve their counterpart on the prior shift. (Comp. at ¶¶20 &21).  At the end of shift, employees are instructed to shower before changing into their street clothes. (Comp. at ¶19).

---

[1] Defendant's Motion to Transfer has been filed prior to Defendant's Answer, Rule 26 disclosures, or discovery. Therefore, there is no established record in this case.

Employees all carry identification badges and are required to swipe in and out at the guard gate to gain access to or leave the facility. Thus, although not used for payroll purposes, the exact time an employee arrives at and departs the facility is recorded electronically. (Comp. at ¶11 & group Exhibit C). Instead of utilizing accurate time records, such as security badging records, 3M employees are instructed to record, for payroll purposes, only their total time to be paid for any given shift, which does not include time spent donning and doffing uniforms, walking to work stations, or reporting early for shift had off.. (Comp. at ¶¶19-27). Employee time records are transmitted electronically to 3M corporate to be converted to payroll records and paychecks. See sample paycheck stub attached hereto as Exhibit B.

Although some records may be maintained on premises at the 3M Cordova facility, all employment records, including, but not limited to, security badging records, time keeping records and payroll records are all maintained electronically at the 3M corporate headquarters. (Def.'s Motion at p.3 & redacted communication from 3M in-house counsel attached hereto as group Exhibit C).

### III.    LEGAL ANALYSIS

### A.    <u>Applicable Legal Standard for Transfer of Venue Under §1404(a).</u>

Transfer is appropriate under 28 U.S.C. §1404(a) where (1) venue is proper in the transferor court; (2) venue is proper in the transferee district; and (3) the transfer will serve the convenience of the parties as well as the interests of justice[2]. *Morton Grove Pharmaceuticals, Inc. v. Nat'l Pediculosis Assoc.,* 525 F. Supp.2d 1039, 1044 (N.D.Ill. 2007). In determining whether a forum is more convenient and whether transfer would be in the interest of justice, the court must consider the private interest of the parties and the public interest of the court. *Gulf Oil Corp. v.*

---

[2] Plaintiffs' do not dispute that venue is proper in both the Northern and Central Districts of Illinois. Therefore, Plaintiffs' will not address these issues herein, but rather focus on the issues pertaining to the Private and Public Interests associated with Defendant's Motion to Transfer.

*Gilbert,* 330 U.S. 501, 67 S.Ct. 839 (1947); and *Morton Grove Pharmaceuticals, Inc.,* 525

F.Supp.2d at 1044 (citing *N. Shore Gas Co. v. Salomon, Inc.* 896 F. Supp. 786, 791 (N.D.Ill.

1995).  Factors relevant to the parties' private concerns include (1) the plaintiff's choice of

forum; (2) situs of the material events; (3) relative ease of access to sources of proof; (4) the

convenience of the parties; and (5) the convenience of the witnesses. *Id.* (citing *Schwarz v. Nat'l*

*Van Lines, Inc.,* 317 F.Supp.2d 829, 835 (N.D.Ill.2004); *Coll. Craft Cos., Ltd. v. Perry,* 889

F.Supp. 1052, 1054 (N.D.Ill.1995)). The factors relevant to the public interest of the court

include the court's familiarity with the applicable law and concerns relating to the efficient

administration of justice.  *Id.* The **burden is on the moving party to demonstrate that the**

**balance of the factors weighs heavily in favor of transfer** and that transfer would not merely

shift inconvenience from one party to another. *Id.* (citing *Fink v. Declassis,* 738 F.Supp. 1195,

1198 (N.D.Ill.1990)) (emphasis added). See also, *Federal Deposit Ins. Corp. v. Citizens Bank &*

*Trust Co.,* 592 F.2d 364 (7th Cir. 1979)(transferee forum must be clearly more convenient);

*Hoskins v. Union Pacific R.R. Co.,* 365 Ill.App.3d 1021, 851 N.E.2d 646 (5th  Dist.

2006)(moving party must show that the chosen forum is inconvenient to the moving party and

the proposed forum is more convenient to all parties); and *Coffey v. Van Dorn Iron Works,* 796

F.2d 217, 220 (7th Cir.1986) (a transfer is appropriate if it would be "clearly more convenient").

"The statute is intended to place discretion in the district courts to adjudicate motions for transfer

according to an individualized, case-by-case consideration of convenience and fairness." *Stewart*

*Organization, Inc. v. Ricoh Corp.,* 487 U.S. 22, 23, 108 S.Ct. 2239 (1988).  Because the task of

weighing factors for and against transfer "necessarily involves a large degree of subtlety and

latitude" the decision to transfer is committed to the sound discretion of the trial judge. *Id.* at

219.

**B.**     **The "Private Interests" Favor a Denial of Transfer.**

Factors relevant to the parties' private concerns include (1) the plaintiff's choice of forum; (2) situs of the material events; (3) relative ease of access to sources of proof; (4) the convenience of the parties; and (5) the convenience of the witnesses.  *Morton Grove Pharmaceuticals, Inc.,* 525 F.Supp.2d at 1044.  Defendant cannot meet its burden as it relates to any of these private interest factors, therefore the court must deny its Motion to Transfer.

**i.**     **Plaintiff's choice of forum favors denial of transfer.**

A plaintiff's choice of forum is entitled to substantial weight under §1404(a). *Vandeveld v. Christoph,* 877 F.Supp. 1160, 1167 (N.D.Ill.1995). Plaintiff originally brought the instant matter in Chicago, Cook County, Illinois.  See generally Exhibit A.  Plaintiff's choice forum was within the Northern District of Illinois and therefore Defendant removed this case to its current forum.  (Def.'s motion at p.1, fn.1).    Thus, the fact that plaintiff has brought this action in the Northern District of Illinois weighs heavily against transfer.

In this case, the operative facts that gave rise to the instant cause of action occurred in Cordova, Illinois *and* St. Paul, Minnesota. (Comp. at ¶¶ 11-23, Exhibit B, & Exhibit C. While it may be that where the operative facts have little connection to the forum, the plaintiff's choice of forum is given less weight ((*see Heartland Packaging Corp. v. Sugar Foods Corp.,* 2007 WL 101815 *2 (S.D.Ind. Jan.9, 2007); *Barela v. Experian Information Solutions, Inc.,* 2005 WL 770629 *3 (N.D.Ill. April 4, 2005) (emphasis added).  (Also see further discussion in III(B)(ii) "Situs of Material Events" section below)), the trial court must give *some* weight to the plaintiffs' choice of forum.  *Gulf Oil Corp.,* 330 US. at 508.  Defendant's assertion that this factor requires the court to assign "virtually no weight" to plaintiffs' choice of forum is a misstatement of the law.  (Defendants Motion at 5).  Defendant's cite to *Digital Merchant Systems, Inc. v. Oglesby,* 1999 WL 1101769, *6 (N.D.Ill. 1999) in support of this position.

However, contrary to Defendant's articulation, *Digital Merchant* also tells us that, "Plaintiff's choice of forum…is given *less weight* when the events giving rise to the cause of action did not conclusively arise in the chosen forum." *Id*. (emphasis added)(internal citations omitted). The Supreme Court dictates that the plaintiff's choice of forum must be given at least some weight. *Gulf Oil Corp.,* 330 U.S. at 508. The plaintiffs have chosen the Northern District as their forum, some weight must be given to this choice and this fact favors denial of defendant's Motion to Transfer.

### ii.     Situs of material events

Plaintiffs allege that 3M subjected its employees to unlawful employment policies and practices by denying them regular and overtime wages for all hours worked. (Complaint at ¶1). Plaintiffs admit the situs of some of the material events took place at the Cordova facility, where the class of plaintiffs worked, in the Central District. However, a good deal of the material events also took place, on information and belief, in St. Paul Minnesota, home of the 3M corporate offices. Specifically, the employment policies and practices complained of, including, but not limited to those concerning uniforms, shift hand off, pay and time keeping. Furthermore, on information and belief, the act of converting time records to payroll, which effectively deprived employees of compensation for all hours worked, took place at the corporate headquarters. Exhibit B.

### iii.     The convenience of party witnesses is not the relevant consideration

Defendant spends almost four pages of its brief going on and on about how the convenience of party witnesses ostensibly warrants a transfer. (Defendant's brief at 7-10). However, "the convenience of party witnesses is less relevant than the convenience of non-party witnesses, since party witnesses normally must appear voluntarily." *Morton Grove Pharmaceuticals, Inc.,* 525 F.Supp.2d at 1045. (citing *First Nat'l Bank v. El Camino Res., Ltd.,*

447 F.Supp.2d 902, 913 (N.D.Ill.2006).  Furthermore, the courts ordinarily assume that the

parties will be sufficiently motivated to have their own partners or employees or other allies

appear for trial wherever it might take place. See, *e.g., FUL Inc. v. Unified Sch. Dist. No. 204,*

839 F.Supp. 1307, 1311 (N.D.Ill.1993), cited in *Greene Mfg. Co. v. Marquette Tool & Die Co.,*

1998 WL 395155, at \*3 (N.D.Ill. July 9, 1998).  Despite defendant's assertions, party witnesses

should not be the focus of this court's transfer considerations.

    In the instant matter the parties, and thus the witnesses, are the class of current and

former 3M employees and the corporate 3M entity, represented by management and corporate

representatives. Defendant admits, that with regard to corporate witnesses both forums are

appropriate. In its brief Defendant states that to the extent that "witnesses, documents, or

evidence is located at 3M headquarters in St. Paul, Minnesota," any potential burden is the same

whether the case is venued in the Northern or the Central District of Illinois.  (Defendant's

Motion at 3, fn.3). This admission is surprising in light of the fact that it is the moving party's

burden to show that a transfer is "*clearly more convenient." Coffey v.* 796 F.2d at 220(emphasis

added).  Obviously, defendant has not met its burden in this regard, further demonstrating why

transfer must be denied.

    In reality, the critical inquiry under this private interest consideration will concern the

availability of non-party witnesses, as it is the more important concern under § 1404(a). *Morton*

*Grove Pharmaceuticals, Inc.,* 525 F.Supp.2d at 1045, and *Worldwide Financial LLP v. Kopko*,

2004 WL 771219, \*3 (S.D.Ind.2004)(emphasis added).  However, where "neither party has

identified any third-party witnesses whose testimony will be necessary for the… case the

convenience of witnesses factor has no impact on the transfer analysis[.]"  *McCants v. C.H.*

*Robinson Worldwide, Inc.,* 2007 WL 1650103 (N.D.Ill. June 4, 2007).  At this extremely early

stage of litigation where no discovery has taken place and no record exists, it is difficult if not

impossible to assess exactly how many, if any, non-party witnesses will be called as a witness at trial. However, at this stage, on information and belief, only party witnesses will be necessary at trial. Thus, no non-party witnesses will be inconvenienced (because none currently exist) if the litigation is permitted to remain in the Northern District. This fact also favors a denial of defendant's Motion to Transfer.

