**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| **BARBARA J. LUEDERS,** individually and on behalf of a class of similarly situated persons,<br><br>    Plaintiff,<br><br> v.<br><br>**3M COMPANY,**<br><br>    Defendant. | No.  08 CV 2457<br><br>Judge Wayne R. Andersen |

**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF ITS
MOTION TO TRANSFER VENUE**

## I.    INTRODUCTION

Plaintiff's Response to 3M's Motion to Transfer Venue to the Central District of Illinois completely overlooks and disregards the convenience of the parties and potential witnesses to this case; a key factor, which dictates that this case should be transferred to the Central District. Additionally, Plaintiff fails to recognize that Cordova, the site of all material events relevant to this case is in the Central District, another factor warranting transfer.  Furthermore, Plaintiff's choice of forum in this case has little bearing on the transfer analysis because: (1) Plaintiff does not reside here, and (2) the Northern District has no relation to the material events which give rise to Plaintiff's Complaint.

Plaintiff also attempts to obfuscate the transfer analysis by alleging that the case deals merely with electronic records.  This argument significantly understates the evidence which may be used at trial and entirely overlooks the hard copies of records and live witnesses in the Cordova area that will be at the center of evidence at trial.  Thus, this factor also favors transfer.

Additionally, Plaintiff fails to provide any basis under the public interests of justice factors to support a denial of the instant motion. The statistical data show that the Central District has a smaller docket, lighter caseloads and as a result a faster time to trial. Moreover, Plaintiff has no basis to suggest that the Central District is any less familiar with the applicable Illinois and federal law. Finally, Plaintiff's insinuation that there is a national interest in this litigation has no basis in fact and should not be given any weight.

Balancing all of the relevant private and public factors, there is no question that the scale tips heavily in favor of transfer of this action to the Central District of Illinois.

## II.    ARGUMENT

### A.    Defendant Has Unequivocally Satisfied Its Burden Of Showing That A Transfer Of Venue Is Warranted.

Plaintiff outlandishly attempts to argue that 3M has not satisfied its burden of showing that this case should be transferred to the Central District. The goals of § 1404(a) are to prevent waste of time, energy, and money, and also to protect litigants, witnesses, and the public against unnecessary inconvenience and expense. *Van Dusen v. Barack*, 376 U.S. 612, 616 (1964). Instead of explaining why their choice of forum is consistent with these goals, Plaintiff's Response attempts to diminish the unnecessary inconvenience and expense to the parties and witnesses caused by Plaintiff's choice of venue. As clearly set forth in its Initial Memorandum in Support of Transfer ("Initial Mem.") and herein, 3M has overwhelmingly met its burden of showing that the Central District is "clearly more convenient." *Digital Merchant Sys., Inc. v. Ogelsby*, 1999 WL 1101769 (N.D. Ill. Nov. 30, 1999) (citing to *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 220 n.3 (7th Cir. 1986). Thus, this case should be transferred.

### 1.    Plaintiff's choice of forum has minimal value in the transfer analysis as it is neither where Plaintiff resides nor the site of material events.

Without a single cite to any supporting case law, Plaintiff alleges that "the fact that [she]

