**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

**BARBARA J. LUEDERS,** individually
and on behalf of a class of similarly
situated persons,

          Plaintiff,

v.

**3M COMPANY,** a Delaware corporation,

          Defendant.

No:  08-CV-2457

Judge Wayne R. Andersen

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
CLASS ACTION COMPLAINT FOR AN ACCOUNTING,
INJUNCTIVE RELIEF, AND RECOVERY OF WAGES**

Defendant, 3M Company (hereinafter "3M"), by and through its attorneys, Littler

Mendelson, P.C., and for its Answer and Affirmative Defenses to Plaintiff's Class Action

Complaint, states as follows:

## JURISDICTION AND VENUE

1.     Defendant has violated and continues to violate the Illinois Minimum Wage Law
("IMWL"), 820 ILCS §105/1 *et seq*. and the Illinois Wage Payment and Collection Act
("IWPCA"), 820 ILCS §115/1 *et seq*. by refusing and failing to pay Plaintiff and other similarly
situated employees wages for all hours worked including overtime wages.  In addition,
Defendant has violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq*., and the
Portal to Portal Act, 29 U.S.C. §251 *et seq*., by refusing and failing to pay Plaintiff at least
minimum wage for all hours worked and overtime wages at the rate of one and one-half times
her regular hourly rate for all hours worked over 40 in a week.

**ANSWER:**  Defendant denies the allegations contained in Paragraph 1 of the Complaint.

2.     This Court has jurisdiction over these claims under the IMWL, 820 ILCS §
105/12(a), the IWPCA, 820 ILCS §115/11 and the FLSA, 29 U.S.C. §203(d).

**ANSWER:** Defendant admits that by virtue of its proper and timely removal pursuant to the Class Action Fairness Act and federal question at issue, jurisdiction over Plaintiff's claims is proper in this Court.

3.      Venue is proper in this Court because 3M does business in Cook County, Illinois and its registered agent is located in Cook County, Illinois.

**ANSWER:** Defendant admits that venue is proper in the U.S. District Court for the Northern District of Illinois, however, for the reasons set forth in its Motion to Transfer and supporting memorandum, and Reply Brief in support of the same, this case should be transferred to the Central District of Illinois pursuant to 29 U.S.C. §1404(a) as the most convenient venue in this case.

## PARTIES

4.      3M is a Delaware corporation, headquartered in St. Paul, Minnesota, and is involved in the research, manufacture and marketing of a great variety of products, including adhesives, magnetic tape, photographic products, medical, dental and office products.  Its plant located in Cordova, Illinois produces specialty adhesives.  On information and belief, Defendant 3M typically employs, at its facility in Cordova, Illinois, in excess of 300 non-exempt, hourly employees.

**ANSWER:** Defendant admits that it is incorporated in Delaware, and headquartered in St. Paul, Minnesota.  Defendant admits that it researches, manufactures and markets many products including adhesives, medical, dental, and office products.  Defendant denies that it is involved in the research, manufacture and marketing of magnetic tape and photographic products.  Defendant denies the remaining allegations contained in Paragraph 4 of the Complaint.

5.      Defendant 3M is an "employer" within the meaning of the IMWL, 820 ILCS §105/3, the IWPCA, 820 ILCS 115/2, the FLSA, 29 U.S.C. §203(d) and the Portal to Portal Act, 29 U.S.C. §262(a).

**ANSWER:**   The allegations contained in Paragraph 5 of the Complaint are legal conclusions for which no answer is required.   To the extent an answer is required, Defendant denies the allegations contained in Paragraph 5 of the Complaint.

6.      Plaintiff Lueders resides in Thomson, Illinois.  Plaintiff Lueders has consented to being a party plaintiff in this action.   Plaintiff worked as a full-time, non-exempt, hourly employee at the 3M Cordova facility from January 29, 1990 to May 24, 2007.  During the course of her employment, Lueders worked as a Chemical Processor in various units and buildings throughout the Cordova facility.

**ANSWER:**   On information and belief, Defendant admits that Plaintiff resides in Thomson, Illinois and has consented to being a party plaintiff in this action.   Defendant admits the remaining allegations contained in Paragraph 6 of the Complaint.

7.      At all relevant times, Plaintiff and the class, as defined below, have been covered "employees" within the meaning of the IMWL, 820 ILCS § 105/3(d), the IWPCA, 820 ILCS 115/2, the FLSA, 29 U.S.C. §203(e)(1) and the Portal to Portal Act, 29 U.S.C. §262(a).

**ANSWER:**   The allegations contained in Paragraph 7 of the Complaint are legal conclusions for which no answer is required.   To the extent an answer is required, Defendant denies the allegations contained in Paragraph 7 of the Complaint.

8.      The acts complained of herein have occurred at all times from at least November 2002, and continuing through the present.

