**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **BARBARA J. LEUDERS, individually** | ) | |
| **and on behalf of a class of similarly** | ) | |
| **situated persons,** | ) | |
| | ) | **No. 08 C 2457** |
| **Plaintiff,** | ) | |
| | ) | **Wayne R. Andersen** |
| **v.** | ) | **District Judge** |
| | ) | |
| **3M COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on defendant 3M Company's motion to transfer venue to the United States District Court for the Central District of Illinois pursuant to 28 U.S.C. § 1404(a). For the following reasons, that motion is granted.

## BACKGROUND

Plaintiff Barbara Leuders ("Leuders") is a resident of Thomson, Illinois and a former employee of defendant 3M Company's ("3M") manufacturing plant in Cordova, Illinois. 3M is incorporated in Delaware and its corporate headquarters are located in St. Paul, Minnesota. 3M's Cordova plant manufactures a variety of specialty chemicals and adhesives which ultimately are used in products sold by 3M to its customers. Cordova is on the Illinois banks of the Mississippi River in Rock Island County, Illinois, which falls within the jurisdiction of the United States District Court for the Central District of Illinois and is approximately 155 miles away from this court in Chicago, Illinois.

On April 23, 2008, Leuders filed this putative class action in the Circuit Court of Cook County, Illinois. On April 29, 2008, 3M removed this action to this court. In her complaint, Leuders seeks to represent a putative class of former or current employees of 3M's Cordova plant. Leuders alleges that she and the class members were subject to unlawful employment practices and policies at the Cordova plant. Specifically, Leuders alleges that 3M violated the Illinois Minimum Wage Law, 820 ILCS § 105/12(a), and the Illinois Wage Payment and Collection Act, 820 ILCS § 115/14, by failing to pay hourly, non-exempt employees for the time that they were required to don and doff uniforms and other protective equipment and report to their work stations 20 minutes prior to the start of their shifts. Leuders also alleges, on behalf of herself, that 3M violated the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, by failing to pay Leuders minimum wages for all hours worked and overtime for certain hours. 3M now moves to transfer this action to the United States District Court for the Central District of Illinois.

## DISCUSSION

"For the convenience of parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). To succeed on a motion to transfer venue, the defendant must demonstrate: (1) that venue is proper in the transferor district; (2) that venue is proper in the transferee district; and (3) that the transfer will serve the convenience of the parties and witnesses, as well as the interests of justice. *Morton Grove Pharms., Inc. v. Nat'l Pediculosis Ass'n*, 525 F. Supp. 2d 1039, 1044 (N.D. Ill. 2007). Here, there is no dispute that venue is proper both in the Northern and Central Districts of Illinois. Therefore, we will focus our analysis on whether the third prong weighs in favor of transfer.

2

In determining whether a forum is more convenient and whether transfer is in the interests of justice, courts consider both the private interests of the parties and the public interest of the court. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (1947). The party seeking transfer bears the burden of showing that "the transferee forum is clearly more convenient than the transferor forum." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 220 (7th Cir. 1986). Transfer is not appropriate if it will merely transform an inconvenience for one party into an inconvenience for another. *See id.*

A.    *The Private Interests Factors Weigh In Favor of Transfer*

Factors relevant to the parties' private interests include: (1) the plaintiff's choice of forum; (2) the convenience of the forum for the parties; (3) the convenience of the forum for the witnesses; (4) the situs of material events; and (5) the ease of access to sources of proof. *Morton Grove Pharms.*, 525 F. Supp. 2d at 1044. Here, these factors weigh in favor of transfer to the Central District of Illinois.

1.    Plaintiff's Forum Choice

It has long been held that "the plaintiff's choice of forum should rarely be disturbed." *Gulf Oil Corp.*, 330 U.S. at 509. However, "the plaintiff's choice of forum is given less weight when the plaintiff is a non-resident of the chosen forum, when the plaintiff sues derivatively or as a class representative, and where the cause of action did not conclusively arise in the chosen forum." *Carbonara v. Olmos*, No. 93 C 2626, 1993 U.S. Dist. LEXIS 16156, at *6 (N.D. Ill. Nov. 15, 1993) (citing *Countryman v. Stein Roe & Farnham*, 681 F. Supp. 479, 482-83 (N.D. Ill. 1987)). Here, Leuders first filed this action in the Circuit Court of Cook County in Chicago, Illinois, which is located in the Northern District of Illinois. However, for the reasons stated

below, we find that other private interest factors that favor transfer outweigh Leuders' forum choice in this case.

