**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| BARBARA J. LUEDERS, individually and on behalf of a class of similarly situated persons, | ) ) ) | |
| | ) | Case No. 08-cv-2457 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| 3M COMPANY, a Delaware corporation, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF
THEIR MOTION TO STRIKE PORTIONS OF DEFENDANT'S
ANSWER AND AFFIRMATIVE DEFENSES**

Plaintiff Barbara Lueders has brought this action on behalf of herself, and a class of her current and former co-workers. Plaintiffs are hourly-paid employees of a manufacturing plant in Cordova, Illinois which produces adhesives. During the relevant time period, defendant required plaintiffs to perform certain categories of work without compensation. *Inter alia,* it required employees to report to work approximately 20-minutes prior to the start of their scheduled-shift, yet failed to compensate them for this time. It also failed to pay employees for time spent donning (and sometimes doffing) Personal Protective Equipment, particularly their fire-retardant uniforms, and for walking to (and sometimes from) their work stations. Plaintiffs' Complaint seeks back wages and penalties as allowed under the Fair Labor Standards Act (FLSA), the Illinois Minimum Wage Law (IMWL), and the Illinois Wage Payment and Collection Act (IWPCA).

In its Answer to the Complaint, Defendant has failed to properly answer 13 separate allegations of the complaint. Defendant has also pled Fourteen Affirmative Defenses; most of which fail to meet the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, or are infirm as a matter of law.  In order to save the time and expense of litigating issues which are not properly part of this action or are inadequately pled, they may be properly stricken.  *Heller Financial, Inc. v. Midwhey Powder Co., Inc.,* 883 F.2d 1286, 1294 (7th Cir. 1989).

I.      **Defendant's Answers to Paragraphs 5, 7, 15, 16, 18, 21, 23, 32, 41, 42, 52, 57 and 61 of the Complaint are Improper**

Rule 8 (b) requires that *all* allegations of a complaint be responded to. Fed.R.Civ.P. Rule 8 (b). *State Farm Mutual Automobile Insurance Co. v. Riley*, 199 F.R.D. 276, 278 (N.D. Ill, 2001).  When a defendant declines to respond to an allegation because it "states a legal conclusion" or because a document "speaks for itself," defendant fails to comply with the dictates of Rule 8. *Id.* at 278-279. In response to paragraphs 5, 7, 23, 32, 36, 41-42, 52, 57 and 61, Defendant asserts a "legal conclusion." In response to paragraphs 15-16, 18 and 21, Defendant claims the documents referenced therein "speaks for itself." Both these averments are "unacceptable device(s)" used by lawyers "who would prefer not to admit something…." *Id.* at 279.  They are improper and should be stricken.

II.     **Defendant's Affirmative Defenses 1-11 and 13-14 Are Improper**

Rule 12(f) of the Federal Rules of Civil Procedure allows a Court to "strike from a pleading an insufficient defense." Fed.R.Civ.P. Rule 12(f).  It is well-established that affirmative defenses are pleadings, and are subject to all pleading requirements of the Federal Rules of Civil

Procedure. *Heller Financial, Inc. v. Midwhey Powder Co., Inc.,* 883 F.2d 1286, 1294 (7th Cir. 1989); *Bobbitt v. Victorian House, Inc.,* 532 F. Supp. 734, 736-37 (N.D. Ill. 1982). The U.S. Supreme Court, and the Seventh Circuit, have recently emphasized that federal "notice pleading" requires the pleader to allege enough facts to state a claim that is plausible on its face. *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); *Limestone Dev't Corp. v. Village of Lemont,* 520 F.3d 797, 803 (7th Cir. 2008); *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC,* 499 F.3d 663, 667 (7th Cir. 2007). Under this standard, the pleading must provide sufficient detail to give fair notice of what the claim is and the grounds upon which it rests. *Airborne Beepers,* 499 F.3d at 667. Affirmative defenses that are simply "bare bones conclusory allegations" do not meet this standard and must be stricken. *Heller*, 883 F.3d at 1295.