     **iv.**    **The access to the sources of proof favors a denial of transfer.**

Courts also consider the "relative ease of access to sources of proof." *Morton Grove Pharmaceuticals, Inc.,* 525 F.Supp.2d at 1046. However, "[t]he location of a party's documents and records is usually not a very persuasive reason to transfer a case." *Event News Network, Inc. v. Thill,* 2005 WL 2978711, at *5 (N.D.Ill. Nov. 2, 2005). Where documentary evidence, is easy to transport, this factor has *no impact* on the analysis. *See Stanley v. Marion,* 2004 WL 1611074, at *3 (N.D.Ill. Jul.16, 2004) (emphasis added). Therefore, even if defendant could show that the proofs are more accessible in the Central District, that fact it would not necessitate a transfer there. In any event, the physical location of documents in this case is strictly an academic inquiry because this is a records case and the records in question are easily assessable in either forum[3].

Obviously, in wage claim litigation the operative evidence will be the company's timekeeping and payroll records. See *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 66 S.Ct. 1187 (1946). 3M has admitted that it has electronic data showing the time an employee spent in the Cordova plant, the number of hours an employee was paid per day, and the rate of pay. See group Exhibit C. It is plaintiffs' position that the sources of proof will rely heavily, if

---

[3]  The fact that this is a records case will necessarily limit the amount of witness testimony that may be needed because relevant evidence is contained in 3M's time and pay records. This is important because defendant asserts that it anticipates calling upon numerous management and plant employee witnesses from Cordova. It is plaintiffs' position that multiple witnesses will not be necessary in light of available records. Furthermore, these witnesses are party witnesses and therefore not a very key consideration (see section III(B)(iii) above).

not entirely, on 3M's electronically maintained badging, timekeeping and payroll records. Defendant's brief is misleading in that it contends that the records are only maintained in its Cordova Plant and that it will sustain a substantial burden in preparing and transporting large volumes of documents if this matter remains in the Northern District. (Def.'s Motion at 11).

In truth, it has been well established that all of these records, even if kept in Cordova, are also maintained electronically at 3M's corporate headquarters in St. Paul, Minnesota and easily readable, shared and transferred electronically. See group Exhibit C. Again, defendant has already admitted that to the extent that "witnesses, documents, or evidence is located at 3M headquarters in St. Paul, Minnesota," any potential burden is the same whether the case is venued in the Northern or the Central District of Illinois. (Defendant's Motion at 3, fn.3). Because access to the sources of proof is electronic, easily shared and transferable, access to proof will have no impact on this analysis as no party will be inconvenienced if the litigation is maintained in either forum. As such defendant has obviously not met its burden to show that the transferor district is "clearly more convenient."

In addition, where there will be a greater amount of written discovery materials located within the transferor district due to the need to compute damages, the factor will weigh slightly against transfer. *Morton Grove Pharmaceuticals, Inc.,* 525 F.Supp.2d at 1046. In the instant matter, parties will use 3M's records to compute the alleged amount of unpaid overtime wages. On information and belief, the respective party's counsel will oversee this computation of the damages. The offices of both parties counsel are located within the Northern District. (Chicago & Wheaton, Illinois). Therefore, this factor favors the denial of transfer to the Central District.

**C.      The "Public Interests of Justice" Favors a Denial of Transfer**

The Court must also consider the public interests in ruling upon Defendant's Motion for

Transfer. *Coll. Craft Cos., Ltd.,* 889 F.Supp. at 1056.  This inquiry mainly focuses on

administrative concerns rather than the merits of the underlying dispute. *See Coffey,* 796 F.2d at

221.  The factors relevant to the public interest of the court include the court's familiarity with

the applicable law and concerns relating to the efficient administration of justice. *Morton Grove*

*Pharmaceuticals, Inc.,* 525 F. Supp.2d at 1044-45.  Both of these factors weigh heavily in favor

of this court's denial of the Defendant's Motion to Transfer.

     **i.      The court's familiarity with the applicable law favors denial of transfer.**

Not surprisingly, Defendant does not address the issue of the Central District's familiarity

with the applicable law in its brief.  Likely, this is because the Northern District has significantly

more familiarity with the law relating to Fair Labor Standards Act (FLSA) than does the Central

District.  A simple PACER civil query of all cases filed under the FLSA reveals that, from May

1, 2007 through May 1, 2008, the only five (5) FLSA cases were filed in the Central District.

See Exhibit D.  During the exact same time period one hundred and eighty-one (181) FLSA

cases were filed in the Northern District. See Exhibit E.  Obviously, the substantial frequency of

FLSA filings in the Northern District demonstrates that the Northern District has decisively more

familiarity with the applicable law.  This fact clearly weighs in favor of denying the Defendant's

Motion to Transfer.

     **ii.      Efficient administration of justice favors denial of transfer.**

The Northern District is the more expeditious forum.  Plaintiffs agree with the defendant that

docket conditions are a relevant factor in determining the "interests of justice."  (Defendant's

Motion at 12) However, Defendant attempts to mislead the court with an inappropriate

application of the relevant statistics.  In reality, according to the statistics of the Administrative

Office of the United States Courts, the Northern District is the more efficient forum. See Exhibits F & G. While it may be true that the Northern District had more civil filings than the Central District in 2007, it does not follow that the Central District is more adept at moving cases through the litigation process. In fact, the statistics prove that the contrary is true.

In 2007, the Central District had three hundred twenty-one (321) pending cases per judgeship and the Northern District had three hundred eighty-two (382) pending cases per judgeship. *Id.* In the same year, the Northern District was able, on average, to move its civil cases from filing to disposition in approximately six (6) months, whereas the Central District took over nine (9) months. *Id.* Indeed, the Northern District has shown to be more efficient than the Central District for the past six (6) years in a row. *Id.* Even with the benefit of a "significantly smaller civil docket" (Defendant's Motion at 12), the Northern District has proven itself to provide more efficient administration of justice. This fact is yet another factor supporting this court's denial of the Defendant's Motion to transfer.

### iii. The nation has an interest in the resolution of the instant matter.

3M has manufacturing plant locations in Alabama, Arkansas, California, Illinois, Indiana, Iowa, Kentucky, Massachusetts, Michigan, Minnesota, Missouri, Nebraska, New Jersey, New York, North Carolina, Ohio, South Carolina, South Dakota, Texas and Wisconsin. http://solutions.3m.com/wps/portal/3M/en_US/our/company/information/US-locations/ . On information and belief, the employment policies and practices at all 3M plant locations come from the 3M corporate offices. As such, it is not only Cordova that has "locale" interest in this litigation. The Central District does not have any unique interest in the resolution of this case. This factor also weighs against granting defendant's Motion to Transfer.

## IV.     CONCLUSION

Not one of the elements relating to the private interest of the parties or the public interests of the courts, as articulated by defendant, shows that the Central District is *clearly more convenient*. Even defendant's arguments as a whole do not substantiate a finding that the relevant analysis *heavily favors* transfer. Defendant fails to meet its burden under §1404(a) time and time again. Therefore, the court must deny the defendant's Motion to Transfer.

Respectfully submitted,

/s/ Elissa J. Hobfoll_____
Elissa Hobfoll
Attorney for Plaintiff

Colleen M. McLaughlin
Elissa J. Hobfoll
The Law Offices of Colleen McLaughlin
1751 S Naperville Road
Suite 209
Wheaton, IL 60187
630-221-0305
Attorney No.: 0312746

Robin B. Potter, Esq.
ROBIN POTTER & ASSOCIATES, P.C.
111 E. Wacker Dr.
Suite 2600
Chicago, IL 60601
(312) 861-1800

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| BARBARA J. LUEDERS, individually and on behalf of a class of similarly situated persons, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 07CH36038 |
| vs. | ) ) | JURY DEMAND |
| 3M COMPANY, a Delaware corporation, | ) ) | |
| Defendant. | ) | |

## CLASS ACTION COMPLAINT FOR AN
## ACCOUNTING, INJUNCTIVE RELIEF AND RECOVERY OF WAGES

Plaintiff, BARBARA LUEDERS, individually and on behalf of a class of similarly

situated persons, by their attorneys, the LAW OFFICES OF COLLEEN M. MCLAUGHLIN and

ROBIN POTTER AND ASSOCIATES, P.C., and pursuant to 735 ILCS 5/2-801 *et seq.* Class

Actions; 820 ILCS 115/1 *et seq.*, the Wage Payment and Collection Act; 820 ILCS 105/1 *et seq.*,

the Illinois Minimum Wage Act; 29 U.S.C. §201 *et seq.* the Fair Labor Standards Act; and 20

U.S.C. §251 *et seq.*, the Portal to Portal Act, complains of Defendant 3M COMPANY ("3M") as

follows:

### JURISDICTION AND VENUE

1.    Defendant has violated and continues to violate the Illinois Minimum Wage Law

("IMWL"), 820 ILCS §105/1 *et seq.* and the Illinois Wage Payment and Collection Act

("IWPCA"), 820 ILCS §115/1 *et seq.* by refusing and failing to pay Plaintiff and other similarly

situated employees wages for all hours worked including overtime wages. In addition, Defendant

has violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.*, and the Portal to

Portal Act, 29 U.S.C. §251 *et seq.*, by refusing and failing to pay Plaintiff at least minimum wage

for all hours worked and overtime wages at the rate of one and one-half times her regular hourly rate for all hours worked over 40 in a week.

2.     This Court has jurisdiction over these claims under the IMWL, 820 ILCS §105/12(a), the IWPCA, 820 ILCS §115/11 and the FLSA, 29 U.S.C. §203(d).

3.     Venue is proper in this Court because 3M does business in Cook County, Illinois and its registered agent is located in Cook County, Illinois.

## PARTIES

4.     3M is a Delaware corporation, headquartered in St. Paul, Minnesota, and is involved in the research, manufacture and marketing of a great variety of products, including adhesives, magnetic tape, photographic products, medical, dental and office products. Its plant located in Cordova, Illinois produces specialty adhesives. On information and belief, Defendant 3M typically employs, at its facility in Cordova, Illinois, in excess of 300 non-exempt, hourly employees.

5.     Defendant 3M is an "employer" within the meaning of the IMWL, 820 ILCS §105/3, the IWPCA, 820 ILCS 115/2, the FLSA, 29 U.S.C. §203(d) and the Portal to Portal Act, 29 U.S.C. §262(a).

6.     Plaintiff Lueders resides in Thomson, Illinois.  Plaintiff Lueders has consented to being a party plaintiff in this action.  Plaintiff worked as a full-time, non-exempt, hourly employee at the 3M Cordova facility from January 29, 1990 to May 24, 2007. During the course of her employment, Lueders worked as a Chemical Processor in various units and buildings throughout the Cordova facility.

7.      At all relevant times, Plaintiff and the class, as defined below, have been covered "employees" within the meaning of the IMWL, 820 ILCS § 105/3(d), the IWPCA, 820 ILCS 115/2, the FLSA, 29 U.S.C. §203(e)(1) and the Portal to Portal Act, 29 U.S.C. §262(a).

8.      The acts complained of herein have occurred at all times from at least November 2002, and continuing through the present.

## FACTS COMMON TO ALL COUNTS

9.      The 3M Cordova facility occupies over 700 acres and is comprised of several factories in over a dozen buildings. Employees work around and directly with flammable liquids and chemicals. The Cordova facility operates around the clock, 7 days a week.