has brought this action in the Northern District of Illinois weighs heavily against transfer." (Pl. Opp. p.5). Plaintiff thus ignored all of the cases cited in 3M's Initial Memorandum in Support of Transfer, which made clear that in circumstances, such as these, where Plaintiff is not a resident of the chosen forum and none of the material events at issue occurred in the chosen forum, Plaintiff's "choice" is accorded virtually no weight. *See Aland v. Kempthorne*, 2007 WL 4365340, at *3 (N.D. Ill. May 29, 2007) (Zagel, J.) ("[W]hile a large measure of deference is due to the plaintiff's freedom to select his own forum[,] ... this factor has minimal value where none of the conduct complained of occurred in the forum selected by the plaintiff.") (internal citation omitted); *Ellis Corp. v. Jensen USA, Inc.*, 2003 WL 22111100, at *2 (N.D. Ill. Sept. 9, 2003) (Andersen, J.) (stating that plaintiffs' choice of forum has little importance "when it has 'relatively weak connections with the operative facts giving rise to the claim'"); *Marvel Group v. Modular Interiors*, 2002 WL 1052043, at *5 (N.D. Ill. May 24, 2002) (Norgle, J.) (plaintiff's choice of forum is entitled to little deference where the chosen forum is not the site of material events); *see also*, *Chicago, Rock Island & Pac. R.R. Co. v. Igoe*, 220 F.2d 299, 304 (7th Cir. 1995) (holding that a plaintiff's choice of forum is afforded less deference when another forum has a stronger relationship to the dispute or when the forum of plaintiff's choice has no significant connection to the site of material events); *Morton Grove Pharmaceuticals, Inc. v. Nat'l Pediculosis Ass'n*, 525 F.Supp.2d 1039, 1044 (N.D. Ill. 2007) (same); *McCants v. C.H. Robinson Worldwide, Inc.*, 2007 WL 1650103, at *1 (N.D. Ill. June 4, 2007) (holding the plaintiffs' choice of forum and site of events favored transfer where *none* of the plaintiffs lived in the district and the events did not occur there). Thus, the fact that Plaintiff's chosen forum is within the Northern District is of little importance.

Plaintiff attempts to confuse the issue and compensate for her lack of supporting

authority by implying that 3M misstated the law in asserting that Plaintiff's choice of forum deserves virtually no weight under these circumstances. (Pl. Opp. p. 5). In fact, Plaintiff attempts to distinguish only one case, *Digital Merchant Sys.*, 1999 WL 1101769, among the many cited by 3M, but to no avail. To be sure, the presumption in favor of Plaintiff's chosen forum is greatly reduced if the cause of action bears no material connection to the chosen forum. *Chicago Rock Island*, 220 F.2d at 304; *Aland*, 2007 WL 4365340 at *3; *Ellis Corp.*, 2003 WL 22111100 at *2; *Marvel Group*, 2002 WL 1052043 at *5; *Morton Grove*, 525 F.Supp.2d at 1044; *Digital Merchant Sys.*, 1999 WL 1101769 at *6. The language used by the courts in this district is clear that in the present circumstances, Plaintiff's choice of forum "has minimal value" and "little importance" – and thus, it should have virtually no weight in the transfer analysis. Plaintiff admits that the operative facts relevant to this action are based entirely in Cordova. (Compl. ¶¶ 15-29). Her choice of forum, therefore, is largely, if not entirely, outweighed by other factors. *Id.*; *see also*, *New Line Prods., Inc. v. Thoene*, 2007 WL 2213080, at *4 (S.D.N.Y. Aug. 1, 2007). Accordingly, this factor weighs heavily in favor of transfer.

Additionally, Plaintiff's *chosen* forum is *not* her *home* forum. "A plaintiff's choice of forum is given significant weight, *unless* it has little connection to the events underlying the suit." *McCants*, 2007 WL 1650103 at *1 (emphasis added). Plaintiff does not reside in Chicago, where she filed her case, nor elsewhere in the Eastern Division of the Northern District. "Further, the events underlying this case did not occur here." *Id.* Plaintiff's claims are based on alleged non-payment for donning and doffing time, all of which allegedly occurred in Cordova, within the jurisdiction of the Central District. (Compl. ¶¶ 15-29). "Because this district is not where plaintiff[] reside[s] or where the material events occurred, [P]laintiff['s] choice of forum receive[s] little deference." *Id.* Accordingly, this matter should be transferred to the Central

District.  *See also*, *Great West Cas. Co. v. Dekeyser Express, Inc.*, 2005 WL 2861074, at * 3

(N.D. Ill. Oct. 31, 2005) (finding the plaintiff's choice of forum was not a compelling factor

where it was not the plaintiff's home forum and there was no connection between the forum and

the cause of action); *S.C. Johnson & Son, Inc. v. Buzz Off Insect Shield, LLC*, 2005 WL 1838512,

at *2 (N.D. Ill. July 28, 2005) (noting that because the plaintiff "does not actually reside in this

district, its preference has nominal value").