**ANSWER:**  Defendant denies the allegations contained in Paragraph 8 of the Complaint.

### FACTS COMMON TO ALL COUNTS

9.      The 3M Cordova facility occupies over 700 acres and is comprised of several factories in over a dozen buildings.  Employees work around and directly with flammable liquids and chemicals.  The Cordova facility operates around the clock, 7 days a week.

**ANSWER:**  Defendant admits that its Cordova plant is located on approximately 700 acres and is comprised of several buildings.  Defendant also admits that some, but not all of its employees work near or with flammable liquids and/or chemicals.  Defendant further admits that

the Cordova plant typically, but not always operates 24 hours per day, 7 days per week. Defendant denies the remaining allegations contained in Paragraph 9 of the Complaint.

10.     The Cordova plant consists of two groups, Production and Plant Engineering. Production includes Chemical and Oxide Processors, Material Handlers, Finished Good Handlers, Environmental Material Handlers, and Yard Keepers.  Plant Engineering includes Mechanical, Electrical, Utilities, Servicepersons, Apprentices and Helpers.

**ANSWER:**  Defendant denies that the Cordova plant consists of two groups and further denies that the two described groups encompass all employees or job titles at the Cordova facility.  Defendant admits the remaining allegations contained in Paragraph 10 of the Complaint.

11.     Employees all carry identification badges and are required to swipe in and out at the guard gate to gain access to or leave the facility.  Thus, the exact time employee arrives at and departs the facility is recorded.

**ANSWER:**  Defendant admits that all Cordova employees are given security badges and are instructed to badge in and out of the "guard gate" to enter or exit the plaint premises. Defendant denies the remaining allegations contained in Paragraph 11 of the Complaint.

12.     3M plant employees work one of three types of schedules.  First, there is the "day shift," which consists of one 8-hour shift. Shift "start" time is normally at 0700 and shift "end" time is normally at 1500.

**ANSWER:**  Defendant denies the allegations contained in sentence 1 of Paragraph 12 of the Complaint.  Defendant admits the remaining allegations contained in Paragraph 12 of the Complaint.

13.     The second type of shift is referred to by 3M as "Three-Shift Operation," which consists of three 8-hour shifts.  The first shift normally "starts" at 0700 or 0800.

**ANSWER:**     Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14.     The third type of shift is referred to by 3M as the "4-Crew, 12 Hour Shift Operation," which consists of two 12-hour shifts that "begin" with the start of an employee's

regularly scheduled shift.  Day shift (code l) is from 0600-1800 and night shift (code 3) is from 1800-0600.

    **ANSWER:**  Defendant admits it has a "4-Crew, 12 Hour Shift Operation" consisting of two 12 hour shifts.  Defendant also admits that the Day Shift (code 1) is from 6:00 a.m. to 6:00 p.m., and the night shift (code 3) is from 6:00 p.m. to 6:00 a.m.  Defendant denies the remaining allegations contained in Paragraph 14 of the Complaint.

    15.    3M's policy manual states that employees on a straight 8-hour work schedule will be paid "time and one-half for work in excess of 8 hours in any day for which overtime has not been paid on some other basis."  Employees working an 8-hour shift are also entitled to a paid 20-minute lunch period and two paid 10-minute rest periods.

    **ANSWER:**  Defendant states that its "policy manual" speaks for itself, and as such, no answer is required to Paragraph 15 of the Complaint.  To the extent that an answer is required, Defendant admits the allegations contained in Paragraph 15 of the Complaint, to the extent that they are consistent with 3M's policy manual.

    16.    3M's policy manual states that employees working a 12-hour rotation work schedule will be paid "time and one-half for work in excess of 40 hours per workweek for which overtime has not been paid on some other basis."  Employees working a 12-hour shift are entitled to two 30-minute paid meal periods and up to 30 additional minutes of paid rest breaks. In addition, employees will be paid two times their regular base pay for all consecutive hours worked over 12.

    **ANSWER:**  Defendant states that its "policy manual" speaks for itself, and as such, no answer is required to Paragraph 16 of the Complaint.  To the extent that an answer is required, Defendant admits the allegations contained in Paragraph 16 of the Complaint, to the extent that they are consistent with 3M's policy manual.

    17.    Employees are paid every 2 weeks.  Employees assigned to the 12-Hour Shift Operation schedule will generally work 36 hours one week and 48 hours the next week.

    **ANSWER:**  Defendant admits that it pays some employees every 2 weeks.  Defendant also admits that employees who work the 12-Hour Rotating Shift typically alternate work weeks

of 36 hours and 48 hours.  Defendant denies the remaining allegations contained in Paragraph 17 of the Complaint.

18.    3M's policy manual also states that "paid absences such as vacations and holidays shall be considered time worked for the purpose of determining overtime payment."