2.     Convenience of the Parties and Witnesses

An evaluation of the convenience of the parties and witnesses makes clear that this case should be transferred to the Central District of Illinois.  "[T]he convenience of the witnesses is one of the most important factors to be considered."  *First Nat'l Bank v. El Camino Resources Ltd.*, 447 F. Supp. 2d 902, 913 (N.D. Ill. 2006).  "More weight is afforded non-party witnesses than witnesses within the control of the parties, as it is presumed that party witnesses will appear voluntarily."  *Id.*  Here, neither party has identified any potential non-party witnesses.  Thus, the convenience to non-party witnesses is not a significant factor in our determination.  With respect to the parties and party-witnesses, the Central District of Illinois is clearly the more convenient forum.  Leuders' residence in Thomson, Illinois is closer to the Central District of Illinois than to this court.  Further, nearly all of the former and current Cordova plant employees that Leuders seeks to represent live in or near the Central District of Illinois.  3M has identified 18 potential key management witnesses from its Cordova plant, all of which also live in the Cordova area.  It is far more convenient for those witnesses to travel to the Central District of Illinois than to this court.  Thus, this factor clearly weighs in favor of transfer.

3.     Situs of Material Events

There is no dispute that material events in this case occurred in 3M's Cordova plant, which is located in the Central District of Illinois.  Leuders argues that material events also occurred in St. Paul, Minnesota, home of 3M's corporate headquarters.  Even if Leuders is correct, the fact that some material events might have occurred in St. Paul, Minnesota in no way establishes a connection to the Northern District of Illinois.  Thus, the Central District clearly has

4

the edge over the Northern District as the locus of material events. Accordingly, this factor weighs in favor of transfer.

      4.     Ease of Access to Sources of Proof

The final private interest consideration is the parties' access to sources of proof. 3M argues that much or all of its documentary evidence is located in its Cordova plant in the Central District of Illinois. Leuders counters that much, if not all, of the documentary evidence in this case is stored electronically at 3M's corporate headquarters in St. Paul, Minnesota and that this evidence can be easily shared and transferred. Regardless of where the evidence is located, it is clear that much of the operative evidence in this wage claim litigation will be documentary in nature, whether in electronic or hard-copy form, and will be easily transferable. When documents are easily transferable, access to proof is a neutral factor. *Id.* at 912. Accordingly, this factor weighs neither for nor against transfer.

B.    *The Public Interest Factors are Neutral*

Public interest factors traditionally considered in the "interests of justice" analysis relate to the efficient administration of justice, the court's familiarity with the relevant law, and whether the jurors in a particular district have a stake in the outcome of the litigation. Here, both the Northern and Central Districts are familiar with the relevant law and presumably will administer justice efficiently. Thus, those factors favor neither district. Moreover, 3M has manufacturing plants in many locations throughout the United States and 3M's employment policies and practices at 3M's plant locations presumably come from 3M's corporate offices in St. Paul, Minnesota. Thus, neither the Northern District nor the Central District have any unique interests in the outcome of this case. Accordingly, the public interest factors favor neither district.

*C.    Summary of Findings*

It is this court's judgment that this case should be transferred to the Central District of Illinois.  We find that the Central District is clearly the more convenient forum for both the parties and witnesses, that the situs of material events is the Central District and, in any event, that clearly none of the material events occurred in the Northern District.  Accordingly, 3M's motion to transfer venue to the Central District of Illinois is granted.

## CONCLUSION

For the foregoing reasons, defendant 3M Company's motion to transfer venue [8] to the United States District Court for the Central District of Illinois is granted.


It is so ordered.

                                                  Wayne R. Andersen
                                       United States District Judge

Dated:   July 9, 2008