Courts apply a three-part test in examining the sufficiency of affirmative defenses under Rule 12(f): (1) whether the matter is properly pled as an affirmative defense; (2) whether the affirmative defense complies with Federal Rules of Civil Procedure 8 and 9; and (3) whether the affirmative defense can withstand a Rule 12(b)(6) challenge. *Surface Shields, Inc. v. Poly-Tak Protection Systems, Inc.,* 213 F.R.D. 307, 308 (N.D. Ill. 2003)*; Rao v. Covansys Corp.,* 2007 U.S. Dist. LEXIS 3267 (N.D. Ill. Jan 17, 2007). For the reasons set forth as follows, the following defenses fail to meet one or more of these standards.

### A. Defendant's Affirmative Defenses Number 9, 10 and 11 Are Infirm as a Matter of Law.

**Affirmative Defense Number 9.** Affirmative Defense Number 9 alleges that Plaintiff and any putative class members have failed to mitigate their damages. This defense fails to state a viable claim because "mitigation" is not a defense to wage and hour violations under the FLSA

and Illinois law.  Courts have stricken similar defenses on this basis.  *See, e.g, Morrison v. Exec. Aircraft Refinishing, Inc.,* 434 F. Supp. 2d 1314, 1319 (S.D.FLA. 2005) (striking mitigation defense because "there is no requirement to mitigate overtime wages under the FLSA"); *Lopez v. Autoserve, L.L.C.,* 2005 U.S. Dist. LEXIS 29161 *5-6 (N.D.Ill. 11/17/05)(striking mitigation defense because there is no duty to mitigate under the FLSA and the IMWL).  For this reason, the defense should be stricken with prejudice–it is not properly part of this litigation, nor can it be re-plead.

**Affirmative Defenses Numbers 10 and 11–"Good Faith".**  Affirmative Defenses Numbers 10 and 11 allege defendant acted in "good faith."  These defenses are also insufficient as a matter of law. Under the FLSA, an employer found liable for unpaid overtime compensation must also pay an equal amount as liquidated damages. 29 U.S.C. § 216(b). The employer may avoid liability for liquidated damages only upon showing "that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act . . ." 29 U.S.C. § 260.  The employer bears the burden of proof to show it acted in good faith and on a reasonable basis such that liquidated damages are not appropriate.  *Walton v. United Consumers Club,* 786 F.2d 303, 310 (7th Cir. 1986)("Double damages are the norm, single damages the exception, the burden on the employer.") To meet this burden, defendant must allege which regulations, orders or rulings it relied upon to create its policies, and it must do so with specificity.  *King v. ITT Continental Baking Co.,* 1986 U.S. Dist. LEXIS 29321 at **1-3 (N.D.Ill. 2/13/1986)(granting summary judgment to plaintiff on "reliance" defense, thereby mooting Motion to Strike, where defendant failed to specify which order or ruling it relied upon*); Marchbanks v. Beelman River Terminals,*

2007 U.S. Dist. LEXIS 31618, *5 (S.D.Ill. 4/30/07)("good faith" defense stricken for failure to plead specific facts).

In Defenses Numbers 10 and 11, defendant has failed to plead the basis for its good faith defense with the necessary particularity under *Twombly*.  In particular, it has failed to identify which regulations, orders or other similar policy statements it relied upon to create the policies at issue in the Complaint.  The defenses contain only conclusory allegations of law, and should therefore be stricken, with leave to re-plead, if supporting facts are available.  *King,* 1986 U.S. Dist. LEXIS 29321 at **1-3.

**B.    Defendants Affirmative Defenses Numbers 1, 2, 5-7, 13 and 14 Should Be Stricken as "Bare Bones" and "Conclusory"**

**Affirmative Defenses Number 1, 5-6 and 13.**  Defense 1 claims that Plaintiff's complaint must fail because it fails to state a claim upon which relief may be granted. Defenses 5 and 6(failure to allege plaintiff engaged in compensable activities) and 13 (failure to state a cognizable class) claim essentially the same thing; that the complaint must fail because they fail to state a cognizable claim or cognizable class. Although there is some disagreement on the issue, numerous courts have found that this is not appropriately pled an affirmative defense.  *See, e.g., Home Depot U.S.A., Inc. v. UBM, Inc.,* 2007 U.S. Dist. LEXIS 12971 (N.D.Ill. 2007) (striking the affirmative defense of failure to state a claim because "the proper vehicle for a party to establish a failure to state a claim is a Rule 12(b)(6) motion rather than an affirmative defense"); *Surface Shields, Inc. v. Poly-Tak Protection Systems, Inc.,* 213 F.R.D. 307, 308 (N.D. Ill. 2003)(striking the "Failure to State a Claim" defense where "This type of allegation is not an affirmative defense which adds substance to the litigation; it is clutter.")