10.     The Cordova plant consists of two groups, Production and Plant Engineering. Production includes Chemical and Oxide Processors, Material Handlers, Finished Good Handlers, Environmental Material Handlers, and Yard Keepers. Plant Engineering includes Mechanical, Electrical, Utilities, Servicepersons, Apprentices and Helpers.

11.     Employees all carry identification badges and are required to swipe in and out at the guard gate to gain access to or leave the facility. Thus, the exact time an employee arrives at and departs the facility is recorded.

12.     3M plant employees work one of three types of schedules. First, there is the "day shift," which consists of one 8-hour shift. Shift "start" time is normally at 0700 and shift "end" time is normally at 1500.

13.     The second type of shift is referred to by 3M as "Three-Shift Operation," which consists of three 8-hour shifts. The first shift normally "starts" at 0700 or 0800.

14.    The third type of shift is referred to by 3M as the "4-Crew, 12 Hour Shift Operation," which consists of two 12-hour shifts that "begin" with the start of an employee's regularly scheduled shift.  Day shift (code 1) is from 0600-1800 and night shift (code 3) is from 1800 - 0600.

15.    3M's policy manual states that employees on a straight 8-hour work schedule will be paid "time and one-half for work in excess of 8 hours in any day for which overtime has not been paid on some other basis." Employees working an 8-hour shift are also entitled to a paid 20-minute lunch period and two paid 10-minute rest periods.

16.    3M's policy manual states that employees working a 12-hour rotation work schedule will be paid "time and one-half for work in excess of 40 hours per workweek for which overtime has not been paid on some other basis." Employees working a 12-hour shift are entitled to two 30-minute paid meal periods and up to 30 additional minutes of paid rest breaks. In addition, employees will be paid two times their regular base pay for all consecutive hours worked over 12.

17.    Employees are paid every 2 weeks. Employees assigned to the 12-Hour Shift Operation schedule will generally work 36 hours one week and 48 hours the next week.

18.    3M's policy manual also states that "paid absences such as vacations and holidays shall be considered time worked for the purpose of determining overtime payment."

19.    The vast majority of Production and Plant Engineering employees are required by 3M as well as the nature of their work to wear flame resistant uniforms and other personal protective equipment ("PPE") such as eye protection, hard hats, ear plugs and steel-toed ESD rated safety shoes. Uniforms, eye protection, hard hats, ear plugs and steel-toed, shock resistant safety shoes

are donned and doffed at 3M. At the end of shift, employees are instructed to shower before

changing into their street clothes.

20.    In addition to being required to change into and out of their uniforms and other PPE on

the premises, most production employees are also required to report to their work stations, in

work clothing attire, 20 minutes prior to the official start of their shift so that they can relieve

their counterpart on the prior shift.

21.    3M's employee manual instructs employees as follows:

> **Making Proper Shift Change**
> The work requirement is for everyone to make a proper shift change. This
> involves communication at the "work station." The responsibility is to the
> unit, the product, and to the person being relieved. Shift change at the
> workstation provides both employees an opportunity to discuss the process
> and the processes being monitored for safety and quality issues. Shift
> changes that occur out of the work area are not acceptable.

22.    The pre and post shift activities described herein are integral and indispensable activities

that are performed for the benefit of the employer. These activities are performed daily and

regularly and the time involved is not *de minimis*. The Plaintiff and the class are entitled to be

paid for all time engaged in these activities.

23.    Although it is the employer's burden to keep accurate employee time records under 29

U.S.C. §211(c); 820 ILCS §105/8, 3M requires its employees to keep their own time records for

payroll purposes. Employees are instructed to record only their total time to be paid for any given

shift, which is less than the time that they actually worked. Employees are not allowed to record

the exact times they start and end their work day or the exact times they leave their work station

or return to their work stations for meal breaks. For example, an employee would typically record

only "8 hours" or "12 hours" for any given date worked. In actuality, that employee may have

worked as much as 8 ½ to 9 hours, depending on how long it took them to change into their

uniform and walk to their work station in order to arrive and start work 20 minutes prior to the

official start of their shift and to change out of their uniforms and back into street clothes at the

end of their shift. Supervisors are responsible for checking the employee's recorded total time for

any given shift. Only the employee and his/her supervisor are authorized to record an individual

employee's time.

24.     Employees are not paid at either their regular or applicable overtime rate for the time it

takes to don their uniforms and other PPE.

25.     Employees are not paid for the time it takes to walk from the locker room to their work

stations prior to the start of their shift.

26.     Employees are not paid at either their regular or applicable overtime rate for reporting to

their work stations 20 minutes prior to the official start of their shifts.

27.     Although most of the time, employees are relieved from duty prior to the official end of

shift, employees do not always complete the tasks of walking to the locker room, showering, and

changing into street clothes prior to the official end of their shift. Thus, employees are not paid

for all the time required to perform these tasks.

28.     Defendant, 3M, was aware of its obligation to pay employees for all hours worked and to

pay overtime and intentionally chose not to pay Plaintiff and the class. Defendant acted in bad

faith in failing to compensate Plaintiff and the class for all work performed.

## CLASS ALLEGATIONS – IMWL and IWPCA

29.     Plaintiff seeks to represent a class of all former and current, non-exempt, hourly plant

employees who worked at the Cordova 3M facility at any time between November of 2002 and

continuing through the present, who are/were required to don and doff uniforms and other PPE on 3M premises, and/or who are/were required to report to their workstations approximately 20 minutes prior to the official start of their shift, and who were not paid either their regular or overtime pay for engaging in these activities.

30.    The Plaintiff and the members of the class have a commonality of interest in the subject matter (Defendant's common company wide personnel policies) and the remedy sought (payment by Defendant of all unpaid wages at their applicable regular or overtime rate and penalties as allowed by law).

31.    There are several predominate questions of fact common to Plaintiff and the class, including (1) the fact that Plaintiff and the class are all non-exempt employees who worked in similar manufacturing-related positions for 3M; (2) the fact that Plaintiff and the class were/are all compensated on an hourly basis; (3) the fact that Plaintiff and the class were/are all subject to the same wage and hour policies and procedures including hours paid at the employee's overtime rate; (4) the fact that Plaintiff and the class were/are all required to record their total time on the same computerized system; (5) the fact that Plaintiff and the class were/are subject to the same polices and procedures concerning work related activities such as the time they were expected to report to their work stations, and the requirement to don and doff their Personal Protection Equipment, including uniforms, on 3M premises; and (6) the fact that Plaintiff and the class were/are all compensated by the same payroll department, on the basis of common time records, payroll policies, documents and computer systems.

32.    In addition, there are questions of law common to Plaintiff and the class, including but not limited to: (1) whether donning and doffing uniforms and walking to and from work stations

and locker rooms is compensable "work" time; (2) whether the Defendant's failure to pay

Plaintiff and the class wages at all for certain hours worked violated the IMWL and the IWPCA;

(3) whether the Defendants' failure to pay Plaintiff and the class overtime at the statutory rate of

one and one-half their regular hourly rate for all hours worked over forty in a one-week period

violated Illinois law; and (4) whether the Defendants' failure to pay Plaintiff and the class

overtime at their promised rate of pay for all hours worked over 8 or 12 hours in a day violated

Illinois law.

33.    The class is sufficiently numerous to make joinder impracticable. On information and

belief, at any given time, the Defendant employs over 300 non-exempt, hourly employees who

have engaged in the compensable pre and post shift activities described herein and have not been

paid for same. This factor alone makes joinder impracticable.

34.    Plaintiff's claims are typical of the claims of the class.  Plaintiff individually suffered and

was damaged by all violations enumerated above and complained of herein. Plaintiff's claims are

typical of those of the proposed class in all material respects.

35.    Plaintiff is able to fairly and adequately represent and protect the interests of the class as

whole. Plaintiff has willingly undertaken and is able to prosecute these claims on behalf of

herself and all similarly-situated persons.

36.    This is not a collusive or friendly action.  Plaintiff has retained counsel experienced in

wage and hour and in class action litigation.

37.    A class action is superior to other available means for the fair and efficient adjudication

of the controversy alleged in this Complaint.  Class action treatment will permit a large number

of similarly situated persons to prosecute their common claims in a single forum simultaneously,

efficiently, and without the unnecessary duplication of effort and expense that numerous individual action would engender. Furthermore, as the damages suffered by each individual member of the class may be relatively small, the expenses and burden of individual litigation would make it difficult or impossible for individual members of the class to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action. The cost to the court system of adjudication of such individualized litigation would be substantial. Individualized litigation would also present the potential for inconsistent or contradictory judgments. If individual actions were required to be brought by each of the members of the Plaintiff Class injured or affected, it would necessarily result in a multiplicity of lawsuits, creating a hardship to the individual plaintiff and to the court, as well as to the defendant. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this controversy and distribution of the common fund to which the class is entitled.

38.    Plaintiff and the class meet all the requirements for class certification.

## COUNT I
## ILLINOIS MINIMUM WAGE LAW

39.    Plaintiff realleges and restates paragraphs 1-38, as if fully set forth herein.

40.    Plaintiff seeks to recover from Defendant, for herself and the members of the class, wages for unpaid hours worked, overtime, punitive damages, attorneys' fees and costs pursuant to Section 12(a) of the IMWL, 820 ILCS §105/12(a).

41.    Defendant is required to pay its non-exempt employees overtime at a rate of not less than one and one-half times their regular hourly rate for all hours worked in excess of 40 in one week.

820 ILCS §105/4(A)(1). Defendant is required to pay its non exempt employees no less than minimum wage for all hours worked. 820 ILCS §105/4(a).

42.    At all relevant times, Plaintiff and the class of similarly situated employees were entitled to be paid overtime for hours worked in excess of forty hours per week. Plaintiff and the class were entitled to be paid at least minimum wage for all regular hours worked.

43.    At all relevant times, Defendant refused and/or failed to pay Plaintiff and other similarly situated employees for all hours worked and for overtime at time and one half, as follows:

> a)  Plaintiff and the class are required to don uniforms and other PPE prior to reporting to their work stations. Defendant does not pay its employees for the time it takes to don their uniforms and other PPE and to walk from their locker rooms to their work stations.
>
> b)  Plaintiff and the class are required to report to their work stations approximately 20 minutes prior to the start of their shifts. Defendant does not pay its employees for reporting to their work stations early.
>
> c)  Plaintiff and the class are required to doff their uniforms and don street clothes prior to leaving the facility. On information and belief, Defendant does not always pay for its employees to doff their uniforms and change into street clothes.

44.    Defendant has promised to pay its employees who are assigned to an 8-hour shift at a rate of one and a half times their regular rate of pay for all hours worked over 8 in any day.

45.    Defendant has promised to pay its employees at a rate of two times their regular rate of pay for all consecutive hours worked over 12 in any day.

46.    Defendant has failed to pay Plaintiff and the class their promised overtime wage or the

statutory overtime wage required by the IMWL for hours worked over 40 in a workweek.

47.    In addition to underpaying Plaintiff and the class as described above, Defendant has failed

to pay Plaintiff and the class at all, at either their promised wage rate or minimum wage rate, for

certain hours they worked.