      Plaintiff does allege that some of the "material" events took place at 3M's headquarters in

St. Paul, Minnesota, but offers no basis as to why those events are "material" in any way, or why

events outside the Northern District favor venue here.   It is undisputed that the employment

practices of which Plaintiff complains all relate to her former employment at 3M's Cordova

facility and the work that she performed there.   Under Plaintiff's logic, all actions against

corporate defendants that take issue with the company's policies and practices would warrant a

transfer of venue to the district housing the corporate headquarters.  Even if that were true, which

it is not, that argument would only *support* transfer.   Such an argument militates against

Plaintiff's contention that this case should remain in the Northern District.

      **2.**     **Plaintiff's argument that the convenience of party witnesses is not relevant misses the mark.**

      It is difficult to imagine how the Central District is inconvenient for the parties and

potential witnesses given that the majority of witnesses known at this point in time will likely be

from the Cordova area.   Specifically, nearly all of the witnesses are current and former 3M

employees who live in and around Cordova.  The Central District is obviously more convenient

to these Cordova area witnesses than the Northern District in Chicago, some 150 miles away.

(*See* 3M's Initial Mem., p.7).   Federal courts recognize that increased travel distances, travel

expenses, and the disruption of work and home schedules all add to the cost of attendance for

witnesses to appear for trial, a fact which Plaintiff wholly fails to address. *In re Volkswagen AG*, 371 F.3d 201, 204-05 (5th Cir. 2004); *Doage v. Bd. Of Regents*, 950 F. Supp 258, 261. Furthermore, transferring the case would greatly increase the litigation costs associated with transferring and housing witnesses for a trial in Chicago. Plaintiff also fails to account for this fact.

Further, Plaintiff admits she knows of no non-party witness who will be necessary at trial. (Pl. Opp., p.8). Thus, the convenience of non-party witnesses factor is *not* relevant to the transfer analysis here. To support her argument on this point, Plaintiff misrepresents the holding in *Morton Grove Pharmaceuticals, Inc. v. Nat'l Pediculosis Ass'n*, 525 F.Supp.2d 1039, 1045 (N.D. Ill. 2007). Contrary to Plaintiff's contention, the *Morton* court held that "the critical inquiry will concern non-party witnesses, *for both parties will have their party witnesses located in their respective districts and such witnesses are presumed to appear voluntarily*." *Id.* (emphasis added). In this case, there is no evidence that any of the party witnesses are located in the Northern District, let alone the Eastern Division of the Northern District. Thus, *Morton* is inapposite, and does not support Plaintiff's argument.

If non-party witnesses become relevant, however, they are far more likely to live or work near Cordova. For example, Plaintiff's argument overlooks those putative class members who may elect to opt out of this putative class action. Individual employees who opt out would not be parties, but may nonetheless be fact witnesses. Because they likely reside more than 100 miles away, these non-party witnesses would fall outside of the subpoena power of this Court. As a result, the parties may not be able to compel their appearance at a trial in Chicago. Thus, Plaintiff's argument concerning non-party witnesses' convenience actually *supports* transfer of this action to the Central District. *See McCants* 2007 WL 1650103.

3. **Plaintiff's notion that this case only involves electronic records is severely limited and shortsighted.**

Plaintiff also attempts to argue that this is simply an electronic "records case" that will not require witness testimony. (Pl. Opp. p.8-9). In support of this argument, Plaintiff attached to her Response several communications between Plaintiff's counsel and 3M's corporate counsel concerning settlement negotiations, that were largely redacted to a few sentences mentioning the availability of electronic data. (*See* Pl. Opp. Ex. C). Putting aside the impropriety of utilizing settlement communications to support a substantive argument before the Court, there was nothing in those communications supporting any of Plaintiff's claims that the record evidence concerning the Cordova employees exists in Minnesota, or exclusively or primarily in Minnesota. At most, it shows that as part of her discussions with Plaintiff's counsel concerning possible resolution, 3M's corporate counsel obtained and put into electronic form certain information concerning the individual Plaintiff. 3M does not deny that there are relevant records located in St. Paul, but this venue-neutral fact does not weigh in favor of the Northern District or outweigh transfer to the Central District.