**ANSWER:**  Defendant states that its "policy manual" speaks for itself, and as such, no answer is required to Paragraph 18 of the Complaint.  To the extent that an answer is required, Defendant admits the allegations contained in Paragraph 18 of the Complaint, to the extent that they are consistent with 3M's policy manual..

19.    The vast majority of Production and Plant Engineering employees are required by 3M as well as the nature of their work to wear flame resistant uniforms and other personal protective equipment ("PPE") such as eye protection, hard hats, ear plugs and steel-toed ESD rated safety shoes.  Uniforms, eye protection, hard hats, ear plugs and steel-toed, shock resistant safety shoes are donned and doffed at 3M.  At the end of shift, employees are instructed to shower before changing into their street clothes.

**ANSWER:**  Defendant admits that some, but not all, of its employees wear flame resistant uniforms and other Personal Protective Equipment ("PPE") while performing their job responsibilities.  Defendant denies that all PPE is donned and doffed at 3M.  Defendant admits that some employees are encouraged to shower at the end of shift, but denies that employees are required to do so.  Defendant denies the remaining allegations contained in Paragraph 19 of the Complaint.

20.    In addition to being required to change into and out of their uniforms and other PPE on the premises, most production employees are also required to report to their work stations, in work clothing attire, 20 minutes prior to the official start of their shift so that they can relieve their counterpart on the prior shift.

**ANSWER:**  Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21.    3M's employee manual instructs employees as follows:

*Making Proper Shift Change*
The work requirement is for everyone to make a proper shift

change.  This involves communication at the "work station."  The responsibility is to the unit, the product, and to the person being relieved.  Shift change at the workstation provides both employees an opportunity to discuss the process and the processes being monitored for safety and quality issues.  Shift changes that occur out of the work area <u>are not acceptable</u>.

**ANSWER:**  Defendant states that its "employee manual" speaks for itself, and as such, no answer is required to Paragraph 21 of the Complaint.  To the extent that an answer is required, Defendant admits the allegations contained in Paragraph 21 of the Complaint, to the extent that they are consistent with 3M's employee manual.

22.    The pre and post shift activities described herein are integral and indispensable activities that are performed for the benefit of the employer.  These activities are performed daily and regularly and the time involved is not *de minimis*.  The Plaintiff and the class are entitled to be paid for all time engaged in these activities.

**ANSWER:**  Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23.    Although it is the employer's burden to keep accurate employee time records under 29 U.S.C. §211(c); 820 ILCS §105/8, 3M requires its employees to keep their own time records for payroll purposes.  Employees are instructed to record only their total time to be paid for any given shift, which is less than the time that they actually worked.  Employees are not allowed to record the exact times they start and end their work day or the exact times they leave their work station or return to their work stations for meal breaks.  For example, an employee would typically record only "8 hours" or "12 hours" for any given date worked.  In actuality, that employee may have worked as much as 8 1/2 to 9 hours, depending on how long it took them to change into their uniform and walk to their work station in order to arrive and start work 20 minutes prior to the official start of their shift and to change out of their uniforms and back into street clothes at the end of their shift.  Supervisors are responsible for checking the employee's recorded total time for any given shift.  Only the employee and his/her supervisor are authorized to record an individual employee's time.

**ANSWER:**  Defendant states that Sentence 1 of Paragraph 23 of the Complaint is a legal conclusion that requires no answer.  To the extent that an answer is required Defendant admits that employees typically enter their own time, but deny that 3M requires them to keep their own time records.  Defendant denies the allegations contained in Sentences 2 through 5 of Paragraph 23 of the Complaint.  Regarding Sentence 6, Defendant admits that supervisors have access to

their employees' time records for purposes of review. Defendant denies the allegations contained in Sentence 7 of Paragraph 23 of the Complaint.

24.    Employees are not paid at either their regular or applicable overtime rate for the time it takes to don their uniforms and other PPE.

**ANSWER:**    Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25.    Employees are not paid for the time it takes to walk from the locker room to their work stations prior to the start of their shift.

**ANSWER:**    Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26.    Employees are not paid at either their regular or applicable overtime rate for reporting to their work stations 20 minutes prior to the official start of their shifts.

**ANSWER:**    Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27.    Although most of the time, employees are relieved from duty prior to the official end of shift, employees do not always complete the tasks of walking to the locker room, showering, an changing into street clothes prior to the official end of their shift. Thus, employees are not paid for all the time required to perform these tasks.

**ANSWER:**    Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28.    Defendant, 3M, was aware of its obligation to pay employees for all hours worked and to pay overtime and intentionally chose not to pay Plaintiff and the class. Defendant acted in bad faith in failing to compensate Plaintiff and the class for all work performed.

**ANSWER:** Defendant denies that it intentionally disregarded any known obligation to pay employees. Defendant denies the allegations contained in Sentence 2 of Paragraph 28 of the Complaint.