Alternatively, courts which have allowed the defense have required defendant to re-plead where it failed to state the necessary facts to support it. *See, Rao v. Covansys Corp.,* 2007 U.S. Dist. LEXIS 3267 (N.D. Ill. Jan 17, 2007)(While the affirmative defense of "failure to state a claim" is proper, defendant has not provided any of the minimal specifics required by Rule 8 to provide any notice as to why the complaint fails to state claims for which relief may be granted.)

For these reasons, these defenses should either be stricken, or alternatively, defendant should be ordered to re-plead and provide proper support for the basis of the claims.

**Affirmative Defense Number 2.**  This Defense alleges the complaint is barred by the applicable statute of limitations, which is a recognized affirmative defense. However, courts have found similar defenses, which are devoid of factual averments, as "bare bones" and not sufficiently pled under Rule 8. *Rao v. Covansys Corp.,* 2007 U.S. Dist. LEXIS 3267 at *11 (N.D. Ill. Jan 17, 2007); *Surface Shields, Inc. v. Poly-Tak Protection Systems, Inc.,* 213 F.R.D. 307, 308 (N.D. Ill. 2003).  Plaintiffs' complaint has set forth timely allegations, and this defense does not provide notice with respect to which claims defendant asserts are untimely, nor does it provide any other basis for the defense.  It should therefore be stricken with leave to replead additional particularity.

**Affirmative Defense Number 7.**  Defendant's Affirmative Defense Number 7 claims compensation is not required for the times alleged because it is *de minimus.* Defendant has failed to set forth any allegations which support this claim, and at least one District Court in the Seventh Circuit struck a practically identical defense as a "bare bones conclusory allegation."  *Lopez v. Autoserve, L.L.C.,* 2005 U.S. Dist. LEXIS 29161 *6 (N.D.Ill. 11/17/05)(striking defense which asserted ""Plaintiff's claims are de minimis and therefore his claims are not actionable" for failure to plead supporting facts).  Accordingly, the defense should be stricken, with leave to re-plead the

activities defendant contends are *de minimus*.

**Affirmative Defense Number 14.**  This Defense states that defendant reserves the right to amend its defenses upon further investigation.  This is simply a restatement of Rule 15 of the Federal Rules of Civil Procedure, is not a proper defense, and should therefore be stricken. *Surface Shields, Inc. v. Poly-Tak Protection Systems, Inc.,* 213 F.R.D. 307, 308 (N.D. Ill. 2003)(where defense fails to add substance the litigation, it is "clutter" and is properly stricken).

**C.     Defenses That Are Mere Denials Should be Stricken**

**Affirmative Defenses Numbers 3, 4, and 8**. An affirmative defense is something that "generally admits the matters in a complaint but suggests some other reason why there is no right of recovery." *Bobbit* at 736.  In other words, "it raises a matter outside the scope of plaintiff's prima facie case and is thus a matter not raised by a simple denial." *Id*.  A court may strike defenses which merely duplicate the defendant's denial of an averment. See, *Lincoln Diagnostics, Inc. v. Panatrax, Inc*. 2007 U.S. Dist LEXIS 50381*6 (C.D. Ill. 7/12/07); Bobbitt at 736 (a so-called affirmative defense that is surplusage, in that it merely raises matters already at issue under a denial, may be stricken)  Defenses Number 3 (defendant compensated plaintiff properly), Number 4 (defendant did not act willfully), and Number 8 (plaintiff is not a proper class representative) merely duplicate denials of plaintiff's averments, and therefore should be stricken as redundant.

## CONCLUSION

**WHEREFORE,** for the reasons set forth above, Plaintiffs respectfully request that their

Motion be granted.

Respectfully submitted,

/s/Colleen McLaughlin
One of Plaintiffs' Attorneys

Robin B. Potter, Esq.
ROBIN POTTER & ASSOCIATES, P.C.
111 E. Wacker Dr.
Suite 2600
Chicago, Illinois  60601
(312) 861-1800

Colleen McLaughlin, Esq.
Elissa J. Hobfoll, Esq.
LAW OFFICES OF COLLEEN M. MCLAUGHLIN
1751 South Naperville Road
Suite 209
Wheaton, Illinois  60563
(630) 221-0305