48.    Plaintiff and all similarly situated employees have been damaged by Defendant's

violations of the IMWL, outlined above, in an amount not presently ascertainable.

49.    Defendant knew, or should have known, of the IMWL requirement to pay employees

minimum wage for all hours worked and overtime for all hours over 40 worked in a week and

that the activities described herein are "work" for which employees must be compensated.

Defendant's violations of the IMWL were willful.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, and the class she represents, asks the court:

A.    To order Defendant to make an accounting of all the hours worked and wages

paid to the Plaintiff and to each and every class member she represents

commencing at least in November 2004 through and to the present;

B.    For a judgment for all back wages due, as provided by the Illinois Minimum

Wage Law, 820 ILCS 105/1 *et seq*;

C.    For prejudgment interest on the back wages in accordance with 815 ILCS 205/2

and punitive damages under The Illinois Minimum Wage Law, 820 ILCS

105/12a;

D.    For reasonable attorney's fees and costs of this action as provided by the Illinois

Minimum Wage Law, 820 ILCS 105/1 *et seq*;

11

E.    To enter an injunction requiring Defendant to comply with the Illinois Minimum Wage Act in the future; and

F.    For such other and further relief as the Court may deem just and equitable.

## COUNT II
## ILLINOIS WAGE PAYMENT AND COLLECTION ACT

50.    Plaintiff realleges and restates paragraphs 1-38, as if fully set forth herein.

51.    Plaintiff seeks to recover from Defendant, for herself and the members of the class, wages for unpaid hours worked, at the rate of pay promised by Defendant, attorneys' fees and costs pursuant to Section 14 of the IWPCA, 820 ILCS 115/14 and the Illinois Attorneys Fees In Wage Actions Act, 705 ILCS 225/1.

52.    Defendant is required to pay its non-exempt employees "wages" in the amount agreed to between the parties. 820 ILCS 115/2.

53.    At hire and continuing thereafter, Defendant promised to pay its employees who are assigned to an 8-hour shift at a rate of one and a half times their regular rate of pay for all hours worked over 8 in any day.

54.    At hire and continuing thereafter, Defendant promised to pay its employees at a rate of two times their regular rate of pay for all consecutive hours worked over 12 in any day.

55.    At all relevant times, Defendant agreed to pay Plaintiff and the class of similarly situated employees for all hours worked, at their promised rates, including promised overtime rates, and Defendant had the ability to pay said wages.

56.    At all relevant times, Defendant refused and/or failed to pay Plaintiff and other similarly situated employees for all hours worked as follows:

a.  Plaintiff and the class are required to don uniforms and other PPE prior to reporting to their work stations. Defendant does not pay its employees for the time it takes to don their uniforms and other PPE and to walk from their locker rooms to their work stations.

b.  Plaintiff and the class are required to report to their work stations approximately 20 minutes prior to the start of their shifts. Defendant does not pay its employees for reporting to their work stations early.

c.  Plaintiff and the class are required to doff their uniforms and don street clothes prior to leaving the facility. On information and belief, Defendant does not always pay for its employees to doff their uniforms and change into street clothes.

57.    Defendant was required to pay Plaintiff and the class members the overtime and regular wages described above, in each and every pay period. 820 ILCS 115/3.

58.    Plaintiff and all similarly situated employees have been damaged by Defendant's violation of the IWPCA, outlined above, in an amount not presently ascertainable.

59.    Defendant knew, or should have known, of the IWPCA requirement to pay employees the agreed to wage for all hours worked and that the activities described herein are "work" for which employees must be compensated. Defendant's violations of the IWPCA were willful.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the class she represents ask the court:

A.    To order Defendant to make an accounting of all the hours worked and wages paid to the Plaintiff and to each and every class member they represent commencing at least in November 2002 through and to the present;

B.      To enter judgment in favor of the Plaintiff and the class she represents, and

against the Defendant for the back wages due, plus prejudgment interest.

C.      To award reasonable attorney's fees and costs of this action as provided by the

Illinois Attorneys Fees In Wage Actions Act, 705 ILCS 225/1.

D.      To enter an injunction requiring Defendant to comply with the Illinois Wage

Payment and Collection Act in the future; and,

E.      For such other and further relief as may be just in law and in equity.

## COUNT III
## FAIR LABOR STANDARDS ACT

60.     Plaintiff realleges and restates paragraphs 1-28, as if fully set forth herein.

61.     Pursuant to the FLSA, 29 U.S.C. §201 *et seq.* and the Portal to Portal Act, 29 U.S.C.

§251 *et. seq.*, Plaintiff, Barbara Lueders, is entitled to compensation at a rate of at least the

minimum wage for all hours worked and at a rate not less than one and one-half her regular rate

of pay for all hours worked in excess of forty (40) in any week during the two (2) years preceding

the filing of this Complaint.

62.     At all relevant times, Defendant refused and/or failed to pay Plaintiff minimum wage for

all hours worked and overtime at time and one half for certain hours worked, as follows:

a.   Plaintiff was required to don her uniform and other PPE prior to reporting to her

work station. Defendant did not pay Plaintiff for the time it takes to don her

uniform and other PPE and to walk from her locker room to her work station.

b.   Plaintiff was required to report to her work station approximately 20 minutes prior

to the start of her shift. Defendant did not pay Plaintiff for reporting to her work

station early.

c.  Plaintiff was required to doff her uniform, shower, and don street clothes prior to leaving the facility. Defendant does not always pay Plaintiff to doff her uniform and change into street clothes.

63.  The aforementioned failure to pay minimum wages and overtime by Defendant violates the minimum wage and overtime provisions of the FLSA 29 U.S.C. §213 (a)(1).

64.  Plaintiff has been damaged by Defendant's violation of the FLSA in an amount not presently ascertainable.

WHEREFORE, Plaintiff prays that this Court enter judgment as follows:

A.  For the full amount of wages due for all hours worked, including overtime compensation, and an equal amount in liquidated damages, plus pre-judgment interest for the 2 years preceding the filing of this Complaint;

B.  For reasonable attorney's fess and costs; and

C.  For such other and further relief as this Court deems necessary and just.

## COUNT IV
## <u>WILFUL VIOLATION OF THE FLSA</u>

65.  Plaintiff realleges and restates paragraphs 60-64, as if fully set forth herein.

66.  Defendant knew or should have known of the FLSA and Portal to Portal Act requirements to pay employees minimum wage for all hours worked and overtime for all hours over 40 worked in a week. The aforementioned failure to pay minimum wages and overtime by Defendant was willful, entitling Plaintiff to compensation at a rate of not less than one and one-half times her regular rate of pay for all hours worked in excess of 40 in any given week during the three (3) years preceding the filing of this Complaint.

WHEREFORE, Plaintiff prays that this Court enter judgment as follows:

A.    For the full amount of wages due for all hours worked, including overtime

      compensation, and an equal amount in liquidated damages, plus pre-judgment

      interest for the three years preceding the filing of this Complaint;

B.    For reasonable attorney's fess and costs; and

C.    For such other and further relief as this Court deems necessary just.


                                    Respectfully submitted,


                                    _____
                                    One of Plaintiff's Attorneys,


                    A JURY OF 12 PERSONS IS DEMANDED.


Robin B. Potter, Esq. (No. 23522)          Colleen McLaughlin
ROBIN POTTER & ASSOCIATES, P.C.            LAW OFFICES OF
111 E. Wacker Dr.                          COLLEEN McLAUGHLIN
Suite 2600                                 1751 S. Naperville Rd. Ste 209
Chicago, Illinois 60601                    Wheaton, IL 60187
(312) 861-1800                             (630) 221-0305
Cook County # 23522                        Cook County #52492

JUN-05-2008 THU 02:20 PM WELLS FARGO          FAX NO. 1 815 772 7617          P. 02



3M General Offices
3M Center, Building 224-2W-15
St. Paul, Minnesota 55144-1000

**Deposit Advice Only**

Deposit Date 06-08-2007    Amt $********908.85

**Deposited to your account**

**NON NEGOTIABLE** **NON NEGOTIABLE** **NON NEGOTIABLE** **NON NEGOTIABLE**

**Non Negotiable**

B J Lueders

01277838    CORDOVA-3MUS-IL

sh F519

i J Lueders

EMPL#: 01277838    PAYMENT#: 5973557

| EARNINGS | | | | TAXES | | | TAX DATA | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | | | | FEDERAL |
| DESCRIPTION | HOURS | CURRENT $ | YTD $ | DESCRIPTION | CURRENT $ | YTD $ | MARITAL STATUS | S |
| FINAL VAC | 58.64 | 923.56 | 1381.56 | FED WITHHOLDING | 126.88 | 3527.39 | ALLOWANCES | 1 |
| Regular | | | 13476.32 | FED MEDICAR E/EE | 20.03 | 577.60 | ADDL AMOUNT | |
| OT 1T | | | 3039.24 | FED OASDI/EE | 85.65 | 1614.57 | | |
| O/T Prem.5 | | | 1519.62 | IL WITHHOLDING | 32.92 | 629.03 | | |
| Shift | | | 550.00 | | | | | |
| FINAL VAC | | | 1381.56 | | | | | |
| DT 2T | | | 786.80 | | | | | |
| OT Prem 2T | | | 786.80 | TOTAL | 265.48 | 5948.59 | | |
| | | | | | | | | IL STATE |
| NPA | | | 518.32 | BEFORE TAX DEDUCTIONS | | | MARITAL STATUS | S |
| HOL PERS | | | 848.16 | DESCRIPTION | CURRENT $ | YTD $ | ALLOWANCES | 1 |
| Reg Vac | | | 1531.40 | 401K a15% | 207.23 | 4151.04 | ADDL AMT | |
| Inc Plan | | | 716.53 | Medical | 0.00 | 279.18 | ITEMIZED | |
| STD FH 100 | | | 282.72 | Dental | 0.00 | 76.12 | | |
| STD 100% | | | 565.44 | | | | | |
| Holiday | | | 753.92 | | | | BALANCE IN HOURS | |
| | | | | | | | VACATION | |
| | | | | | | | YEAR TO DATE | |
| | | | | TOTAL | 207.23 | 4506.34 | START BALANCE | 61.94 |
| | | | | | | | TAKEN | 123.64 |
| | | | | AFTER TAX DEDUCTIONS | | | EARNED | 61.70 |
| | | | | DESCRIPTION | CURRENT $ | YTD $ | END BALANCE | 0.00 |
| | | | | Un Way | 0.00 | 375.25 | | |
| | | | | Loan SP | 0.00 | 1186.00 | | |
| | | | | SP Loan | 0.00 | 2152.26 | REG & PERS HOLIDAYS | |
| | | | | AD&D Ins | 0.00 | 4.62 | | |
| | | | | GESPP a 7% | 0.00 | 1751.67 | TAKEN YTD | 68.00 |
| TOTAL | 58.64 | 1381.56 | 26596.83 | | | | | |

| TAXABLE GROSS | | | | | | | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| DESCRIPTION | MAXIMUM | CURRENT $ | YTD $ | | | | | |
| FEDERAL | | 1174.33 | 21890.49 | | | | | |
| OASDI | 97500.00 | 1381.56 | 26041.53 | TOTAL | 0.00 | 5469.28 | PAY BEGIN DATE | |
| MEDICARE | | 1381.56 | 26041.53 | | | | PAY END DATE | |
| | | | | **NET PAY** | | 908.85 | PAYMENT DATE | 06/08/2007 |

Deidre D. Rehfeld
Counsel

3M Legal Affairs
Office of General Counsel

P.O. Box 33428
St. Paul, MN 55133-3428 USA
Phone: (651) 733-1005
Fax: (651) 732-7000
Email: drehfeld@mmm.com

**3M**

February 26, 2008

**VIA E-MAIL (colleen@cmclaw.com; robinpotter@igc.org) & U.S. MAIL**

Colleen M. McLaughlin
Law Offices of Colleen M. McLaughlin
1751 S. Naperville Road
Suite 209
Wheaton, IL 60187

Robin Potter
Law Office of Robin Potter & Associates
111 E. Wacker Drive
Suite 2600
Chicago, IL 60601

Re:    **Barbara Lueders v. 3M Company**
       **Case No.: 07CH36038**

Dear Ms. McLaughlin & Ms. Potter:



February 26, 2008
Page 2



Ms. Lueders' badging security records, PHRIS timekeeping records and relevant payroll records. This information will be provided to you in a reasonably readable format, such as .tif files, .pdf files or Excel, depending on the data source.