Furthermore, although Plaintiff may be free to limit her case-in-chief to electronic records, 3M is entitled to a full and proper defense against this matter, including reliance on non-electronic records and live witnesses during any trial on this matter – a majority of whom reside and work in the Cordova area. To suggest that 3M would or should also be limited to electronic records in its defense is improper and inaccurate. As stated in 3M's Initial Memorandum, the vast majority of the significant documents and evidence, such as employee personnel files, compensation records, and documents that record the work performed, and the non-compensable time spent, by Plaintiff and the class she seeks to represent are housed at the Cordova plant. (Initial Mem., p.3). This is not shocking, as all the relevant and significant facts which form the

basis for Plaintiff's Complaint occurred at the Cordova facility, in the Central District. Thus, this factor weighs heavily in favor of transfer.

Plaintiff inaccurately relies on *Stanley v. Marion*, 2004 WL 1611074, at *3 (N.D. Ill. July 16, 2004) to support her contention that "[w]here documentary evidence, is easy to transport, this factor has *no impact* on the analysis." The *Stanley* court simply did not hold as such. In *Stanley*, the defendant attempted to argue that the sources of proof were more readily available in another district in a situation where the majority of the defendant's books and financial records relevant to the case had already been copied and transferred to Illinois. Additionally, the *Stanley* court found that the case was not one in which the parties needed access to non-documentary proof located in the other forum. Here, there is no claim that any significant volume of 3M's records has already been copied and produced in this venue. In addition, in this case, Plaintiff specifically takes issue with how employees at Cordova perform their work and are compensated within the plant, including issues with regard to alleged time spent "donning" and "doffing" uniforms, as well as time on other tasks at the plant. As such, unlike *Stanley*, this case is precisely one in which the parties may need access to non-documentary proof located at the Cordova facility in the Central District, including access to the plant facility itself in order to view it and the functions taking place there. Thus, a close reading of *Stanley* weighs in favor of transfer to the Central District.

Indeed, the only connection between the Northern District and this case is that one of Plaintiff's counsel works in Chicago. Plaintiff even alludes to this "convenience" for counsel in support of non-transfer. (Pl. Opp. p.9). The convenience of counsel is simply not a proper inquiry; indeed, it is an impermissible consideration in a transfer of venue analysis. *Aland* 2007 WL 4365340 at *4, n.5; *Flexicorps, Inc. v. Benjamin & Williams Debt Collectors, Inc.*, 2007 WL

1560212, *5, n.3 (N.D .Ill. May 29, 2007) (Kendall, J.).  Therefore, the private factors weigh heavily in favor of transfer to the Central District.

> **B.     Defendant's Motion to Transfer Venue Should Be Granted Because The Public Factors Weigh Heavily In Favor Of Transfer.**

A proper review of the public factors only further tips the scale in favor of transfer of this matter to the Central District.  There is no doubt that 3M has satisfied any burden to show that the balance of relevant factors heavily favor a transfer here.

> **1.     Plaintiff fails to establish the Central District's lack of familiarity or knowledge of her legal claims.**

Plaintiff's surprising suggestion that the judges of the Central District of Illinois are somehow less familiar with the Fair Labor Standards Act ("FLSA") is without basis.  There is simply no evidence that a federal court sitting in the Central District of Illinois is any less familiar with a federal statute, such as the FLSA, than the Northern District.  *See McCants*, 2007 WL 1650103 at *3.  Nor is there any evidence that the Central District court would not have a full and adequate command of applicable state law.  Not surprisingly, Plaintiff was not able to cite to a single case to support these claims either.