## CLASS ALLEGATIONS - IMWL and IWPCA

29.    Plaintiff seeks to represent a class of all former and current, non-exempt, hourly plant employees who worked at the Cordova 3M facility at any time between November of 2002 and continuing through the present, who are/were required to don and doff uniforms and other PPE on 3M premises, and/or who are/were required to report to their workstations approximately 20 minutes prior to the official start of their shift, and who were not paid either their regular or overtime pay for engaging in these activities.

**ANSWER:** Defendant acknowledges that Plaintiff purports to bring this action on behalf

of herself and as a class action to obtain relief for all other persons similarly situated.  Defendant

lacks sufficient knowledge to admit or deny the purported class Plaintiff seeks to represent, and

thus denies the remaining allegations contained in Paragraph 29 of the Complaint.

30.    The Plaintiff and the members of the class have a commonality of interest in the subject matter (Defendant's common company wide personnel policies) and the remedy sought (payment by Defendant of all unpaid wages at their applicable regular or overtime rate and penalties as allowed by law).

**ANSWER:**    Defendant denies the allegations contained in Paragraph 30 of the

Complaint.

31.    There are several predominate [sic] questions of fact common to Plaintiff and the class, including (1) the fact that Plaintiff and the class are all non-exempt employees who worked in similar manufacturing-related positions for 3M; (2) the fact that Plaintiff and the class were/are all compensated on an hourly basis; (3) the fact that Plaintiff and the class were/are all subject to the same wage and hour policies and procedures including hours paid at the employee's overtime rate; (4) the fact that Plaintiff and the class were/are all required to record their total time on the same computerized system; (5) the fact that Plaintiff and the class were/are subject to the same polices and procedures concerning work related activities such as the time they were expected to report to their work stations, and the requirement to don and doff their Personal Protection Equipment, including uniforms, on 3M premises; and (6) the fact that Plaintiff and the class were/are all compensated by the same payroll department, on the basis of common time records, payroll policies, documents and computer systems.

**ANSWER:** Defendant denies the allegations contained in Paragraph 31 and all subparts

(1) through (6) of the Complaint.

32.    In addition, there are questions of law common to Plaintiff and the class, including but not limited to: (1) whether donning and doffing uniforms and walking to and from work stations and locker rooms is compensable "work" time; (2) whether the Defendant's failure to pay Plaintiff and the class wages at all for certain hours worked violated the IMWL and the

IWPCA; (3) whether the Defendants' failure to pay Plaintiff and the class overtime at the statutory rate of one and one-half their regular hourly rate for all hours worked over forty in a one-week period violated Illinois law; and (4) whether the Defendant's failure to pay Plaintiff and the class overtime at their promised rate of pay for all hours worked over 8 or 12 hours in a day violated Illinois law.

**ANSWER:**  Defendant states that the allegations contained in Paragraph 32 and all subparts (1) through (4) of the Complaint are legal conclusions that require no answer.  To the extent that a response is required, Defendant denies that the allegations contained in Paragraph 32 and all subparts (1) through (4) of the Complaint are questions of law common to Plaintiff and the purported class she seeks to represent.

33.     The class is sufficiently numerous to make joinder impracticable.  On information and belief, at any given time, the Defendant employs over 300 non-exempt, hourly employees who have engaged in the compensable pre and post shift activities described herein and have not been paid for same.  This factor alone makes joinder impracticable.

**ANSWER:**  Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34.     Plaintiff's claims are typical of the claims of the class. Plaintiff individually suffered and was damaged by all violations enumerated above and complained of herein. Plaintiff's claims are typical of those of the proposed class in all material respects.

**ANSWER:**  Defendant denies the allegations contained in Paragraph 34 of the Complaint.

35.     Plaintiff is able to fairly and adequately represent and protect the interests of the class as whole.  Plaintiff has willingly undertaken and is able to prosecute these claims on behalf of herself and all similarly-situated persons.

**ANSWER:**  Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36.     This is not a collusive or friendly action.   Plaintiff has retained counsel experienced in wage and hour and in class action litigation.

**ANSWER:**  Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 36 of the Complaint, and thus denies the same.

37.     A class action is superior to other available means for the fair and efficient adjudication of the controversy alleged in this Complaint.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual action would engender.  Furthermore, as the damages suffered by each individual member of the class may be relatively small, the expenses and burden of individual litigation would make it difficult or impossible for individual members of the class to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action.  The cost to the court system of adjudication of such individualized litigation would be substantial.  Individualized litigation would also present the potential for inconsistent or contradictory judgments.  If individual actions were required to be brought by each of the members of the Plaintiff Class injured or affected, it would necessarily result in a multiplicity of lawsuits, creating a hardship to the individual plaintiff and to the court, as well as to the defendant.  Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this controversy and distribution of the common fund to which the class is entitled.

**ANSWER:**     Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38.     Plaintiff and the class meet all the requirements for class certification.