February 26, 2008
Page 3



Sincerely,

Deidre D. Rehfeld

cc:    Ann Marie Hanrahan (via email)

## Colleen McLaughlin

**From:**    drehfeld@mmm.com
**Sent:**    Friday, February 01, 2008 11:11 AM
**To:**    Robin Potter - robinpotter@igc.org; Colleen McLaughlin
**Subject:** Follow up

Robin and Colleen-

I have confirmed that the payroll records and time badging records kept at our Cordova facility are in an Excel format.



Thanks.

Deidre D. Rehfeld
Counsel
3M Company
Bldg. 220-9E-02
St. Paul, MN 55144
Direct: 651.733.1005
Fax: 651.732.7000
drehfeld@mmm.com

## Colleen McLaughlin

**From:** drehfeld@mmm.com
**Sent:** Monday, March 10, 2008 7:49 AM
**To:** colleen@cmmclaw.com; robinpotter@igc.org
**Cc:** ahanrahan@mmm.com
**Subject:** Data

Colleen and Robin:

██████████████████████████████████████████████. I am busily reviewing and organizing the information that has been collected so that it can be presented to you in an easily readable format. ████████████████████████████████
██████████████████████████████████████████████████████

Thanks.

Deidre

Deidre D. Rehfeld
Counsel
3M Company
Bldg. 220-9E-02
St. Paul, MN 55144
Direct: 651.733.1005
Fax: 651.732.7000
drehfeld@mmm.com

Deidre D. Rehfeld
Counsel

3M Legal Affairs
Office of General Counsel

P.O. Box 33428
St. Paul, MN 55133-3428 USA
Phone: (651) 733-1005
Fax: (651) 732-7000
Email: drehfeld@mmm.com



March 12, 2008

**VIA E-MAIL (colleen@cmmclaw.com; robinpotter@igc.org) & U.S. MAIL**

Colleen M. McLaughlin
Law Offices of Colleen M. McLaughlin
1751 S. Naperville Road
Suite 209
Wheaton, IL 60187

Robin Potter
Law Office of Robin Potter & Associates
111 E. Wacker Drive
Suite 2600
Chicago, IL 60601

Re:    Barbara Lueders v. 3M Company
       Case No.: 07CH36038

Dear Ms. McLaughlin & Ms. Potter:

██████████████████████████████████████████████████ enclosed via email is a Microsoft Excel spreadsheet containing security badging information, recorded working hours and pay rate data for Barbara Lueders. ██████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████████████████████████████

Sincerely,

Deidre D. Rehfeld

Encl. (via email only)

cc:    Ann Marie Hanrahan (via email)

MAR. 21. 2008  9:25AM   3M GENERAL COUNSEL 651 736 3257                    NO. 5324   P. 1

Deidre D. Rehfeld                3M Legal Affairs                    P.O. Box 33428
Counsel                          Office of General Counsel           St. Paul, MN 55133-3428 USA
                                                                     Phone: (651) 733-1005
                                                                     Fax: (651) 732-7000
                                                                     Email: drehfeld@mmm.com



March 20, 2008

**VIA E-MAIL (colleen@cmmclaw.com; robinpotter@igc.org) & U.S. MAIL**

Colleen M. McLaughlin                    Robin Potter
Law Offices of Colleen M. McLaughlin     Law Office of Robin Potter & Associates
1751 S. Naperville Road                  111 E. Wacker Drive
Suite 209                                Suite 2600
Wheaton, IL 60187                        Chicago, IL 60601

Re:    Barbara Lueders v. 3M Company
       Case No.: 07CH36038

Dear Ms. McLaughlin & Ms. Potter:



I mentioned during our February 19 conference call that security badging and payroll data
was contained in an Excel format.

provide data "in a reasonably readable format, such as ... Excel."

Since the data provided reflects the time your client spent on Cordova facility
grounds, the number of paid hours per day and the rate of pay per hour,

March 20, 2008
Page 2



Sincerely,

Deidre D. Rehfeld

cc:    Ann Marie Hanrahan (via email)

Deidre D. Rehfeld
Counsel

3M Legal Affairs
Office of General Counsel

P.O. Box 33428
St. Paul, MN 55133-3428 USA
Phone: (651) 733-1005
Fax: (651) 732-7000
Email: drehfeld@mmm.com

**3M**

March 27, 2008

**VIA E-MAIL (colleen@cmmclaw.com; robinpotter@igc.org) & U.S. MAIL**

Colleen M. McLaughlin
Law Offices of Colleen M. McLaughlin
1751 S. Naperville Road
Suite 209
Wheaton, IL 60187

Robin Potter
Law Office of Robin Potter & Associates
111 E. Wacker Drive
Suite 2600
Chicago, IL 60601

Re:  **Barbara Lueders v. 3M Company**
     **Case No.: 07CH36038**

Dear Ms. McLaughlin & Ms. Potter:

▓▓▓▓▓▓▓▓▓▓▓ enclosed electronically with this letter are the following:

1. An Excel spreadsheet reflecting Ms. Lueders' raw time reporting payroll data for August 2006;
2. A printed screen shot of the actual query used to pull the raw payroll data from 3M's PeopleSoft system;
3. A table defining the relevant payroll earnings codes;
4. An Excel spreadsheet reflecting Ms. Lueders raw security badging data for August 2006; and
5. A printed screen shot of the actual query used to pull the raw security badging data from the Corporate Security Information Systems database.



Sincerely,

Deidre D. Rehfeld

Deidre D. Rehfeld

Encls. (via email only)
cc:   Ann Marie Hanrahan (via email)

## Colleen McLaughlin

| | |
|---|---|
| **From:** | drehfeld@mmm.com |
| **Sent:** | Thursday, April 17, 2008 1:51 PM |
| **To:** | colleen@cmmclaw.com; robin.potter@igc.org |
| **Cc:** | ahanrahan@mmm.com |
| **Subject:** | Requested information |
| **Attachments:** | LResults.xls; Shift premium amounts.doc.DOC |

Colleen and Robin:

 attached to this email is the following:

(1) a copy of the August 2006 badging data for Barbara Lueders with the date and time of badge in/out separated into two columns.

(2) a screen shot of the shift premium codes used for 3M Cordova employees and their associated monetary values. Please note that I have provided the codes and monetary values as of January 15, 2001 and August 20, 2007. There were no changes to the premiums between these dates.



Sincerely,

Deidre

Deidre D. Rehfeld
Counsel
3M Company
Bldg. 220-9E-02
St. Paul, MN 55144
Direct: 651.733.1005
Fax: 651.732.7000
drehfeld@mmm.com

```
Civil NOS Search Results
5 Total Case matches for selection NOS 710 05/01/2007 to 05/01/2008 for
Illinois Central
Tue Jun  3 16:28:45 2008


Case Title                                             Court   Case No.
Filed          NOS    Closed

Keef v. M.A. Mortenson Company et al                   ilcdce  1:2007cv01183
07/10/2007     710     09/04/2007
Chao v. Topa Inc et al                                 ilcdce  2:2007cv02136
07/23/2007     710
North v. Board of Trustees of Illinois State Un        ilcdce  1:2007cv01220
08/21/2007     710
Murray et al v. Tyson Foods Inc                        ilcdce  4:2008cv04001
01/02/2008     710
Niebrugge v. King's Medical Group Inc                  ilcdce  1:2008cv01018
01/14/2008     710
```

```
Civil NOS Search Results
181 Total Case matches for selection NOS 710 05/01/2007 to 05/01/2008 for
Illinois Northern
Tue Jun  3 16:25:34 2008
```

| Case Title | | | Court | Case No. |
|---|---|---|---|---|
| Filed | NOS | Closed | | |
| 1 Coutre v. National Material, L.P. | | | ilndce | 1:2007cv02425 |
| 05/02/2007 | 710 | 09/25/2007 | | |
| 2 Orozco et al v. Public Auto, Inc. et al | | | ilndce | 1:2007cv02440 |
| 05/02/2007 | 710 | 10/22/2007 | | |
| 3 Hernandez et al v. Snow Systems, Inc. et al | | | ilndce | 1:2007cv02598 |
| 05/08/2007 | 710 | | | |
| 4 Maya v. Doering Landscape Company et al | | | ilndce | 1:2007cv02593 |
| 05/08/2007 | 710 | 01/02/2008 | | |
| 5 Rodriguez et al v. Custodial Plus, LLC | | | ilndce | 1:2007cv02631 |
| 05/09/2007 | 710 | 10/23/2007 | | |
| 6 Martinez et al v. PNJ, Inc. et al | | | ilndce | 1:2007cv02652 |
| 05/10/2007 | 710 | | | |
| 7 Rivera et al v. John's Place et al | | | ilndce | 1:2007cv02635 |
| 05/10/2007 | 710 | 11/13/2007 | | |
| 8 Vestal et al v. Wyndham Garden Hotel Chicago O' | | | ilndce | 1:2007cv02685 |
| 05/11/2007 | 710 | 12/04/2007 | | |
| 9 Kenyon v. Kendall County Blacktop, Inc. et al | | | ilndce | 1:2007cv02750 |
| 05/16/2007 | 710 | | | |
| 10 Hemingway et al v. SEIU Local 880 | | | ilndce | 1:2007cv02804 |
| 05/18/2007 | 710 | 10/11/2007 | | |
| 11 Caraballo et al v. City of Chicago | | | ilndce | 1:2007cv02807 |
| 05/18/2007 | 710 | | | |
| 12 Tavares v. Sevilla Auto Service, Inc. et al | | | ilndce | 1:2007cv02856 |
| 05/22/2007 | 710 | 07/13/2007 | | |
| 13 Martinez v. Kildeer Advisors, Inc. et al | | | ilndce | 1:2007cv02983 |
| 05/29/2007 | 710 | 01/04/2008 | | |
| 14 Torres et al v. Tenacious Cleaning Services, In | | | ilndce | 1:2007cv02985 |
| 05/29/2007 | 710 | 09/17/2007 | | |
| 15 Hernandez v. Sunrise Tree Service, Inc. et al | | | ilndce | 1:2007cv03017 |
| 05/30/2007 | 710 | | | |
| 16 Eigenbauer et al v. American Mattress et al | | | ilndce | 1:2007cv03032 |
| 05/31/2007 | 710 | | | |
| 17 Vorachak v. Alden Estates of Barrington, Inc. e | | | ilndce | 1:2007cv03045 |
| 05/31/2007 | 710 | 05/21/2008 | | |
| 18 Berlin v. Glocoms, Inc. | | | ilndce | 1:2007cv03161 |
| 06/06/2007 | 710 | 12/18/2007 | | |
| 19 Cruz et al v. U.S. Service Systems, Inc. et al | | | ilndce | 1:2007cv03168 |
| 06/06/2007 | 710 | | | |
| 20 Cisneros et al v. Chain O Lakes Cleaning Servic | | | ilndce | 1:2007cv03226 |
| 06/07/2007 | 710 | | | |
| 21 Smilie v. Comcast Corporation et al | | | ilndce | 1:2007cv03231 |
| 06/08/2007 | 710 | | | |
| 22 Rivera v. Hunter Properties, Inc. et al | | | ilndce | 1:2007cv03373 |
| 06/15/2007 | 710 | 11/26/2007 | | |
| 23 Hernandez v. Carolina's Silver Incorporated et | | | ilndce | 1:2007cv03454 |
| 06/20/2007 | 710 | 10/25/2007 | | |
| 24 Gatko v. JMK Electric Co. et al | | | ilndce | 1:2007cv03528 |
| 06/22/2007 | 710 | 02/26/2008 | | |