> **2.     The Central District is the more efficient forum.**

Plaintiff draws an inaccurate picture of what the statistics truly show with regard to each district's respective caseload and case management.  With respect to the efficient administration of justice, the 2007 Federal Court Management Statistics indicate that the median filing to trial time is 29 months in the Central District, whereas it is slightly higher in the Northern District at 29.7 months.  (*See* Pl. Opp. Exs. F & G).  Instead, Plaintiff conveniently attempts to cherry-pick the "relevant" statistics to confuse the Court with data related to the time from filing to disposition of a case in the respective districts.  However, the time from filing to disposition is not the same as the time from filing to trial, which is the relevant inquiry in determining how

quickly the matter can be tried. *Morton Grove*, 525 F.Supp.2d at *1046 ("Factors relevant to [the interests of justice] inquiry include the effect of transfer on the efficient administration of justice, including the likelihood of a *speedy trial*.") (emphasis added). Thus, Plaintiff's suggestion that the Central District is less expeditious is misleading. In fact, based on the controlling measure of median time from filing to trial, the factors again favor transfer to the Central District. (*Contra.* Pl. Opp. Exs. F & G). These data are not surprising because it is undisputed that the judges in the Central District carry a smaller caseload than the judges in the Northern District. *Id.* Thus, this factor also weighs in favor of transfer.

### 3. Plaintiff also ignores the Central District's substantial stake in this litigation.

Because the Plaintiff and the putative class members all reside and work in and around the Cordova area, and because the material events giving rise to the dispute took place there, the Central District has a substantial interest in the resolution of this case. *McCants*, 2007 WL 1650103 at *3. Further, it is in the public interest to have this dispute decided where it arose, and to have the local residents act as jurors for the case. *Id.* Consequently, this factor weighs heavily in favor of transfer.

### 4. Plaintiff's attempt at alleging a national interest in the case is unavailing in the transfer analysis.

Again, unsurprisingly, Plaintiff fails to cite to a single case to support her contention that 3M's facilities in other states mitigate the residents' of the Central District substantial interest in the outcome of this litigation. That is simply not the case. The Central District indeed maintains a unique and significant interest in the resolution of this case as it is the site of material events giving rise to this dispute. Furthermore, Plaintiff, by her own admissions, has no evidence as to the exact operations and policies in 3M's facilities across the nation, nor does her Complaint make any such allegations. Thus, there is no basis for Plaintiff to suggest that there is some sort

of national interest in this litigation outside of those interests of the Cordova employees.  Simply

put, Plaintiff has no knowledge of nor claims of relevance as to what policies and practices are

implemented anywhere else.  Accordingly, Plaintiff's argument has no merit and this case should

be transferred to the Central District.

## III.    CONCLUSION

On balance, the private and public factors heavily favor transferring this case from the

Northern District, which has no ties to this litigation, to the Central District, which is the site of

the claims made in the Complaint, the relevant events underlying those allegations, and the

residence of most witnesses.  Simply put, the Central District is a clearly more convenient forum

considering the relevant factors.  Plaintiff's counsel's offices are here, but this fact is irrelevant.

Therefore, for all of the reasons stated above and in 3M's Initial Memorandum in Support Its

Motion to Transfer Venue, 3M has amply satisfied its burden of showing that the factors heavily

favor transfer and respectfully asks the Court to grant Defendant's Motion to Transfer Venue to

the Central District of Illinois, Rock Island Division, pursuant to 28 U.S.C. § 1404(a).

Respectfully submitted,
3M COMPANY


s/Veronica Li
Veronica Li

John A. Ybarra (#06196983)
Stephanie Seay Kelly (#06275880)
Veronica  Li (#6286719)
LITTLER MENDELSON
A Professional Corporation
200 N. LaSalle Street
Suite 2900
Chicago, IL  60601
312.372.5520

Dated: June 20, 2008

## CERTIFICATE OF SERVICE

I, Veronica Li, certify that on June 20, 2008, a copy of the foregoing ***Defendant's Reply Memorandum In Support of Its Motion to Transfer Venue*** was filed electronically.  Notice of this filing will be sent to the following party by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Colleen M. McLaughlin
Elissa Joy Hobfoll
Law Offices of Colleen M. McLaughlin
1751 South Naperville Road
Suite 209
Wheaton, IL 60187

Robin B. Potter
Robin B. Potter & Associates, P.C.
111 East Wacker Drive
Suite 2600
Chicago, IL 60601

s/Veronica Li
Veronica Li