**ANSWER:**     Defendant denies the allegations contained in Paragraph 38 of the Complaint.

## COUNT I
## ILLINOIS MINIMUM WAGE LAW

39.     Plaintiff realleges and restates paragraphs 1-38, as if fully set forth herein.

**ANSWER:**     Defendant restates its answers to Paragraphs 1 through 38 of the Complaint, as though fully set forth herein.

40.     Plaintiff seeks to recover from Defendant, for herself and the members of the class, wages for unpaid hours worked, overtime, punitive damages, attorneys' fees and costs pursuant to Section 12(a) of the IMWL, 820 ILCS §105/12(a).

**ANSWER:**     Defendant denies that Plaintiff Lueders or any purported class is entitled to any of the damages or relief contained in Paragraph 40 of the Complaint.  Defendant denies the remaining allegations contained in Paragraph 40 of the Complaint.

41.    Defendant is required to pay its non-exempt employees overtime at a rate of not less than one and one-half times their regular hourly rate for all worked in excess of 40 in one week.  820 ILCS § 105/4(A)(1).  Defendant is required to pay its non exempt employees no less than minimum wage for all hours worked. 820 ILCS §105/4(a).

**ANSWER:**    Defendant states that the allegations contained in Paragraph 41 of the Complaint are legal conclusions to which no answer is required.  To the extent an answer is required, Defendant admits the allegations contained in Paragraph 41 of the Complaint.

42.    At all relevant times, Plaintiff and the class of similarly situated employees were entitled to be paid overtime for hours worked in excess of forty hours per week.  Plaintiff and the class were entitled to be paid at least minimum wage for all regular hours worked.

**ANSWER:**    Defendant states that the allegations contained in Paragraph 42 of the Complaint are legal conclusions to which no answer is required.  To the extent an answer is required, Defendant admits only that Plaintiff was entitled to be paid overtime for hours worked in excess of 40 per week and minimum wage for all regular hours worked.  Defendant denies all remaining allegations contained in Paragraph 42 of the Complaint.

43.    At all relevant times, Defendant refused and/or failed to pay Plaintiff and other similarly situated employees for all hours worked and for overtime at time and one half, as follows:

      a.    Plaintiff and the class are required to don uniforms and other PPE prior to reporting to their work stations.  Defendant does not pay its employees for the time it takes to don their uniforms and other PPE and to walk from their locker rooms to their work stations.

      b.    Plaintiff and the class are required to report to their work stations approximately 20 minutes prior to the start of their shifts.  Defendant does not pay its employees for reporting to their work stations early.

      c.    Plaintiff and the class are required to doff their uniforms and don street clothes prior to leaving the facility.  On information and belief, Defendant does not always pay for its employees to doff their uniforms and change into street clothes.

**ANSWER:**    Defendant denies the allegations contained in Paragraph 43 and all subparagraphs (a) through (c) of the Complaint.

44.    Defendant has promised to pay its employees who are assigned to an 8-hour shift at a rate of one and a half times their regular rate of pay for all hours worked over 8 in any day.

**ANSWER:**  Defendant admits that it is its practice to pay hourly non-exempt employees who work an 8-hour shift at a rate of one and a half times their regular rate of pay for all hours worked over 8 in a day.  Defendant denies the remaining allegations contained in Paragraph 44 of the Complaint.

45.    Defendant has promised to pay its employees at a rate of two times their regular rate of pay for all consecutive hours worked over 12 in any day.

**ANSWER:**  Defendant admits that it is its practice to pay hourly non-exempt employees who work a 12-hour shift at a rate of two times their regular rate of pay for all hours worked over 12 in a day.  Defendant denies the remaining allegations contained in Paragraph 45 of the Complaint.

46.    Defendant has failed to pay Plaintiff and the class their promised overtime wage or the statutory overtime wage required by the IMWL for hours worked over 40 in a workweek.

**ANSWER:**    Defendant denies the allegations contained in Paragraph 46 of the Complaint.

47.    In addition to underpaying Plaintiff and the class as described above, Defendant has failed to pay Plaintiff and the class at all, at either their promised wage rate or minimum wage rate, for certain hours they worked.

**ANSWER:**    Defendant denies the allegations contained in Paragraph 47 of the Complaint.

48.    Plaintiff and all similarly situated employees have been damaged by Defendant's violations of the IMWL, outlined above, in an amount not presently ascertainable.

**ANSWER:**    Defendant denies the allegations contained in Paragraph 48 of the Complaint.

49.    Defendant knew, or should have known, of the IMWL requirement to pay employees minimum wage for all hours worked and overtime for all hours over 40 worked in a

week and that the activities described herein are "work" for which employees must be compensated. Defendant's violations of the IMWL were willful.'