25 Duncan v. Hickory Hills Donuts, Inc.           ilndce   1:2007cv03551
   06/25/2007     710
26 Jirak et al v. Abbott Laboratories             ilndce   1:2007cv03626
   06/28/2007     710
27 Chao v. Tim's Time, Inc. et al                 ilndce   1:2007cv03640
   06/28/2007     710      08/10/2007
28 Rivera v. Ashland Avenue Swift Car Care, Inc. e ilndce  1:2007cv03703
   07/02/2007     710      01/07/2008
29 Hernandez et al v. Real Taste Noodle MFG, Inc.  ilndce  1:2007cv03783
   07/06/2007     710      02/13/2008
30 Holyfield v. Q-International Courier Inc        ilndce   1:2007cv03778
   07/06/2007     710
31 Segura et al v. Selective Publishing Inc. et al ilndce  1:2007cv03786
   07/06/2007     710      03/27/2008
32 Perez v. Lawn Man Service et al                ilndce   1:2007cv03784
   07/06/2007     710
33 Duhoski et al v. Village of University Park, Il ilndce  1:2007cv03790
   07/06/2007     710      09/19/2007
34 Zarco v. Midwest Global Food Distributors, L.L. ilndce  1:2007cv03781
   07/06/2007     710      01/08/2008
35 Alger v. HG Farley Laserlab USA Inc et al      ilndce   3:2007cv50129
   07/06/2007     710      11/21/2007
36 Espinoza v. Mark's Creative Landscape, Inc. et  ilndce  1:2007cv03839
   07/09/2007     710
37 Chao v. P.K. Restaurant Inc et al              ilndce   1:2007cv03866
   07/10/2007     710      12/10/2007
38 Pavisic et al v. TravelCLICK, Inc.             ilndce   1:2007cv03895
   07/11/2007     710      02/08/2008
39 Jillson v. MMS Mortgage Services, Ltd.         ilndce   1:2007cv03924
   07/12/2007     710      09/12/2007
40 Bishop et al v. Apartment Investments and Manag ilndce  1:2007cv03952
   07/13/2007     710
41 Pippion et al v. KFC Corporation               ilndce   1:2007cv03957
   07/13/2007     710      01/15/2008
42 Stapleton v. O.K. Super Food Mart Inc et al    ilndce   1:2007cv03992
   07/16/2007     710      09/28/2007
43 Johnson v. G.D.F., Inc. et al                  ilndce   1:2007cv03996
   07/17/2007     710
44 Wasso v. Sana Enterprises, Inc. et al          ilndce   1:2007cv03995
   07/17/2007     710
45 Padilla v. Taqueria El Meson, Inc. et al       ilndce   1:2007cv04089
   07/20/2007     710      09/11/2007
46 Acevedo v. Ace Coffee Bar, Inc. et al          ilndce   1:2007cv04091
   07/20/2007     710
47 Hernandez v. M.E. Fields, Inc. et al           ilndce   1:2007cv04144
   07/23/2007     710      10/01/2007
48 Bozek v. Corinthian Colleges, Inc. et al       ilndce   1:2007cv04303
   07/31/2007     710
49 Bakery, Cracker, Pie, Yeast Drivers and Miscell ilndce  1:2007cv04340
   08/02/2007     710      10/01/2007
50 Perez v. Mok et al                             ilndce   1:2007cv04385
   08/03/2007     710      11/08/2007
51 Hernandez et al v. Carreon et al               ilndce   1:2007cv04519
   08/10/2007     710
52 Parsons v. Village of Lincolnshire             ilndce   1:2007cv04556
   08/13/2007     710

53 Yarko v. JKL Partners, Inc. et al               ilndce   1:2007cv04555
   08/13/2007      710      02/21/2008
54 Varela v. Corporate Cleaning Service, Inc.      ilndce   1:2007cv04577
   08/14/2007      710      02/25/2008
55 Alim v. Schaumburg Enterprises, Inc. et al      ilndce   1:2007cv04583
   08/14/2007      710      10/11/2007
56 Cole-Booker v. Sedgwick Claims Management Servi  ilndce   1:2007cv04588
   08/15/2007      710      05/07/2008
57 Venegas v. Federated Retail Holdings, Inc.      ilndce   1:2007cv04617
   08/15/2007      710      04/10/2008
58 Garcia v. The Salamanca Group, Ltd. et al       ilndce   1:2007cv04665
   08/17/2007      710
59 Zeferino v. Georgia Nut Co. et al               ilndce   1:2007cv04754
   08/22/2007      710      02/14/2008
60 Easley v. United States Of America et al        ilndce   1:2007cv03634
   08/23/2007      710      08/23/2007
61 Ervin v. Paladiem Technologies, Inc. et al      ilndce   1:2007cv04794
   08/24/2007      710      12/21/2007
62 Chao v. M Industries, LLC et al                 ilndce   1:2007cv04832
   08/28/2007      710
63 Perez v. Tollway Oasis Subway, LLC et al        ilndce   1:2007cv05142
   09/11/2007      710
64 Sanson et al v. Chicago Construction Managers,   ilndce   1:2007cv05140
   09/11/2007      710      01/22/2008
65 Vargas v. Arlington Park Racecourse, LLC.       ilndce   1:2007cv05184
   09/13/2007      710      01/03/2008
66 Harris et al v. Skytech Enterprises, Ltd. et al ilndce   1:2007cv05244
   09/17/2007      710
67 Rivera et al v. Alliance Window Cleaning, Inc.   ilndce   1:2007cv05360
   09/21/2007      710      04/01/2008
68 Carrera v. Louie's Grill, Inc. et al            ilndce   1:2007cv05361
   09/21/2007      710      02/25/2008
69 Simich v. Confab Systems, Inc. et al            ilndce   1:2007cv05404
   09/25/2007      710      02/08/2008
70 Wood et al v. City of Elgin                     ilndce   1:2007cv05418
   09/25/2007      710
71 Khan et al v. Jimmy John's Point Plaza et al    ilndce   1:2007cv05519
   09/28/2007      710
72 Ambriz v. New Premier Metals Recycling, Inc. et ilndce   1:2007cv02984
   09/28/2007      710      03/17/2008
73 Lagunas v. Prestige on 71st, Inc.               ilndce   1:2007cv05517
   09/28/2007      710      05/28/2008
74 Thomas v. City of Evanston                      ilndce   1:2007cv04625
   10/03/2007      710
75 Stecyna v. JHS LLC et al                        ilndce   1:2007cv05627
   10/04/2007      710
76 Quinones et al v. Le Francais Management, LLC e  ilndce   1:2007cv05687
   10/05/2007      710
77 Castro et al v. Master Comfort Home Furnishings  ilndce   1:2007cv05682
   10/05/2007      710
78 Helgeson v. Hollywood Blvd Cinema LLC et al      ilndce   1:2007cv05706
   10/09/2007      710
79 Perez et al v. Ronan Construction, LLC et al     ilndce   1:2007cv05750
   10/10/2007      710      04/08/2008
80 Amella et al v. Chicago Transit Authority        ilndce   1:2007cv05789
   10/12/2007      710      01/11/2008

81 Van Wickel v. Accenture, Inc. et al                      ilndce   1:2007cv05809
      10/15/2007      710
82 Reed v. Ogle County et al                                ilndce   3:2007cv50208
      10/17/2007      710
83 Harden v. WM Wrigley Jr. Co.                             ilndce   1:2007cv05928
      10/19/2007      710
84 Little v. Potter                                         ilndce   1:2007cv06038
      10/25/2007      710       04/16/2008
85 Allen v. Calu Hospitality LLC et al                      ilndce   1:2007cv06082
      10/26/2007      710       01/17/2008
86 Curry v. J.P. Morgan Chase & Co. et al                   ilndce   1:2007cv06149
      10/31/2007      710
87 Navarrete et al v. JQS Property Maintenance et           ilndce   1:2007cv06164
      10/31/2007      710       02/15/2008
88 Delaney v. Jackson Park Hospital and Medical Ce          ilndce   1:2007cv06222
      11/02/2007      710
89 Edborg v. Fundamental Health Care, Inc.                  ilndce   1:2007cv06218
      11/02/2007      710
90 De La Cruz v. CNC Lawn Care, Inc. et al                  ilndce   1:2007cv06284
      11/06/2007      710
91 Vivanco v. Fawn Landscaping & Nursery, Inc. et           ilndce   1:2007cv06288
      11/06/2007      710
92 Estrada v. Pit Boss Rib House, Inc. et al                ilndce   1:2007cv06364
      11/08/2007      710
93 Alvarado et al v. Corporate Cleaning Service, I          ilndce   1:2007cv06361
      11/08/2007      710
94 Varney et al v. Mentice, Inc.                            ilndce   1:2007cv06478
      11/15/2007      710
95 Conroy et al v. City of Chicago                          ilndce   1:2007cv06537
      11/19/2007      710
96 Martinez v. Greater Chicago Incorporated et al          ilndce   1:2007cv06573
      11/20/2007      710       04/22/2008
97 Galeno et al v. Taqueria El Meson, Inc. et al           ilndce   1:2007cv06619
      11/26/2007      710
98 Sanchez v. Atrium, Inc. et al                            ilndce   1:2007cv06616
      11/26/2007      710       03/10/2008
99 Thomas v. Freedman Seating Company, Inc.                 ilndce   1:2007cv06739
      11/30/2007      710       04/10/2008
100 Gehrke et al v. Downes Swimming Pool Co., Inc.          ilndce   1:2007cv06859
      12/05/2007      710
101 Pelayo v. Hostalet et al                               ilndce   1:2007cv06920
      12/07/2007      710
102 Colon v. General Cab Service Co Inc et al              ilndce   1:2007cv06992
      12/12/2007      710
103 Kringas v. Illinois Security Service, Inc.             ilndce   1:2007cv07019
      12/13/2007      710
104 Robles et al v. Boss Construction, Inc. et al          ilndce   1:2007cv03785
      12/20/2007      710       01/29/2008
105 CHAVEZ v. Stonetree Landscapes, Inc.                   ilndce   1:2007cv07191
      12/21/2007      710
106 Perez v. Niko's Grill and Pub, Inc. et al              ilndce   1:2007cv07253
      12/27/2007      710
107 Pantel v. TMG of Illinois LLC et al                    ilndce   1:2007cv07252
      12/27/2007      710
108 Varela v. Reed et al                                   ilndce   1:2007cv07244
      12/27/2007      710