**ANSWER:** Defendant denies the allegations contained in Paragraph 49 of the Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, and the class she represents, asks the court:

A.    To order Defendant to make an accounting of all the hours worked and wages paid to the Plaintiff and to each and every class member she represents commencing at least in November 2004 through and to the present;

B.    For a judgment for all back wages due, as provided by the Illinois Minimum Wage Law, 820 ILCS 105/1 et seq;

C.    For prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive damages under The Illinois Minimum Wage Law, 820 ILCS 105/12a;

D.    For reasonable attorney's fees and costs of this action as provided by the Illinois Minimum Wage Law, 820 ILCS 10511 et seq;

E.    Enter an injunction requiring Defendant to comply with the Illinois Minimum Wage Act in the future; and

F    For such other and further relief as the Court may deem just and equitable.

**ANSWER:** Defendant denies that Plaintiff Lueders and any purported class members she seeks to represent are entitled to the damages or relief contained in Prayer for Relief, subparagraphs (A) through (F), of Count I of the Complaint.

## COUNT II
## ILLINOIS WAGE PAYMENT AND COLLECTION ACT

50.    Plaintiff realleges and restates paragraphs 1-38, as if fully set forth herein.

**ANSWER:** Defendant restates its answers to Paragraphs 1 through 38 of the Complaint, as though fully set forth herein.

51.    Plaintiff seeks to recover from Defendant, for herself and the members of the class, wages for unpaid hours worked, at the rate of pay promised by Defendant, attorneys' fees

and costs pursuant to Section 14 of the IWPCA, 820 ILCS 115/14 and the Illinois Attorneys Fees In Wage Actions Act, 705 ILCS 225/1.

**ANSWER:**  Defendant denies that Plaintiff Lueders or any purported class is entitled to any of the damages or relief contained in Paragraph 51 of the Complaint.  Defendant denies the remaining allegations contained in Paragraph 51 of the Complaint.

52.    Defendant is required to pay its non-exempt employees "wages" in the amount agreed to between the parties.  820 ILCS 115/2.

**ANSWER:**  Defendant states that the allegations contained in Paragraph 52 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 52 of the Complaint.

53.    At hire and continuing thereafter, Defendant promised to pay its employees who are assigned to an 8-hour shift at a rate of one and a half times their regular rate of pay for all hours worked over 8 in any day.

**ANSWER:**  Defendant admits that it is its practice to pay hourly non-exempt employees who work an 8-hour shift at a rate of one and a half times their regular rate of pay for all hours worked over 8 in a day.  Defendant denies the remaining allegations contained in Paragraph 53 of the Complaint.

54.    At hire and continuing thereafter, Defendant promised to pay its employees at a rate of two times their regular rate of pay for all consecutive hours worked over 12 in any day.

**ANSWER:**  Defendant admits that it is its practice to pay hourly non-exempt employees who work a 12-hour shift at a rate of two times their regular rate of pay for all hours worked over 12 in a day.  Defendant denies the remaining allegations contained in Paragraph 54 of the Complaint.

55.    At all relevant times, Defendant agreed to pay Plaintiff and the class of similarly situated employees for all hours worked, at their promised rates, including promised overtime rates, and Defendant had the ability to pay said wages.

**ANSWER:**    Defendant admits the allegations contained in Paragraph 55 of the Complaint.

56.    At all relevant times, Defendant refused and/or failed to pay Plaintiff and other similarly situated employees for all hours worked as follows:

      a.    Plaintiff and the class are required to don uniforms and other PPE prior to reporting to their work stations, Defendant does not pay its employees for the time it takes to don their uniforms and other PPE and to walk from their locker rooms to their work stations.

      b.    Plaintiff and the class are required to report to their work stations approximately 20 minutes prior to the start of their shifts.  Defendant does not pay its employees for reporting to their work stations early.

      c.    Plaintiff and the class are required to doff their uniforms and don street clothes prior to leaving the facility.  On information and belief, Defendant does not always ay for its employees to doff their uniforms and change into street clothes.

**ANSWER:**    Defendant denies the allegations contained in Paragraph 56 and all subparagraphs (a) through (c) of the Complaint.

57.    Defendant was required to pay Plaintiff and the class members the overtime and regular wages described above, in each and every pay period. 820 ILCS 115/3.

**ANSWER:**    Defendant states that the allegations contained in Paragraph 57 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 57.

58.    Plaintiff and all similarly situated employees have been damaged by Defendant's violation of the IWPCA, outlined above, in an amount not presently ascertainable.

**ANSWER:**    Defendant denies the allegations contained in Paragraph 58 of the Complaint.

59.    Defendant knew, or should have known, of the IWPCA requirement to pay employees the agreed to wage for all hours worked and that the activities described herein are "work" for which employees must be compensated.  Defendant's violations of the IWPCA were willful.