109 McCollum v. Seasons Hospice, Inc.                          ilndce    1:2008cv00103
     01/07/2008      710
110 Murillo vs. Becky Choi, et. al.                            ilndce    1:2008cv00119
     01/07/2008      710
111 Olmsted v. Residential Plus Mortgage Corporatio           ilndce    1:2008cv00142
     01/08/2008      710
112 Taylor et al v. Schmidt Quality Construction In           ilndce    1:2008cv00147
     01/08/2008      710     05/15/2008
113 Mazurek v. Compucom Systems, Inc.                          ilndce    1:2008cv00187
     01/09/2008      710
114 Barrera v. Laredo Foods, Inc. et al                       ilndce    1:2008cv00171
     01/09/2008      710     05/08/2008
115 Adame et al v. D.B. Parking Lot and Janitorial            ilndce    1:2008cv00346
     01/15/2008      710
116 Holbrook v. Marriott International Inc.                    ilndce    1:2008cv00385
     01/17/2008      710
117 Cortez v. California Mufflers & Brakes, Inc. et           ilndce    1:2008cv00415
     01/18/2008      710     05/21/2008
118 Westcott v. Residential Plus Mortgage Corporati           ilndce    1:2008cv00419
     01/18/2008      710
119 Fadavi v. Board of Trustees for the University            ilndce    1:2008cv00440
     01/18/2008      710
120 Connor v. Leona's Pizzaria, Inc. et al                    ilndce    1:2008cv00447
     01/21/2008      710     02/22/2008
121 Grassano v. Serumido, Ltd.                                ilndce    1:2008cv00458
     01/22/2008      710
122 Weekly v. Bass Productions, LTD. et al                    ilndce    1:2008cv00514
     01/23/2008      710     03/17/2008
123 Sida v. Rainbow Concrete Co. et al                        ilndce    1:2008cv00580
     01/25/2008      710
124 Del Valle v. Bond Capital, Ltd.                           ilndce    1:2008cv00602
     01/28/2008      710     02/14/2008
125 Graham et al v. Ryan International Airlines, In           ilndce    3:2008cv50019
     01/29/2008      710
126 Castrejon et al v. Granite & Marble Design, Inc          ilndce    1:2006cv01542
     01/29/2008      710
127 Flores-Gonzalez et al v. La Villa Restaurant, I          ilndce    1:2008cv00620
     01/29/2008      710
128 Garibay et al v. Garden Fresh - Mount Prospect,          ilndce    1:2008cv00636
     01/29/2008      710
129 Goznikar v. Pomp's Tire Service, Inc.                     ilndce    1:2008cv00659
     01/30/2008      710
130 Del Valle v. Bond Capital, Ltd.                           ilndce    1:2008cv00646
     01/30/2008      710
131 Pulido v. Kellyknot Drywall, Inc. et al                   ilndce    1:2008cv00701
     01/31/2008      710
132 Acosta et al v. Scott Byron & Company, Inc. et           ilndce    1:2008cv00699
     01/31/2008      710     04/18/2008
133 Miller et al v. BMW Sportswear, Inc. et al               ilndce    1:2008cv00785
     02/06/2008      710
134 Castillo et al v. Fibrwrap Construction, Inc. e          ilndce    1:2008cv00809
     02/07/2008      710     05/16/2008
135 Allen v. City-Beverage, L.L.C. et al                      ilndce    1:2008cv00861
     02/08/2008      710
136 Martinez v. Delko Construction Company et al             ilndce    1:2008cv00896
     02/12/2008      710

137 Merritt v. Bartlett Manufacturing Co., Inc.          ilndce   1:2008cv01038
    02/20/2008      710
138 Chao v. Manaves Enterprises, Inc. et al              ilndce   1:2008cv01049
    02/20/2008      710
139 Chao v. Dappers East, Inc. et al                     ilndce   1:2008cv01047
    02/20/2008      710
140 Aguilera v. Dunn-Rite of America Building Maint      ilndce   1:2008cv01036
    02/20/2008      710
141 Ervin et al v. OS Restaurant Services, Inc.          ilndce   1:2008cv01091
    02/21/2008      710
142 Wielgus et al v. Perfect Work Design et al           ilndce   1:2007cv05991
    02/21/2008      710
143 Salinas v. Worsek & Vihon, LLP et al                 ilndce   1:2008cv01203
    02/28/2008      710      05/08/2008
144 Hernandez v. Greg Christian Catering, Inc. et a      ilndce   1:2008cv01202
    02/28/2008      710
145 Pieczara v. Curry                                    ilndce   1:2008cv01227
    02/29/2008      710
146 Heinen v. Monicatti Delivery et al                   ilndce   1:2008cv01258
    03/03/2008      710
147 Cazares v. Servimaid LLC et al                       ilndce   1:2008cv01312
    03/05/2008      710
148 Vargas v. Bagel Country, LLC                         ilndce   1:2008cv01331
    03/05/2008      710
149 Tinoco et al v. Tapia et al                          ilndce   1:2008cv01365
    03/06/2008      710
150 Williams v. KDW Western, LLC et al                   ilndce   1:2008cv01388
    03/07/2008      710
151 Martinez et al v. Bella Flowers & Greenhouse, I      ilndce   1:2008cv01493
    03/12/2008      710
152 Slayton et al v. Grisby et al                        ilndce   1:2008cv01517
    03/13/2008      710
153 Winsley v. Hudson News Company                       ilndce   1:2008cv01551
    03/17/2008      710
154 Webb v. Tag Sport BMW et al                          ilndce   1:2008cv01606
    03/19/2008      710
155 Weckel v. Arjo, Inc. et al                           ilndce   1:2008cv01601
    03/19/2008      710      05/02/2008
156 Gallimore et al v. Urban Out Sitters, Inc. et a      ilndce   1:2008cv01603
    03/19/2008      710
157 Polk v. Banks et al                                  ilndce   1:2008cv01652
    03/20/2008      710
158 Gonzales v. Plastival Inc et al                      ilndce   1:2005cv04864
    03/21/2008      710
159 Eichstaedt v. Enternet LLC. et al                    ilndce   1:2008cv01679
    03/21/2008      710
160 Ocampo v. Ramsco, Inc.                               ilndce   1:2008cv01715
    03/24/2008      710
161 Martin v. THG Restaurant Group, LLC et al            ilndce   1:2008cv01801
    03/28/2008      710
162 Campos v. Cermak Produce, Inc. et al                 ilndce   1:2008cv01873
    04/01/2008      710      06/02/2008
163 Russell v. Ilinois Bell Telephone Company            ilndce   1:2008cv01871
    04/01/2008      710
164 Lizak v. Great Masonry, Inc. et al                   ilndce   1:2008cv01930
    04/02/2008      710

165 Lemon v. Village of Broadview et al                    ilndce   1:2008cv01946
     04/04/2008      710
166 Piersanti v. Aon Risk Services, Inc.                   ilndce   1:2008cv01952
     04/04/2008      710
167 Turner v. Morton's Restaurant Group, Inc.,            ilndce   1:2008cv01948
     04/04/2008      710
168 Boggs v. Brown Printing Company                        ilndce   1:2008cv01985
     04/08/2008      710
169 Obregon v. Fresh & Go, Inc. et al                      ilndce   1:2008cv02059
     04/11/2008      710
170 Chao v. Papa Bear of Aurora, Inc. et al                ilndce   1:2008cv02066
     04/11/2008      710
171 Olsen v. Kellogg Company                               ilndce   1:2008cv02249
     04/19/2008      710
172 Souvenir v. Toyota Motor Sales, U.S.A. Inc.            ilndce   1:2008cv02256
     04/21/2008      710
173 Siddiqui et al v. Airlie Opportunity Master Fun        ilndce   1:2008cv02327
     04/21/2008      710
174 Escobedo v. I&A Landscaping Services et al             ilndce   1:2008cv02287
     04/22/2008      710
175 Lopez v. MC D's Pizza, Inc. et al                      ilndce   1:2008cv02305
     04/23/2008      710
176 Munoz et al v. G & J Investments, LTD et al            ilndce   1:2008cv02310
     04/23/2008      710
177 Martinez v. The Herbal Garden, Inc.                    ilndce   1:2007cv04238
     04/28/2008      710        05/06/2008
178 Lueders v. 3M Company                                  ilndce   1:2008cv02457
     04/29/2008      710
179 Januszewski v. Granite City Company                    ilndce   1:2008cv02474
     04/30/2008      710
180 Vasquez et al v. Chicago Carriage Cab Corp. et         ilndce   1:2008cv02473
     04/30/2008      710
181 Prokopczuk et al v. A Warehouse on Wheels, Inc.        ilndce   1:2008cv02502
     05/01/2008      710

---------------------------------------------------------------------------
                        PACER Service Center
                        Transaction Receipt

                        06/03/2008 16:26:02

     PACER Login:  cml242        Client Code:   3M
     Description:  srch dl       Search Criteria:  NOS 710 05/01/2007 to
     05/01/2008
     Billable Pages:        3  Cost:   0.24
---------------------------------------------------------------------------