**ANSWER:**    Defendant denies the allegations contained in Paragraph 59 of the Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the class she represents ask the court:

A.    To order Defendant to make an accounting of all the hours worked and wages paid to the Plaintiff and to each and every class member they represent commencing at least in November 2002 through and to the present.

B.    To enter judgment in favor of the Plaintiff and the class she represents, and against the Defendant for the back wages due, plus prejudgment interest.

C.    To award reasonable attorney's fees and costs of this action as provided by the Illinois Attorneys Fees In Wage Actions Act, 705 ILCS 225/1.

D.    To enter an injunction requiring Defendant to comply with the Illinois Wage Payment and Collection Act in the future; and,

E.    For such other and further relief as may be just in law and in equity.

**ANSWER:**    Defendant denies that Plaintiff Lueders and any purported class members she seeks to represent are entitled to the damages or relief contained in Prayer for Relief, subparagraphs (A) through (E), of Count II of the Complaint.

## COUNT III
## FAIR LABOR STANDARDS ACT

60.    Plaintiff realleges and restates paragraphs 1-28, as if fully set forth herein.

**ANSWER:**    Defendant restates its answers to Paragraphs 1 through 28 of the Complaint as though fully set forth herein.

61.    Pursuant to the FLSA, 29 U.S.C. §201 *et seq.* and the Portal to Portal Act, 29 U.S.C. §251 *et seq.*, Plaintiff, Barbara Lueders, is entitled to compensation at a rate of at least the minimum wage for all hours worked and at a rate not less than one and one-half her regular rate of pay for all hours worked in excess of forty (40) in any week during the two (2) years preceding the filing of this Complaint.

**ANSWER:**    Defendant states that the allegations contained in Paragraph 61 of Count III of the Complaint are legal conclusions to which no response is required.  To the extent that an

answer is required, Defendant admits the allegations contained in Paragraph 61 of Count III of the Complaint.

62.     At all relevant times, Defendant refused and/or failed to pay Plaintiff minimum wage for all hours worked and overtime at time and one half for certain hours worked, as follows:

      a.     Plaintiff was required to don her uniform and other PPE prior to reporting to her work station.  Defendant did not pay Plaintiff for the time it takes to don her uniform and other PPE and to walk from her locker room to her work station.

      b.     Plaintiff was required to report to her work station approximately 20 minutes prior to the start of her shift.  Defendant did not pay Plaintiff for reporting to her work station early.

      c.     Plaintiff was required to doff her uniform, shower, and don street clothes prior to leaving the facility.  Defendant does not always pay Plaintiff to doff her uniform and change into street clothes.

**ANSWER:**     Defendant denies the allegations contained in Paragraph 62 and subparagraphs (a) through (c) of Count III of the Complaint.

63.     The aforementioned failure to pay minimum wages and overtime by Defendant violates the minimum wage and overtime provisions of the FLSA 29 U.S.C. §213(a)(1).

**ANSWER:**     Defendant denies the allegations contained in Paragraph 63 of Count III of the Complaint.

64.     Plaintiff has been damaged by Defendant's violation of the FLSA in an amount not presently ascertainable.

**ANSWER:**     Defendant denies the allegations contained in Paragraph 64 of Count III of the Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter judgment as follows:

A.     For the full amount of wages due for all hours worked, including overtime compensation, and an equal amount in liquidated damages, plus pre-judgment interest for the 2 years preceding the filing of this Complaint.

B.      For reasonable attorney's fees and costs; and

C.      For such other and further relief as this Court deems necessary and just.

**ANSWER:**  Defendant denies that Plaintiff Lueders and any purported class members she seeks to represent are entitled to the damages or relief contained in the Prayer for Relief, subparagraphs (A) through (C) of Count III of the Complaint.

## COUNT IV
## WILLFUL VIOLATION OF THE FLSA

65.      Plaintiff realleges and restates paragraphs 60-64, as if fully set forth herein.

**ANSWER:**  Defendant restates its answers to Paragraphs 60 through 64 as though fully set forth herein.

66.      Defendant knew or should have know of the FLSA and Portal to Portal Act requirements to pay employees minimum wage for all hours worked and overtime for all hours over 40 worked in a week.  The aforementioned failure to pay minimum wages and overtime by Defendant was willful, entitling Plaintiff to compensation at a rate of not less than one and one-half times her regular rate of pay for all hours worked in excess of 40 in any given week during the three (3) years preceding the filing of this Complaint.

**ANSWER**:  Defendant admits that it is aware of the minimum wage and overtime provisions of the FLSA and Portal-to-Portal Act.  Defendant denies the remaining allegations contained in Paragraph 66 of Count IV of the Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter judgment as follows:

A.      For the full amount of wages due for all hours worked, including overtime compensation, and an equal amount in liquidated damages, plus pre-judgment interest for the three years preceding the filing of this Complaint.