# U.S. DISTRICT COURT - JUDICIAL CASELOAD PROFILE

| | | | 12-MONTH PERIOD ENDING SEPTEMBER 30 | | | | | | Numerical Standing | |
|---|---|---|---|---|---|---|---|---|---|---|
| **ILLINOIS CENTRAL** | | | 2007 | 2006 | 2005 | 2004 | 2003 | 2002 | | |
| | | | | | | | | | U.S. | Circuit |
| OVERALL CASELOAD STATISTICS | Filings* | | 1,499 | 1,429 | 1,532 | 1,519 | 1,552 | 1,711 | U.S. | Circuit |
| | Terminations | | 1,441 | 1,497 | 1,552 | 1,478 | 1,595 | 1,704 | | |
| | Pending | | 1,284 | 1,216 | 1,279 | 1,293 | 1,277 | 1,339 | | |
| | % Change in Total Filings | Over Last Year | | 4.9 | | | | | 25 | 1 |
| | | Over Earlier Years | | | -2.2 | -1.3 | -3.4 | -12.4 | 60 | 3 |
| | Number of Judgeships | | 4 | 4 | 4 | 4 | 4 | 4 | | |
| | Vacant Judgeship Months** | | .0 | .0 | .0 | .0 | .0 | .0 | | |
| ACTIONS PER JUDGESHIP | FILINGS | Total | 374 | 358 | 383 | 380 | 389 | 428 | 63 | 5 |
| | | Civil | 252 | 255 | 285 | 286 | 284 | 317 | 63 | 6 |
| | | Criminal Felony | 97 | 75 | 70 | 69 | 85 | 91 | 25 | 1 |
| | | Supervised Release Hearings** | 25 | 28 | 28 | 25 | 20 | 20 | 41 | 2 |
| | Pending Cases | | 321 | 304 | 320 | 323 | 319 | 335 | 62 | 4 |
| | Weighted Filings** | | 371 | 349 | 370 | 377 | 382 | 427 | 66 | 6 |
| | Terminations | | 360 | 374 | 388 | 370 | 399 | 426 | 66 | 5 |
| | Trials Completed | | 27 | 33 | 27 | 26 | 21 | 19 | 21 | 2 |
| MEDIAN TIMES (months) | From Filing to Disposition | Criminal Felony | 8.5 | 8.8 | 11.5 | 9.1 | 8.4 | 8.3 | 43 | 2 |
| | | Civil** | 9.1 | 8.7 | 8.6 | 9.0 | 8.3 | 7.5 | 45 | 5 |
| | From Filing to Trial** (Civil Only) | | 29.0 | 30.0 | 28.0 | 25.4 | 23.5 | 26.0 | 61 | 4 |
| OTHER | Civil Cases Over 3 Years Old** | Number | 32 | 29 | 26 | 21 | 16 | 23 | | |
| | | Percentage | 3.3 | 3.1 | 2.6 | 2.1 | 1.6 | 2.2 | 34 | 3 |
| | Average Number of Felony Defendants Filed Per Case | | 1.2 | 1.3 | 1.2 | 1.1 | 1.2 | 1.3 | | |
| | Jurors | Avg. Present for Jury Selection | 31.62 | 17.41 | 29.66 | 33.34 | 28.79 | 32.98 | | |
| | | Percent Not Selected or Challenged | 25.6 | 22.5 | 25.6 | 31.8 | 26.4 | 30.7 | | |

| 2007 CIVIL AND CRIMINAL FELONY FILINGS BY NATURE OF SUIT AND OFFENSE | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Type of | TOTAL | A | B | C | D | E | F | G | H | I | J | K | L |
| Civil | 1009 | 53 | 27 | 365 | 10 | 48 | 104 | 80 | 45 | 29 | 174 | 1 | 73 |
| Criminal* | 388 | 5 | 184 | 31 | 62 | 26 | 16 | 34 | 5 | 7 | 3 | 3 | 12 |

\* Filings in the "Overall Caseload Statistics" section include criminal transfers, while filings "By Nature of Offense" do not.
\*\* See "Explanation of Selected Terms."

# U.S. DISTRICT COURT - JUDICIAL CASELOAD PROFILE

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | | 12-MONTH PERIOD ENDING SEPTEMBER 30 | | | | | | |
| ILLINOIS CENTRAL | | | 2007 | 2006 | 2005 | 2004 | 2003 | 2002 | Numerical Standing Within |
| OVERALL CASELOAD STATISTICS | Filings* | | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| | Terminations | | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | |
| | Pending | | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | |
| | % Change in Total Filings | Over Last Year | [illegible] | | | | | | [illegible] |
| | | Over Earlier Years | | [illegible] | [illegible] | [illegible] | [illegible] | | [illegible] |
| Number of Judgeships | | | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | |
| Vacant Judgeship Months** | | | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | |
| ACTIONS PER JUDGESHIP | FILINGS | Total | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| | | Civil | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| | | Criminal Felony | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| | | Supervised Release Hearings** | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| | Pending Cases | | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| | Weighted Filings** | | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| | Terminations | | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| | Trials Completed | | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| MEDIAN TIMES (months) | From Filing to Disposition | Criminal Felony | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| | | Civil** | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| | From Filing to Trial** (Civil Only) | | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| OTHER | Civil Cases Over 3 Years Old** | Number | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | |
| | | Percentage | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| | Average Number of Felony Defendants Filed Per Case | | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | |
| | Jurors | Avg. Present for Jury Selection | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | |
| | | Percent Not Selected or Challenged | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | |

| 2007 CIVIL AND CRIMINAL FELONY FILINGS BY NATURE OF SUIT AND OFFENSE | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Type of | TOTAL | A | B | C | D | E | F | G | H | I | J | K | L |
| Civil | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| Criminal* | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |

[illegible]

# U.S. DISTRICT COURT - JUDICIAL CASELOAD PROFILE

| | | | 12-MONTH PERIOD ENDING SEPTEMBER 30 | | | | | | Numerical Standing | |
|---|---|---|---|---|---|---|---|---|---|---|
| **ILLINOIS NORTHERN** | | | 2007 | 2006 | 2005 | 2004 | 2003 | 2002 | U.S. | Circuit |
| **OVERALL CASELOAD STATISTICS** | Filings* | | 8,422 | 8,093 | 9,056 | 10,584 | 11,126 | 11,135 | U.S. | Circuit |
| | Terminations | | 7,929 | 8,255 | 8,805 | 11,461 | 10,888 | 10,709 | | |
| | Pending | | 8,091 | 7,711 | 7,914 | 7,706 | 8,699 | 8,587 | | |
| | % Change in Total Filings | Over Last Year | | 4.1 | | | | | 27 | 2 |
| | | Over Earlier Years | | | -7.0 | -20.4 | -24.3 | -24.4 | 81 | 6 |
| Number of Judgeships | | | 22 | 22 | 22 | 22 | 22 | 22 | | |
| Vacant Judgeship Months** | | | 15.8 | 5.7 | 12.0 | 9.6 | 22.1 | 17.8 | | |
| **ACTIONS PER JUDGESHIP** | FILINGS | Total | 382 | 367 | 412 | 481 | 505 | 506 | 62 | 4 |
| | | Civil | 346 | 330 | 369 | 437 | 461 | 459 | 36 | 3 |
| | | Criminal Felony | 24 | 26 | 34 | 32 | 38 | 39 | 93 | 7 |
| | | Supervised Release Hearings** | 12 | 11 | 9 | 12 | 6 | 8 | 77 | 6 |
| | Pending Cases | | 368 | 351 | 360 | 350 | 395 | 390 | 48 | 3 |
| | Weighted Filings** | | 462 | 443 | 485 | 512 | 526 | 525 | 39 | 3 |
| | Terminations | | 360 | 375 | 400 | 521 | 495 | 487 | 66 | 5 |
| | Trials Completed | | 11 | 11 | 13 | 12 | 12 | 14 | 86 | 6 |
| **MEDIAN TIMES (months)** | From Filing to Disposition | Criminal Felony | 14.7 | 13.9 | 12.9 | 10.3 | 9.9 | 10.3 | 90 | 7 |
| | | Civil** | 6.2 | 6.5 | 6.9 | 5.9 | 5.5 | 5.5 | 7 | 2 |
| | From Filing to Trial** (Civil Only) | | 29.7 | 26.4 | 27.0 | 28.4 | 26.0 | 26.0 | 65 | 5 |
| **OTHER** | Civil Cases Over 3 Years Old** | Number | 456 | 500 | 388 | 337 | 442 | 461 | | |
| | | Percentage | 6.5 | 7.4 | 5.6 | 5.0 | 5.6 | 6.0 | 65 | 6 |
| | Average Number of Felony Defendants Filed Per Case | | 1.7 | 1.8 | 1.9 | 1.9 | 1.7 | 1.7 | | |
| | Jurors | Avg. Present for Jury Selection | 45.20 | 45.07 | 51.46 | 39.36 | 45.57 | 43.63 | | |
| | | Percent Not Selected or Challenged | 31.8 | 30.9 | 36.9 | 31.0 | 37.3 | 34.8 | | |

| 2007 CIVIL AND CRIMINAL FELONY FILINGS BY NATURE OF SUIT AND OFFENSE | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Type of | TOTAL | A | B | C | D | E | F | G | H | I | J | K | L |
| Civil | 7620 | 118 | 150 | 701 | 53 | 55 | 1504 | 902 | 563 | 428 | 1614 | 23 | 1509 |
| Criminal* | 527 | 1 | 152 | 59 | 43 | 107 | 80 | 13 | 6 | 17 | 11 | 11 | 27 |

\* Filings in the "Overall Caseload Statistics" section include criminal transfers, while filings "By Nature of Offense" do not.
\*\* See "Explanation of Selected Terms."

Judicial Caseload Profile Report

# U.S. DISTRICT COURT - JUDICIAL CASELOAD PROFILE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BARBARA J. LUEDERS, individually and on behalf of a class of similarly situated persons, | ) ) ) ) | Case No. 08-cv-2457 |
| Plaintiff, | ) ) | Judge Wayne R. Anderson |
| v. | ) ) | |
| 3M COMPANY, a Delaware corporation, | ) ) | |
| Defendant. | ) | |

**PLAINTIFF'S RESPONSE BRIEF IN OPPOSITION**
**TO DEFENDANT'S MOTION TO TRANSFER VENUE**
**TO THE CENTRAL DISTRICT OF ILLINOIS**

**PLEASE TAKE NOTICE** that plaintiff Barbara J. Lueders, by her attorney, is filing her Response Brief In Opposition to Defendant's Motion to Transfer Venue to the Central District of Illinois, with the United States District Court, Dirksen Building, 219 S. Dearborn, Chicago, IL 60604, on this 6th day of June, 2008. A copy of this Response has been filed electronically attached hereto and is hereby served upon you.

BARBARA J. LUEDERS, individually
and on behalf of a class of similarly
situated persons,

/s/Elissa J. Hobfoll_____
   Law Offices of Colleen M. McLaughlin

Colleen M. McLaughlin
Elissa J. Hobfoll
Law Offices of Colleen M. McLaughlin
1751 S. Naperville Rd.
Suite 209
Wheaton, IL  60189
Firm No.  0312746

Robin B. Potter
Robin Potter & Associates P.C.
111 East Wacker Drive
Suite 2600
Chicago, IL  60601

## <u>CERTIFICATE OF SERVICE</u>

I, Elissa J. Hobfoll, an attorney, do hereby certify that I caused a copy of the foregoing notice and attached Response to be served on the below-named attorneys via electronic filing on this 6th day of June 2008.

Stephanie Seay Kelly
Veronica Li
John A. Ybarra
Littler Mendelson, P.C.
200 North LaSalle St
Suite 2900
Chicago, IL  60601
312.372.5520

/s/Elissa J. Hobfoll_____
Elissa J. Hobfoll

Colleen M. McLaughlin
Elissa J. Hobfoll
Law Offices of Colleen M. McLaughlin
1751 S. Naperville Rd.
Suite 209
Wheaton, IL  60189
Firm No.  0312746