B.      For reasonable attorney's fees and costs; and

C.      For such other and further relief as this Court deems necessary just.

**ANSWER:**     Defendant denies that Plaintiff Lueders and any purported class members she seeks to represent are entitled to the damages or relief contained in the Prayer for Relief, subparagraphs (A) through (C) of Count IV of the Complaint.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's Complaint must fail as she has failed to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiffs' claims must fail to the extent that they are barred by the applicable statue of limitations.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims must fail as Defendant properly treated and compensated Plaintiff and any putative class member she seeks to represent under the Illinois Wage Payment and Collection Act, Illinois Minimum Wage Law and the Fair Labor Standards Act as amended by the Portal-to-Portal Act.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims for damages must fail as Defendant did not act willfully or with reckless disregard of applicable Illinois Wage Payment and Collection Act, Illinois Minimum Wage Law, or Fair Labor Standards Act prohibitions.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff Lueders has not alleged any facts demonstrating she was engaged in activities that are compensable and for which she was not paid under the Illinois Wage Payment and Collection Act, Illinois Minimum Wage Law, or the Fair Labor Standards Act as amended by the

Portal-to-Portal Act, and, therefore, her claims must fail.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff Lueders has not alleged any facts demonstrating she was engaged in activities that are compensable and for which she was not paid under the Illinois Wage Payment and Collection Act, Illinois Minimum Wage Law, or the FLSA as amended by the Portal-to-Portal Act, and, therefore, she cannot serve as a class representative to this case.

## SEVENTH AFFIRMATIVE DEFENSE

Even if Plaintiff and any putative class members she seeks to represent allege facts constituting compensable activity, those activities are *de minimis* in nature such that compensation is not required under the Illinois Wage Payment and Collection Act, Illinois Minimum Wage Law and the Fair Labor Standards Act as amended by the Portal-to-Portal Act, therefore Plaintiff's claims must fail.

## EIGHTH AFFIRMATIVE DEFENSE

There being no proper class representative, the entire complaint for class action relief must be dismissed.

## NINTH AFFIRMATIVE DEFENSE

That even if, *arguendo*, Plaintiff, or any putative class member, could establish a claim for damages, Plaintiff and any putative class member failed to mitigate such damages, if any.

## TENTH AFFIRMATIVE DEFENSE

Defendant acted reasonably and in reliance upon written administrative regulations, order, or ruling to insure full compliance with all applicable requirements of the Illinois Wage Payment and Collection Act, Illinois Minimum Wage Law the Fair Labor Standards Act relative to compensation paid to Plaintiffs.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint and each cause of action therein fails to state a valid claim for waiting time penalties, punitive, exemplary or liquidated damages.  Defendant has made good faith efforts to comply with the law and as such even if, *arguendo*, Plaintiff could establish any of the claims alleged in the Complaint there has been no willful violation of law.

## TWELFTH AFFIRMATIVE DEFENSE

Even if Plaintiff could establish a valid claim for penalties under the Illinois Minimum Wage Law, recovery, if any, would be limited from the date of amendment of that Act permitting employees to recover the penalty in a private cause of action**,** and would not be applied retroactively.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a cognizable class under Federal Rule of Civil Procedure 23, Illinois State law, or under any applicable rule or law regulating the maintenance of collective or class actions, including but not limited to Plaintiff's failure to establish the requisite numerosity, commonality, typicality of claims and defenses, and representative status and/or standing.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendant has not yet completed a thorough investigation and study or completed discovery of all facts and circumstances of the subject matter of the Complaint, and accordingly reserves the right to amend, modify, revise, or supplement their Answer, and to plead such further defenses and take such further actions as it may deem proper and necessary in its defense upon the completion of said investigation and study.

To the extent that any of the foregoing allegations in the Complaint have not been

expressly admitted or denied, there are hereby denied.

WHEREFORE, Defendant, 3M Company, respectfully requests that this Court enter judgment in its favor, that Plaintiff take nothing thereby, and that this Court award Defendant any and all further relief that this Court deems appropriate.

Respectfully submitted,

3M COMPANY

By:/s/Stephanie Seay Kelly
                      One of Its Attorneys

John A. Ybarra
Stephanie Seay Kelly
Veronica Li
LITTLER MENDELSON, P.C.
200 N. LaSalle Street, Suite 2900
Chicago, IL  60601
312.372.5520
Firm I.D. 34950

Dated: June 27, 2008

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 27, 2008, a copy of ***Defendant's Answer and Affirmative Defenses to Plaintiff's Class Action Complaint,*** was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic system.

Colleen M. McLaughlin
colleen@cmmclaw.com

Elissa Joy Hobfoll
ehobfoll@ameritech.net

Robin B. Potter
Robinpotter@igc.org


By:_____s/Stephanie Seay Kelly_____
Stephanie Seay Kelly

Firmwide:85668721.1 026010.1001